

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**November 15, 2016 12:57**

By: MARC E. DANN 0039425

Confirmation Nbr. 910463

RACHEL LIEBER

  vs.

WELLS FARGO BANK, NA

CV 16 871894

**Judge:**

JOHN D. SUTULA

**Pages Filed:** 34

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **RACHEL LIEBER,** individually, and on behalf of all others similarly situated, 2588 South Taylor Road Cleveland, OH 44118 | ) ) ) ) | CASE NO. <br><br> **CLASS ACTION COMPLAINT** |

**RACHEL LIEBER,** individually, and on )  CASE NO.
behalf of all others similarly situated,   )
2588 South Taylor Road                     )
Cleveland, OH 44118                        )  **CLASS ACTION COMPLAINT**
                                           )
    Plaintiffs,        )  **JURY DEMAND**
                                           )  **ENDORSED HEREON**
v.                                         )
                                           )
**WELLS FARGO BANK, NA,**                  )
c/o Tim Sloan, CEO
420 Montgomery Street
San Francisco, CA 94104

    Defendant.

Now comes Plaintiff RACHEL LIEBER ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through counsel, and for her Class Action Complaint against Defendant WELLS FARGO BANK, NA ("Wells Fargo" or "Defendant") states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Rachel Lieber is a natural person residing in Cuyahoga County, Ohio.

2.    Defendant is an incorporated business under the laws of the State of Delaware that maintains its principal place of business at 101 N. Phillips Ave., Sioux Falls, South Dakota 57104.

3.    Wells Fargo does business in the state of Ohio and is licensed to do business in the state of Ohio as a foreign corporation.

4.    This Court is a proper forum for these claims brought pursuant to the

1

Ohio Revised Code, and venue is proper in Cuyahoga County, Ohio because Defendant solicited business in Cuyahoga County, Ohio; Plaintiff is a resident of Cuyahoga County, Ohio; and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## THE REAL ESTATE SETTLEMENT PROCEDURES ACT AND REGULATION X

5.      The Real Estate Settlement Procedures Act ("RESPA")—12 U.S.C. §§ 2601, *et seq.*—permits a borrower (or an agent of a borrower) to submit a "qualified written request" for information relative to a "federally related mortgage loan" to any servicer of such a loan.[1]  12 U.S.C. § 2605(e)(1).

6.      RESPA provides that "not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request… the servicer shall…provide the borrower with a written explanation or clarification that includes" the "information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower."  12 U.S.C. § 2605(e)(2); 12 U.S.C. § 2605(e)(2)(C); 12 U.S.C. § 2605(e)(2)(C)(i)-(ii).

7.      In January 2013, the Consumer Finance Protection Bureau ("CFPB") issued a number of final rules concerning mortgage markets in the United States,

---

[1] Hereinafter, these qualified written requests shall be referred to as Requests for Information, or "RFIs."

2

pursuant to the authority granted by the Dodd-Frank Wall Street Reform and Consumer Protection Act—Public Law No. 111-203, 124 Stat. 1376 (2010)—which amended RESPA.

8.     The CFPB's RESPA Mortgage Servicing Final Rules—known as "Regulation X" and codified as 12 CFR § 102—were issued on January 17, 2013, and became effective on January 10, 2014.

9.     Through Regulation X, the CFPB has provided guidance for the interpretation of the foregoing RESPA provisions.

10.     Specifically, relative to RFIs, Regulation X provides that "a servicer shall comply with the requirements of this section for any written request for information from a borrower that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and states the information the borrower is requesting with respect to the borrower's mortgage loan." 12 CFR § 1024.36(a).

11.     12 CFR § 1024.36(d)(1) provides that a servicer must respond to a RFI by either "[p]roviding the borrower with the requested information and contact information, including a telephone number, for further assistance in writing" or "[c]onducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance."

3

12.     Notwithstanding the above, Regulation X provides for certain exceptions to servicers' obligations to respond to RFIs.  Specifically, 12 CFR § 1024.36(f)(1) provides that a servicer does not have to comply with 12 CFR § 1024.36(d) if the request seeks substantially the same information as a prior request, the information sought is confidential, proprietary, or privileged, the information is not directly related to the borrower's specific mortgage loan account, or the request is overbroad or unduly burdensome.

13.     If a servicer determines that it is exempted from responding to an RFI, pursuant to 12 CFR § 1024.36(f)(1), Regulation X requires the servicer to "notify the borrower of its determination in writing not later than five days (excluding legal public holidays, Saturdays, and Sundays) after making such determination," setting forth the specific "basis under paragraph (f)(1) of this section upon which the servicer has made such determination."  12 CFR § 1024.36(f)(2).

## STATEMENT OF FACTS

14.     Wells Fargo is a mortgage "servicer" as that term is defined by 12 CFR § 1024.2(b) and 12 U.S.C. § 2605(i)(2). Wells Fargo is the current servicer of Plaintiff's and Class members' notes, and mortgages on real property that secure those notes (collectively referred to hereinafter as the "loans").

15.     Plaintiff's and Class members' loans are each a "federally related mortgage loan" as said term is defined by RESPA and Regulation X.  12 U.S.C. § 2602(1); 12 CFR § 1024.2(b).

16.     As such, Wells Fargo is subject to the requirements of RESPA and

4

Regulation X, and does not qualify for the exception for "small servicers"—as defined by 12 CFR § 1026.41(e)(4)—nor for the exemption for a "qualified lender"—as defined by 12 CFR § 617.700.

17.     Plaintiff and Class members submitted RFIs to Wells Fargo, which were "qualified written requests," as that term is defined by 12 U.S.C. § 2605(e)(1)(B).

18.     In response to Plaintiff's and Class members' RFIs, Wells Fargo replied with form letters claiming an "active litigation" exception to its obligations, and only provided information about Plaintiff's and Class members' foreclosure cases. Plaintiff and Class members did not request this information as it is largely irrelevant and non-responsive to their RFIs.

19.     Although 12 CFR § 1024.36(f)(1) sets forth certain exceptions to Wells Fargo's requirement to respond to Plaintiff's and Class members' RFIs, there is no "active litigation" exception to Wells Fargo's obligation to respond to RFIs under RESPA and Regulation X.

20.     As such, Wells Fargo failed to provide adequate responses to Plaintiff's and Class members' RFIs. Specifically, Wells Fargo has not provided any of the requested materials concerning specific information related to the Plaintiff's and Class members' loans, as required by 12 CFR § 1024.36 and 12 U.S.C. § 2605(e)(2)(C)(i).

21.     Accordingly, Plaintiff and Class members sent Notices of Error ("NOEs")—submitted pursuant to 12 U.S.C. § 2605(e)(1) and 12 CFR §

5

1024.35(b)(11)—to Wells Fargo concerning Wells Fargo's insufficient responses to Plaintiff's and Class members' RFIs.

22.     Had Wells Fargo adequately responded to Plaintiff's and Class members' RFIs, Plaintiff and Class members would not have needed to send NOEs regarding Wells Fargo's erroneous assertion of an "active litigation" exception to its obligations under RESPA and Regulation X.  As such, Plaintiff and Class members were harmed by Wells Fargo's failure to adequately respond to their RFIs because it required them to incur the expenses associated with sending NOEs, such as their time, postage, etc.

23.     As a majority of home owners sending RFIs are involved in defending against foreclosure, accepting this kind of conduct would allow creditors to hide behind the foreclosure process to unlawfully extinguish their RESPA and Regulation X obligations.

24.     Plaintiff and Class members are asserting claims for relief against Wells Fargo for breach of the duties owed to them, pursuant to 12 U.S.C. § 2605(e) and 12 CFR § 1024.36.

25.     Plaintiff and Class members have a private right of action, pursuant to 12 U.S.C. § 2605(f), for the claimed breaches, and RESPA provides for remedies including actual damages, costs, statutory damages, and attorneys' fees.

## FACTS RELEVANT TO PLAINTIFF

26.     On June 23, 2015, Plaintiff, by and through counsel, sent two (2) RFIs to Wells Fargo via Certified Mail (*See*, RFIs sent from Plaintiff to Wells Fargo, attached hereto as Exhibits A and B).

6

27. On July 9, 2015, Wells Fargo responded ("Response") to Plaintiff's RFIs stating that Wells Fargo would not be providing the information requested by Plaintiff's RFIs because her account was in "active litigation," and that Plaintiff's RFIs were forwarded to Wells Fargo's litigation counsel to review. (*See*, Wells Fargo's Response to Plaintiff's RFIs, attached hereto as Exhibit C).

28. Since Plaintiff did not receive the information requested by her RFIs, Plaintiff, by and through counsel, sent an NOE to Wells Fargo on July 17, 2015. (*See*, NOE sent from Plaintiff to Wells Fargo, attached hereto as Exhibit D).

29. To date, neither Wells Fargo, nor counsel for Wells Fargo, has provided any other follow-up to Plaintiff's RFIs.

30. Had Wells Fargo adequately responded to Plaintiff's RFIs, Plaintiff would not have needed to send her NOE to Wells Fargo. As such, Plaintiff was harmed by Wells Fargo's failure to adequately respond to her RFIs because it required her to incur additional costs—such as postage and attorneys' fees—relative to sending her NOE.

## CLASS ACTION ALLEGATIONS

31. **Class Definition**: Plaintiff brings this action pursuant to Ohio Rule of Civil Procedure 23 on behalf of a class of similarly situated individuals and entities (the "Class"), defined as follows:

> All Ohio loan borrowers (1) who submitted to Wells Fargo a "qualified written request," as defined by 12 U.S.C. § 2605(e)(1)(B), in the form of a Request for Information, (2) to whom Wells Fargo refused to provide information because of a cited "active litigation" exception, and (3)

7

who submitted to Wells Fargo a second "qualified written request," as defined by 12 U.S.C. § 2605(e)(1)(B), in the form of a Notice of Error related to Wells Fargo's assertion of an "active litigation" exception.

32.     **Numerosity**: Upon information and belief, the Class is comprised of more than 40 members.  This conclusion is reasonable because Wells Fargo is one of the largest mortgage providers in the country, which, as of 2012, held approximately thirty percent (30%) of the market share for mortgages in the United States, and Wells Fargo sent form letters asserting an "active litigation" exception to Plaintiff and Class members.  The Class is so numerous that joinder of all members is impractical.  The exact number of members in the Class is presently unknown, can only be ascertained through discovery, and can easily be identified through Defendant's records or by other means.

33.     **Commonality and Predominance:** All members of the Class have been subject to and affected by a uniform course of conduct: specifically, Wells Fargo refusing to provide information in response to RFIs by claiming an "active litigation" exception. There are questions of law and fact common to the proposed classes that predominate over any individual questions.

34.     **Typicality:** Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members were denied information to which they were entitled because Defendant unlawfully refused to produce information due to an erroneous "active litigation" exception, and Plaintiff and Class members incurred damages as a result.

35.     **Adequacy:** Plaintiff will adequately represent the interests of the Class

8

and does not have adverse interests to the Class. If individual Class members prosecuted separate actions it may create a risk of inconsistent or varying judgments that would establish incompatible standards of conduct. A class action is the superior method for the quick and efficient adjudication of this controversy. Plaintiff's counsel has extensive experience litigating consumer class actions.

**COUNT ONE:**
**VIOLATIONS OF 12 U.S.C. § 2605 AND 12 CFR § 1024.36**
**(on behalf Plaintiff and the Class)**

36.     Plaintiff repeats and re-alleges paragraphs 1-35, with the same force and effect as though full set forth herein.

37.     Plaintiff and Class members submitted RFIs to Wells Fargo, which were "qualified written requests," as that term is defined by 12 U.S.C. § 2605(e)(1)(B).  (*See*, Exhibits A and B).

38.     Plaintiff's and Class members' RFIs requested specific information related to their loans, pursuant to 12 CFR § 1024.36.

39.     Wells Fargo failed to provide adequate responses to Plaintiff's and Class members' RFIs. Specifically, Wells Fargo has not provided any of the requested materials concerning specific information related to the Plaintiff's and Class members' loans, as required by 12 CFR § 1024.36 and 12 U.S.C. § 2605(e)(2)(C)(i), but instead replied with form letters claiming an "active litigation" exception to its obligations.  (*See*, Exhibit C).

40.     12 CFR § 1024.36(f) did, and does, not permit Wells Fargo to assert an "active litigation" exception to responding to  the requests contained in Plaintiff's and Class members' RFIs.

9

41.     Wells Fargo's actions, in failing to fully respond to Plaintiff's and Class members' RFIs in compliance with 12 U.S.C. § 2605(e)(2)(C)(i) and 12 CFR § 1024.36(d) or, alternatively, to state the reason under 12 U.S.C. § 2605(e)(2)(C)(i) and 12 CFR §1024.36(f)(1), pursuant to which Wells Fargo determined it did not need to comply with 12 U.S.C. § 2605(e)(2)(C)(i) and 12 CFR § 1024.36(d), constitute clear violations of the requirements of 12 U.S.C. § 2605(e)(2)(C)(i), as interpreted by 12 CFR § 1024.36.

42.     As a result of Wells Fargo's assertion of an erroneous "active litigation" exception to its obligations under RESPA and Regulation X, Plaintiff and Class members were required to send additional "qualified written requests," as that term is defined by 12 U.S.C. § 2605(e)(1)(B), in the form of NOEs.  (*See*, Exhibit D).

43.     Had Wells Fargo adequately responded to Plaintiff's and Class members' RFIs, Plaintiff and Class members would not have needed to send NOEs regarding Wells Fargo's erroneous assertion of an "active litigation" exception to its obligations under RESPA and Regulation X.

44.     Plaintiff and Class members were harmed by Wells Fargo's failure to adequately respond to their RFIs because it required them to incur the time and expenses associated with sending NOEs.

45.     Wells Fargo is hiding behind a baseless "active litigation" exception in order to ignore its legal obligations to respond to Plaintiff's and Class members RFIs.

46.     Wells Fargo's actions are believed to be the continuation of a pattern

Electronically Filed 11/15/2016 12:57 / / CV 16 871894 / Confirmation Nbr. 910463 / CLKMG

and practice of behavior in conscious disregard of the Plaintiff's and Class members' rights.

47.    As a result of Wells Fargo's actions, Wells Fargo is liable to Plaintiff and Class members for actual damages, statutory damages, costs, and attorney fees. 12 U.S.C. § 2605(f)(2)-(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RACHEL LIEBER, individually, and on behalf of the Class, prays for an Order as follows:

A.    Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class defined herein;

B.    Designating Plaintiff as representative of the Class and her undersigned counsel as Class Counsel;

C.    Entering judgment in favor of Plaintiff and the Class and against Defendant;

D.    Awarding Plaintiff and the Class their actual damages, statutory damages as allowed under RESPA, and punitive damages;

E.    Awarding Plaintiff and the Class attorneys' fees and costs, including interest thereon, as allowed or required by law; and

F.    Granting all such further and other relief as this Court deems just and appropriate.

Respectfully submitted,

/s/ Marc E. Dann
Marc E. Dann (0039425)
Brian D. Flick (0081605)
THE DANN LAW FIRM
P.O. Box 6031040
Cleveland, OH  44103
(216) 373-0539 telephone
(216) 373-0536 facsimile
*notices@dannlaw.com*

11

Thomas A. Zimmerman, Jr.
*tom@attorneyzim.com*
Matthew C. De Re
*matt@attorneyzim.com*
Maebetty Kirby
*maebetty@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com
*(Pro Hac Vice to be applied for)*

Counsel for the Plaintiff and Class

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/ Marc E. Dann
Marc E. Dann (0039425)
Brian D. Flick (0081605)
THE DANN LAW FIRM

12

# THE DANN LAW FIRM CO., LPA

## LAW OFFICE

June 23, 2015                                      EXHIBIT "A"

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306-0335

*Sent via Certified Mail return receipt requested [7014 2870 0000 6446 6450]*

**In the Matter of:**

| | |
|---|---|
| Borrower's Name: | Rachel Lieber |
| Property Address: | 2588 South Taylor Road |
| | Cleveland Heights, OH 44118 |
| Mortgage Account No.: | 0056125537 |

**Re: Request for Information Pursuant to 12 C.F.R. § 1024.36 and 15 U.S.C. § 1641(f)(2)**

Dear Sir or Madam:

This is a Request for Information related to your servicing of the mortgage loan of the above-named borrower. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority of the above-referenced borrower for this Request to our law firm is enclosed herewith and incorporated herein by reference.

Pursuant to 12 C.F.R. § 1024.36(d), you must respond to this Request no later than *ten (10) days* (excluding legal public holidays, Saturdays and Sundays) after your receipt of the same.

Please provide the following information within the time periods noted herein:

1. The identity of and address for the current owner of the above-referenced mortgage loan.
2. The identity of and address for the master servicer of the above-referenced mortgage loan.
3. The identity of and address for the current servicer of the above-referenced mortgage loan.

*P.O. Box 6031040*
*Cleveland, OH 44103*
*Telephone: (216)373-0539*
*Facsimile: (216)373-0536*



THE DANN LAW FIRM

**Exhibit A**

Electronically Filed 11/15/2016 12:57 / / CV 16 871894 / Confirmation Nbr. 910463 / CLKMG

*June 23, 2015*
*Page 2: Request for Information (TILA) for Lieber*

Please be advised this request is also being made under 12 U.S.C. § 1641(f)(2) of the Truth in Lending Act (TILA).  For each violation of TILA, you may be liable to the borrowers for actual damages, costs, attorney fees, and statutory damages of up to $4,000.00.

Best Regards,

Paul B. Bellamy

Enclosure

cc: jec@manleydeas.com



THE DANN LAW FIRM

In the Matter of:

Borrower(s): *Rachel Lieber*

Property Address: *2588 S Taylor Rd. Cleveland Hts, OH 44118*

Mortgage Loan No.: *00 5612-5537*

     Re:  Written Consent/Authorization for Requests for Information and Notices of Error

To whom it may concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for

*WELLS FARGO* , the Servicer of the above-

referenced loan, to fully cooperate with, comply with, and provide any and all information

requested or demanded by and through any and all Requests for Information and/or Notices of

Error pertaining to our loan, pursuant to the Real Estate Settlement and Procedures Act

(Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be sent by Attorneys

Marc E. Dann, Grace M. Doberdruk, Daniel M. Solar, Paul Bellamy, Bill Behrens, Rusty Payton

and Jeffrey Long of The Dann Law Firm Co., LPA on our behalf.  Said counsel represents us in

any and all pending or contemplated legal matters concerning the above-referenced loan.  Please

respond to any and all such Requests and Notices at the following address:

     The Dann Law Firm Co., LPA
     P.O. Box 6031040
     Cleveland, OH 44103

Signed: _____     Date: *6/5/14*

Print Name: *Rachel Lieber*

Signed: _____     Date: _____

Print Name: _____

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To

Street & Apt. No., or PO Box No.

City, State, ZIP+4

PS Form 3800, July 2014          See Reverse for Instructions

**CERTIFIED MAIL**

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7014 2870 0000 6446 6450

# THE DANN LAW FIRM CO., LPA

### LAW OFFICE

June 23, 2015

**EXHIBIT "B"**

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306-0335

*\*Sent via Certified Mail return receipt requested [7014 2870 0000 6446 6467]*

**In the Matter of:**

| | |
|---|---|
| Borrower's Name: | Rachel Lieber |
| Property Address: | 2588 South Taylor Road |
| | Cleveland Heights, OH 44118 |
| Mortgage Account No.: | 0056125537 |

**Re: Request for Information Pursuant to 12 C.F.R. § 1024.36**

Dear Sir or Madam:

This is a Request for Information related to your servicing of the above-referenced mortgage loan. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority of the above-referenced borrower for this request to our law firm is enclosed herewith and incorporated herein by this reference.

Pursuant to 12 C.F.R. § 1024.36(c), *within five (5) days* (excluding legal public holidays, Saturdays and Sundays) of your receipt of this request, you must provide our office with a written response acknowledging such receipt.

Moreover, pursuant to 12 C.F.R. § 1024.36(d)(ii)(2)(B), you must provide the information requested herein, *infra*, *within thirty (30) days* (excluding legal public holidays, Saturdays and Sundays) after your receipt of this request.

Please provide the following information within the time periods noted herein:

1. An exact reproduction of the life of loan mortgage transactional history for this loan on the system of record used by the servicer. For purposes of identification, the life of loan transactional history means any software program or system by which the servicer records the current mortgage balance, the receipt of all payments, the assessment of any late fees or charges,

---

*P.O. Box 6031040*
*Cleveland, OH 44103*
*Telephone: (216)373-0539*
*Facsimile: (216)373-0536*



THE DANN LAW FIRM

**Exhibit B**

and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, broker price opinion fees, legal fees, escrow fees, processing fees, technology fees, or any other collateral charge. Also, to the extent this life of loan transactional history includes in numeric or alpha-numeric codes, please attach a complete list of all such codes and state in plain English a short description for each such code.

2. Copies of any and all servicing notes related to your servicing of the above-referenced mortgage loan.

3. Copies of all broker price opinions for the above-referenced mortgage loan.

4. The physical location of the original note related to the above-referenced mortgage loan.

5. A true and accurate copy of the original note related to the above-referenced mortgage loan.

6. The identity, address, and other relevant contact information for the custodian of the collateral file containing the original collateral documents for the above-referenced mortgage loan, including, but not limited to the original note.

7. A detailed copy of your last two (2) analyses of the escrow account of the mortgage.

8. A copy of an accurate payoff statement for the mortgage.

Best Regards,

Paul B. Bellamy

Enclosure

cc: jec@manleydeas.com



In the Matter of:

Borrower(s): *Rachel Lieber*

Property Address: *2588 S Taylor Rd. Cleveland Hts, OH 44118*

Mortgage Loan No.: *00 5612-5537*

Re:  Written Consent/Authorization for Requests for Information and Notices of Error

To whom it may concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for

*Wells Fargo*, the Servicer of the above-referenced loan, to fully cooperate with, comply with, and provide any and all information requested or demanded by and through any and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be sent by Attorneys Marc E. Dann, Grace M. Doberdruk, Daniel M. Solar, Paul Bellamy, Bill Behrens, Rusty Payton and Jeffrey Long of The Dann Law Firm Co., LPA on our behalf.  Said counsel represents us in any and all pending or contemplated legal matters concerning the above-referenced loan.  Please respond to any and all such Requests and Notices at the following address:

> The Dann Law Firm Co., LPA
> P.O. Box 6031040
> Cleveland, OH 44103

Signed: _____  Date: *6/5/14*

Print Name: *Rachel Lieber*

Signed: _____  Date: _____

Print Name: _____





Wells Fargo
P.O. Box 10335
Des Moines, IA 50306-0335

July 9, 2015

# EXHIBIT "C"

Paul B. Bellamy
The Dann Law Firm
P.O. Box 6031040
Cleveland, OH 44103

Subject: Resolution to the inquiry received regarding account number 0056125537 for customer Rachel Lieber

Dear Mr. Paul B. Bellamy:

We received an inquiry on June 24, 2015, however, the account is in active litigation. Here is the litigation information for your reference:

- Court: Cuyahoga County Court
- County: Cuyahoga County, Ohio
- Case Number: CV-14-820265
- Date of Filing: June 05, 2014
- Case Name: Affirmative Defenses

We won't be providing a response to your inquiry because the issues raised are the same or very closely related to the issues raised in the pending litigation. We've forwarded your inquiry to our litigation counsel to review during the pending litigation.

**Going forward**

If you have any questions about the information in this letter, please contact me directly at 1-800-853-8516, extension 44202. I am available to assist you Monday through Friday, 8:00 a.m. to 5:00 p.m. Central Time. If you require immediate assistance and I am unavailable, other representatives are available to assist you at 1-800-853-8516, Monday through Friday, 7:00 a.m. to 7:00 p.m. Central Time.

Sincerely,

Timothy Bolten
Executive Mortgage Specialist
Customer Care and Recovery Group

Wells Fargo is required by the Fair Debt Collection Practices Act to inform you that, as the loan servicer, we are attempting to collect a debt, and any information obtained will be used for that purpose. However, if the borrower has received a discharge from bankruptcy, and the loan was not reaffirmed in the bankruptcy case, Wells Fargo will only exercise its rights against the property and is not attempting any act to collect the discharged debt from the borrower personally.

With respect to those loans located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact the borrower before 8 a.m. or after 9 p.m. They may not harass the borrower by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call the borrower at work if they know or have reason to know that they may not receive personal calls at work. For the most part, collectors may not tell another person, other than the attorney or borrower's spouse, about the debt. Collectors may contact another person to confirm the borrower's location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

EX003/DZK/co1426612/ge3917187/cl708

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801 **Exhibit C**



WELLS FARGO HOME MORTGAGE

Wells Fargo Home Mortgage
MAC X2302-02J 36566
1 Home Campus
Des Moines, IA 50328-0001

Paul B. Bellamy
The Dann Law Firm
P.O. Box 6031040
Cleveland, OH 44103

Subject: Resolution to the inquiry received regarding accou

FFV-05B 44103



PRESORTED
FIRST CLASS





UNITED STATES POSTAGE
$ 00.391
0004273346    JUL 10 2015
02 1M
MAILED FROM ZIP CODE 50309

# THE DANN LAW FIRM CO., LPA

### LAW OFFICE

July 17, 2015                                      EXHIBIT "D"

Wells Fargo Home Mortgage
Attn: Notice of Error & Request for Information
P.O. Box 10335
Des Moines, IA 50306-0335

*\*Sent via Certified Mail return receipt requested [7014 2870 0000 6446 3497]*

**In the Matter of:**

    Borrower's Name:    Rachel Lieber
    Property Address:    2588 South Taylor Road
                       Cleveland Heights, OH 44118
    Mortgage Account No.:    0056125537

**Re: Notice of Errors pursuant to 12 C.F.R. §1024.35(b)(11) for failure to properly respond to Requests for Information in compliance with 12 C.F.R. §1024.36(d)**

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 C.F.R. § 1024.35 of Regulation X of the Mortgage Servicing Act under the Real Estate Settlement Procedures Act (RESPA), which became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding mortgage loan servicing.

You must acknowledge receipt of this notice ***within five (5) days*** thereof, excluding legal public holidays, Saturdays and Sundays.

You must advise us of your response to this notice ***within thirty (30) days*** of receipt thereof, excluding legal public holidays, Saturdays and Sundays.

The written authority of the above-referenced borrower (the "Borrower") for this notice to my law firm is enclosed herewith and incorporated herein by this reference.

Pursuant to 12 C.F.R. § 1024.35(b)(11), the term "error" refers to any error, not otherwise specified in 12 C.F.R. § 1024.35(b), committed in regards to the servicing of the consumer's mortgage loan. Servicing is defined in 12 C.F.R. § 1024.2.

*P.O. Box 6031040*
*Cleveland, OH  44103*
*Telephone: (216)373-0539*
*Facsimile: (216)373-0536*


THE DANN LAW FIRM

**Exhibit D**

*July 17, 2015*
*Page 2: Notice of Error for Failure to Respond to TILA RFI and RESPA RFI (Lieber)*

On or about June 23, 2015, the Borrower sent a letter captioned "Request for Information Pursuant to 12 C.F.R. § 1024.36 and 15 U.S.C. § 1641(f)(2)" ("RFI #1") to Wells Fargo Home Mortgage ("Wells") via Certified U.S. Mail [Receipt No. 7014 2870 0000 6446 6450]. A copy of RFI #1 is enclosed for your reference and review.

RFI #1 constituted a request that is governed by 12 C.F.R. § 1024.36(d)(2)(i)(A) as RFI #1 requested:

1. The identity of and address for the current owner of the above-referenced mortgage loan.
2. The identity of and address for the master servicer of the above-referenced mortgage loan.
3. The identity of and address for the current servicer of the above-referenced mortgage loan.

Wells received RFI #1 on June 29, 2015. A copy of the return receipt for the RFI is enclosed for your reference and review.

On or about June 23, 2015, the Borrower sent a letter captioned "Request for Information Pursuant to 12 C.F.R. § 1024.36" ("RFI #2") to Wells via Certified U.S. Mail [Receipt No.: 7014 2870 0000 6446 6467]. A copy of the RFI #2 is enclosed for your reference and review.

The RFI requested the following information and/or documents:

1. An exact reproduction of the life of loan mortgage transactional history for this loan on the system of record used by the servicer. For purposes of identification, the life of loan transactional history means any software program or system by which the servicer records the current mortgage balance, the receipt of all payments, the assessment of any late fees or charges, and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, broker price opinion fees, legal fees, escrow fees, processing fees, technology fees, or any other collateral charge. Also, to the extent this life of loan transactional history includes in numeric or alpha-numeric codes, please attach a complete list of all such codes and state in plain English a short description for each such code.

2. Copies of any and all servicing notes related to your servicing of the above-referenced mortgage loan.

3. Copies of all broker price opinions for the above-referenced mortgage loan.

4. The physical location of the original note related to the above-referenced mortgage loan.



THE DANN LAW FIRM

*July 17, 2015*
*Page 3: Notice of Error for Failure to Respond to TILA RFI and RESPA RFI (Lieber)*

5. A true and accurate copy of the original note related to the above-referenced mortgage loan.

6. The identity, address, and other relevant contact information for the custodian of the collateral file containing the original collateral documents for the above-referenced mortgage loan, including, but not limited to the original note.

7. A detailed copy of your last two (2) analyses of the escrow account of the mortgage.

8. A copy of an accurate payoff statement for the mortgage.

Ocwen received the RFI #2 on June 29, 2015. A copy of the tracking information from www.usps.com for RFI #2 is enclosed for your reference and review.

On or about July 9, 2015, Wells sent correspondence stating that "the account is in active litigation" and "[Wells] won't be providing a response to [the Borrower's] inquiry because the issues raised are the same or very closely related to the issues raised in the pending litigation" (the "Response"). A copy of the Response is enclosed for your reference and review. It is clear that Wells has not and will not provide any response to RFI #1 or RFI #2.

12 C.F.R. §1024.36(d) provides:

> (1) *Investigation and response requirements.*
>   (i) Except as provided in paragraphs (e) and (f) of this section, a servicer must respond to an information request by either:
>     (A) Providing the borrower with the requested information and contact information, including a telephone number, for further assistance in writing; or
>     (B) Conducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance.
>   (ii) *Extension of time limit.* For requests for information governed by the time limit set forth in paragraph (d)(2)(i)(B) of this section, a servicer may extend the time period for responding by an additional 15 days (excluding legal public holidays, Saturdays, and Sundays) if, before the end of the 30-day period, the servicer notifies the borrower of the extension and the reasons for the extension in writing. A servicer may not extend the time period for requests for information governed by paragraph (d)(2)(i)(A) of this section.



THE DANN LAW FIRM

(2) *Time Limits.*
    (i) *In general.* A servicer must comply with the requirements of paragraph (d)(1) of this section:
        (A) Not later than 10 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives an information request for the identity of, and address or other relevant contact information for, the owner or assignee of a mortgage loan.
        (B) For all other requests for information, not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the information request.

The fact that the mortgage loan account is involved in active litigation does not excuse Wells from their obligations to respond to RFI #1 and RFI #2 pursuant to 12 C.F.R. §1024.36(d). 12 C.F.R. § 1024.35(f) provides for the ***limited circumstances*** wherein Wells would not have to comply with 12 C.F.R. §1024.36(d). Specifically, a servicer does not have to comply with the requirements of 12 C.F.R. §1024.36(d) if the requests: (1) are duplicative of a prior request; (2) seek confidential, proprietary, or privileged information; (3) seek irrelevant information; or, (4) are overbroad or unduly burdensome. There is **_no_** active litigation exception to 12 C.F.R. § 1024.36(d).

As such, Wells's actions in refusing to respond to RFI #1 and RFI #2, respectively, each constitute a clear, separate, and distinct violation of 12 C.F.R. §1024.36(d). Wells's actions in committing each of these violations of 12 C.F.R. § 1024.36(d) each constitute a clear, distinct, and separate error in the servicing of the Borrower's mortgage loan account pursuant to 12 C.F.R § 1024.35(b)(11).

Based upon the foregoing, we calculate that Wells has committed no less than ***two (2) errors*** in the servicing of the Borrower's mortgage loan.

Accordingly, please correct these errors by providing the information requested by and through RFI #1 and RFI #2. Furthermore, state the effective date of such corrections and provide contact information for further assistance. In the alternative, after conducting a reasonable investigation and providing the Borrower, **through our firm**, with a notification that includes a statement that the servicer has determined that no such errors occurred, a statement of the reason(s) for such a determination, a statement of the Borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the Borrower can request such documents, and contact information for further assistance.

Best Regards,

Paul B. Bellamy

Enclosures
cc: jec@manleydeas.com

**THE DANN LAW FIRM**

In the Matter of:

Borrower(s): *Rachel Lieber*

Property Address: *2589 S Taylor Rd. Cleveland Hts, OH 44118*

Mortgage Loan No.: *00 5612 5537*

Re: Written Consent/Authorization for Requests for Information and Notices of Error

To whom it may concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for *Wells Fargo* , the Servicer of the above-referenced loan, to fully cooperate with, comply with, and provide any and all information requested or demanded by and through any and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be sent by Attorneys Marc E. Dann, Grace M. Doberdruk, Daniel M. Solar, Paul Bellamy, Bill Behrens, Rusty Payton and Jeffrey Long of The Dann Law Firm Co., LPA on our behalf. Said counsel represents us in any and all pending or contemplated legal matters concerning the above-referenced loan. Please respond to any and all such Requests and Notices at the following address:

> The Dann Law Firm Co., LPA
> P.O. Box 6031040
> Cleveland, OH 44103

Signed: *[signature]*                    Date: *6/5/14*

Print Name: *Rachel Lieber*

Signed: _____          Date: _____

Print Name: _____

# THE DANN LAW FIRM CO., LPA

### LAW OFFICE

June 23, 2015

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306-0335

*Sent via Certified Mail return receipt requested [7014 2870 0000 6446 6450]*

**In the Matter of:**

      Borrower's Name:     Rachel Lieber
      Property Address:     2588 South Taylor Road
                             Cleveland Heights, OH 44118
      Mortgage Account No.: 0056125537

### Re: Request for Information Pursuant to 12 C.F.R. § 1024.36 and 15 U.S.C. § 1641(f)(2)

Dear Sir or Madam:

This is a Request for Information related to your servicing of the mortgage loan of the above-named borrower. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority of the above-referenced borrower for this Request to our law firm is enclosed herewith and incorporated herein by reference.

Pursuant to 12 C.F.R. § 1024.36(d), you must respond to this Request no later than *ten (10) days* (excluding legal public holidays, Saturdays and Sundays) after your receipt of the same.

Please provide the following information within the time periods noted herein:

1. The identity of and address for the current owner of the above-referenced mortgage loan.
2. The identity of and address for the master servicer of the above-referenced mortgage loan.
3. The identity of and address for the current servicer of the above-referenced mortgage loan.

*P.O. Box 6031040*
*Cleveland, OH 44103*
*Telephone: (216)373-0539*
*Facsimile: (216)373-0536*

# THE DANN LAW FIRM

*June 23, 2015*
*Page 2: Request for Information (TILA) for Lieber*

Please be advised this request is also being made under 12 U.S.C. § 1641(f)(2) of the Truth in
Lending Act (TILA).  For each violation of TILA, you may be liable to the borrowers for actual
damages, costs, attorney fees, and statutory damages of up to $4,000.00.


Best Regards,


Paul B. Bellamy

Enclosure

cc: jec@manleydeas.com



THE DANN LAW FIRM

7/2/2015                                   USPS.com® - USPS Tracking™

English        Customer Service      USPS Mobile                                    Register / Sign In

**≡USPS.COM**

## USPS Tracking™


Customer Service ›
Have questions? We're here to help.


Get Easy Tracking Updates ›
Sign up for My USPS.

---

Tracking Number: 70142870000064466450

Updated Delivery Day: Monday, June 29, 2015

## Product & Tracking Information

Postal Product:          Features:
                         Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **June 29, 2015 , 4:26 am** | **Delivered** | **DES MOINES, IA 50306** |

Your item was delivered at 4:26 am on June 29, 2015 in DES MOINES, IA 50306.

| | | |
|---|---|---|
| June 29, 2015 , 3:55 am | Arrived at Unit | DES MOINES, IA 50318 |
| June 28, 2015 , 12:55 am | Departed USPS Facility | DES MOINES, IA 50318 |
| June 27, 2015 , 11:14 am | Arrived at USPS Facility | DES MOINES, IA 50318 |
| June 25, 2015 , 10:26 pm | Departed USPS Facility | CLEVELAND, OH 44101 |
| June 25, 2015 , 6:47 pm | Arrived at USPS Facility | CLEVELAND, OH 44101 |

### Available Actions

Text Updates

Email Updates

---

## Track Another Package

Tracking (or receipt) number

[                                    ]          Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS ›**



---

**HELPFUL LINKS**
Contact Us
Site Index
FAQs

**ON ABOUT.USPS.COM**
About USPS Home
Newsroom
USPS Service Updates
Forms & Publications
Government Services
Careers

**OTHER USPS SITES**
Business Customer Gateway
Postal Inspectors
Inspector General
Postal Explorer
National Postal Museum
Resources for Developers

**LEGAL INFORMATION**
Privacy Policy
Terms of Use
FOIA
No FEAR Act EEO Data

Copyright © 2015 USPS. All Rights Reserved.

https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=7014%202870%200000%206446%206450                    1/2

# THE DANN LAW FIRM CO., LPA

### LAW OFFICE

June 23, 2015

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306-0335

*\*Sent via Certified Mail return receipt requested [7014 2870 0000 6446 6467]*

**In the Matter of:**

|  |  |
|---|---|
| Borrower's Name: | Rachel Lieber |
| Property Address: | 2588 South Taylor Road |
|  | Cleveland Heights, OH 44118 |
| Mortgage Account No.: | 0056125537 |

**Re: Request for Information Pursuant to 12 C.F.R. § 1024.36**

Dear Sir or Madam:

This is a Request for Information related to your servicing of the above-referenced mortgage loan. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority of the above-referenced borrower for this request to our law firm is enclosed herewith and incorporated herein by this reference.

Pursuant to 12 C.F.R. § 1024.36(c), *within five (5) days* (excluding legal public holidays, Saturdays and Sundays) of your receipt of this request, you must provide our office with a written response acknowledging such receipt.

Moreover, pursuant to 12 C.F.R. § 1024.36(d)(ii)(2)(B), you must provide the information requested herein, *infra*, *within thirty (30) days* (excluding legal public holidays, Saturdays and Sundays) after your receipt of this request.

Please provide the following information within the time periods noted herein:

1. An exact reproduction of the life of loan mortgage transactional history for this loan on the system of record used by the servicer. For purposes of identification, the life of loan transactional history means any software program or system by which the servicer records the current mortgage balance, the receipt of all payments, the assessment of any late fees or charges,

---

*P.O. Box 6031040*
*Cleveland, OH 44103*
*Telephone: (216)373-0539*
*Facsimile: (216)373-0536*



THE DANN LAW FIRM

and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, broker price opinion fees, legal fees, escrow fees, processing fees, technology fees, or any other collateral charge. Also, to the extent this life of loan transactional history includes in numeric or alpha-numeric codes, please attach a complete list of all such codes and state in plain English a short description for each such code.

2. Copies of any and all servicing notes related to your servicing of the above-referenced mortgage loan.

3. Copies of all broker price opinions for the above-referenced mortgage loan.

4. The physical location of the original note related to the above-referenced mortgage loan.

5. A true and accurate copy of the original note related to the above-referenced mortgage loan.

6. The identity, address, and other relevant contact information for the custodian of the collateral file containing the original collateral documents for the above-referenced mortgage loan, including, but not limited to the original note.

7. A detailed copy of your last two (2) analyses of the escrow account of the mortgage.

8. A copy of an accurate payoff statement for the mortgage.

Best Regards,

Paul B. Bellamy

Enclosure

cc: jec@manleydeas.com



THE DANN LAW FIRM

7/2/2015                                    USPS.com® - USPS Tracking™

English        Customer Service      USPS Mobile                                    Register / Sign in



# USPS.COM

## USPS Tracking™

Customer Service ›
Have questions? We're here to help.


Get Easy Tracking Updates ›
Sign up for My USPS.

---

Tracking Number: 70142870000064466467

Updated Delivery Day: Monday, June 29, 2015

## Product & Tracking Information

**Postal Product:**          **Features:**
                             Certified Mail™

### Available Actions

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **June 29, 2015 , 4:28 am** | **Delivered** | **DES MOINES, IA 50306** |

Your item was delivered at 4:28 am on June 29, 2015 in DES MOINES, IA 50306.

| | | |
|---|---|---|
| June 29, 2015 , 3:55 am | Arrived at Unit | DES MOINES, IA 50318 |
| June 28, 2015 , 12:55 am | Departed USPS Facility | DES MOINES, IA 50318 |
| June 27, 2015 , 11:14 am | Arrived at USPS Facility | DES MOINES, IA 50318 |
| June 25, 2015 , 10:28 pm | Departed USPS Facility | CLEVELAND, OH 44101 |
| June 25, 2015 , 6:47 pm | Arrived at USPS Facility | CLEVELAND, OH 44101 |

## Track Another Package

Tracking (or receipt) number

[                                        ]        Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS ›**



---

**HELPFUL LINKS**
Contact Us
Site Index
FAQs

**ON ABOUT.USPS.COM**
About USPS Home
Newsroom
USPS Service Updates
Forms & Publications
Government Services
Careers

**OTHER USPS SITES**
Business Customer Gateway
Postal Inspectors
Inspector General
Postal Explorer
National Postal Museum
Resources for Developers

**LEGAL INFORMATION**
Privacy Policy
Terms of Use
FOIA
No FEAR Act EEO Data

Copyright © 2015 USPS. All Rights Reserved.

https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=7014%202870%200000%206446%206467                1/2



Wells Fargo
P.O. Box 10335
Des Moines, IA 50306-0335

July 9, 2015

Paul B. Bellamy
The Dann Law Firm
P.O. Box 6031040
Cleveland, OH 44103

Subject: Resolution to the inquiry received regarding account number 0056125537 for customer Rachel Lieber

Dear Mr. Paul B. Bellamy:

We received an inquiry on June 24, 2015, however, the account is in active litigation. Here is the litigation information for your reference:

- Court: Cuyahoga County Court
- County: Cuyahoga County, Ohio
- Case Number: CV-14-820265
- Date of Filing: June 05, 2014
- Case Name: Affirmative Defenses

We won't be providing a response to your inquiry because the issues raised are the same or very closely related to the issues raised in the pending litigation. We've forwarded your inquiry to our litigation counsel to review during the pending litigation.

**Going forward**

If you have any questions about the information in this letter, please contact me directly at 1-800-853-8516, extension 44202. I am available to assist you Monday through Friday, 8:00 a.m. to 5:00 p.m. Central Time. If you require immediate assistance and I am unavailable, other representatives are available to assist you at 1-800-853-8516, Monday through Friday, 7:00 a.m. to 7:00 p.m. Central Time.

Sincerely,

Timothy Bolten
Executive Mortgage Specialist
Customer Care and Recovery Group

Wells Fargo is required by the Fair Debt Collection Practices Act to inform you that, as the loan servicer, we are attempting to collect a debt, and any information obtained will be used for that purpose. However, if the borrower has received a discharge from bankruptcy, and the loan was not reaffirmed in the bankruptcy case, Wells Fargo will only exercise its rights against the property and is not attempting any act to collect the discharged debt from the borrower personally.

With respect to those loans located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact the borrower before 8 a.m. or after 9 p.m. They may not harass the borrower by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call the borrower at work if they know or have reason to know that they may not receive personal calls at work. For the most part, collectors may not tell another person, other than the attorney or borrower's spouse, about the debt. Collectors may contact another person to confirm the borrower's location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

EX003/DZK/co1426612/ge3917187/cl708

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801