# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| RACHEL LIEBER, individually, and on behalf of all others similarly situated, | Case No. 16-CV-02868-PAG |
| Plaintiffs, | Judge Gaughan |
| v. | |
| WELLS FARGO BANK, N.A., | ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO FIRST AMENDED COMPLAINT |
| Defendant. | |

Pursuant to Fed. R. Civ. P. 12(a), Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), for its Answer to the First Amended Class Action Complaint ("FAC," Doc. 18) filed by Plaintiff Rachel Lieber ("Ms. Lieber"), states as follows:

## **FIRST DEFENSE**

1. Wells Fargo admits the allegations of ¶ 1 to the extent that Ms. Lieber is a natural person; Wells Fargo is without information sufficient to form a belief as to the truth of the remaining allegations of ¶ 1 and, therefore, denies them.

2. Wells Fargo admits the allegations of ¶ 2 to the extent that Wells Fargo is a national bank with its designated offices at 101 N. Phillips Avenue, Sioux Falls, South Dakota 57104; Wells Fargo denies the remaining allegations of ¶ 2.

3. Wells Fargo admits the allegations of ¶ 3 to the extent that Wells Fargo conducts business in Ohio, and that Wells Fargo is authorized to do business in Ohio; Wells Fargo denies the remaining allegations of ¶ 3.

4. Wells Fargo admits the allegations of ¶ 4 to the extent that based on the allegations of the FAC, the Court has subject matter jurisdiction over the claims of Ms. Lieber; Wells Fargo denies the remaining allegations of ¶ 4.

5. Wells Fargo admits the allegations of ¶ 5 to the extent that Wells Fargo conducts business in Cuyahoga County, Ohio, and that the allegations of the Complaint include events that are alleged to have taken place in Cuyahoga County, Ohio; Wells Fargo denies the remaining allegations of ¶ 5.

6. Wells Fargo denies the allegations of ¶¶ 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 as an incomplete, and thus inaccurate, recitation of the law.

7. Wells Fargo admits the allegations of ¶ 17 to the extent that for some transactions, Wells Fargo acts as a "servicer" as that term is defined by 12 C.F.R. § 1024.2(b) and 12 U.S.C. § 2605(i)(2) and that Wells Fargo was the servicer on a loan for which Ms. Lieber is the borrower; Wells Fargo is without information sufficient to form a belief as to the truth of the remaining allegations of ¶ 17 and, therefore, denies them.

8. Wells Fargo admits the allegations of ¶ 18 to the extent that Ms. Lieber is the borrower on mortgage loan for which Wells Fargo was the servicer; Wells Fargo is without information sufficient to form a belief as to the truth of the remaining allegations of ¶ 18 and, therefore, denies them.

9. Wells Fargo admits the allegations of ¶ 19 to the extent that in certain instances, Wells Fargo is subject to the Real Estate Settlement Procedures Act ("RESPA"); Wells Fargo is

without information sufficient to form a belief as to the truth of the remaining allegations of ¶ 19 and, therefore, denies them.

10. Wells Fargo is without information sufficient to form a belief as to the truth of the allegations of ¶¶ 20 and 21 and, therefore, denies them.

11. Wells Fargo admits the allegations of ¶ 22 to the extent that 12 C.F.R. § 1024.36 does not contain the phrase "active litigation," but denies the remaining allegations of ¶ 22 as an inaccurate statement of the law.

12. Wells Fargo denies the allegations of ¶¶ 23, and 24.

13. Wells Fargo is without information sufficient to form a belief as to the truth of the allegations of ¶ 25 and, therefore, denies them.

14. Wells Fargo denies the allegations of ¶¶ 26, 27, 28, 29, 30 and 31.

15. Wells Fargo admits the allegations of ¶ 32 to the extent that it received two letters dated June 23, 2015. Wells Fargo is without information sufficient to form a belief as to the truth of the allegations with respect to the date the letters were "sent" and, therefore, denies them. Wells Fargo denies the remaining allegations of ¶ 32.

16. Wells Fargo admits the allegations of ¶ 33 to the extent that Wells Fargo sent Ms. Lieber's counsel a letter dated July 9, 2015. Wells Fargo denies the remaining allegations of ¶ 33 as an incomplete and thus inaccurate summary of the July 9, 2015 letter.

17. Wells Fargo denies the allegations of ¶ 34.

18. Wells Fargo admits the allegations of ¶ 35 to the extent that it received a letter dated July 17, 2015; Wells Fargo is without information sufficient to form a belief is the truth of the remaining allegations of ¶ 35, and, therefore, denies them.

19. Wells Fargo admits the allegations of ¶ 36 to the extent that Wells Fargo sent Ms. Lieber's counsel a letter dated July 27, 2015; Wells Fargo denies the remaining allegations of ¶ 36 as an incomplete and thus inaccurate summary of the letter.

20. Wells Fargo denies the allegations of ¶¶ 37, 38, 39, 40, 41, 42, 43 and 44.

21. Wells Fargo admits the allegations of ¶ 45 to the same extent it admitted and denied the incorporated paragraphs.

22. Wells Fargo denies the allegations of ¶¶ 46, 47, 48, 49, 50, 51, 52, 53 and 54.

23. Wells Fargo denies the unnumbered "wherefore" paragraph, including subparts, included on page 11.

24. Wells Fargo admits the allegations of ¶ 55 to the same extent it admitted and denied the incorporated paragraphs.

25. Wells Fargo denies the allegations of ¶¶ 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66 and 67.

26. Wells Fargo denies the unnumbered "wherefore" paragraph, including subparts, included on page 14.

27. Wells Fargo denies each allegation which it has not expressly admitted to be true.

## **SECOND DEFENSE**

28. The Complaint fails to state a claim upon which relief may be granted.

## **THIRD DEFENSE**

29. The claims of Plaintiff and at least some of the putative class members are barred by the applicable statutes of limitations.

**FOURTH DEFENSE**

30. The claims of at least some of the putative class members are barred by res judicata.

**FIFTH DEFENSE**

31. The claims of at least some of the putative class members are barred by the putative class members' failure to mitigate damages.

**SIXTH DEFENSE**

32. At all times relevant, Wells Fargo acted in good faith.

**SEVENTH DEFENSE**

33. Wells Fargo is entitled to set off any sums which it may owe the putative class members against the amounts which the putative class members owe Wells Fargo.

**EIGHTH DEFENSE**

34. Lieber and putative class members lack standing.

**NINTH DEFENSE**

35. Any assessment of punitive damages would violate the United States Constitution.

**TENTH DEFENSE**

36. Because the correspondence submitted by at least some of the putative class members sought information that was confidential, proprietary, privileged, irrelevant, overbroad or unduly burdensome, untimely, and/or duplicative of information previously requested, Wells Fargo was not required to comply with the provisions of RESPA.

**ELEVENTH DEFENSE**

37. Plaintiff's claims are barred by the doctrine of unclean hands.

**TWELFTH DEFENSE**

38. This Court lacks subject matter jurisdiction over any class member who has not sustained actual damages as a result of any violation of RESPA.

**THIRTEENTH DEFENSE**

39. The proposed class is a prohibited "failsafe" class not subject to certification.

WHEREFORE, Defendant Wells Fargo Bank, N.A. demands that the FAC be dismissed, and for such further and other relief as to which it may be entitled.

Respectfully submitted,

/s/Jessica E. Salisbury-Copper
Scott A. King (#0037582) Trial Attorney
Richard A. Freshwater (#0080762)
Jessica E. Salisbury-Copper (#0085038)
THOMPSON HINE LLP
127 Public Square, 3900 Key Center
Cleveland, Ohio 44114
T: (216) 566-5500 / F: (216) 566-5800
Scott.King@Thompsonhine.com
Richard.Freshwater@Thompsonhine.com
Jessica.Salisbury-Copper@Thompsonhine.com

*Attorneys for Defendant Wells Fargo Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I certify that on March 30, 2017, I electronically filed this *Answer of Defendant Wells Fargo Bank, N.A. to First Amended Complaint* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following: notices@dannlaw.com; tom@attorneyzim.com.

/s/Jessica E. Salisbury-Copper<br>
Jessica E. Salisbury-Copper

957105.1