# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **RACHEL LIEBER, individually, and on behalf of all others similarly situated,** ) | Case No. 1:16-cv-02868-PAG |
| ) | |
| ) | **Judge Patricia A. Gaughan** |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **MOTION OF DEFENDANT WELLS** |
| ) | **FARGO BANK, N.A. TO STRIKE** |
| **WELLS FARGO BANK, N.A.,** ) | **CLASS ALLEGATIONS** |
| ) | |
| **Defendant.** ) | |

_____

Pursuant to Federal Rule of Civil Procedure 23(d)(1)(D), Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves the Court for an order striking all class allegations from the First Amended Class Action Complaint of Plaintiff Rachel Lieber ("Ms. Lieber").

A memorandum in support of this Motion is being submitted with this Motion.

                                        Respectfully submitted,

                                        /s/Scott A. King
Scott A. King (#0037582) Trial Attorney
Jessica E. Salisbury-Copper (#0085038)
THOMPSON HINE LLP
10050 Innovation Drive, Suite 400
Miamisburg, Ohio 45342
T: (937) 443-6560 / F: (937) 443-6635
Scott.King@ThompsonHine.com
Jessica.Salisbury-Copper@Thompsonhine.com

Richard A. Freshwater (#0080762)
THOMPSON HINE LLP
127 Public Square, 3900 Key Center
Cleveland, Ohio 44114
T: (216) 566-5500 / F: (216) 566-5800
Richard.Freshwater@Thompsonhine.com

*Attorneys for Defendant Wells Fargo Bank, N.A.*

I.   INTRODUCTION

On March 17, 2017, Plaintiff Rachel Lieber ("Ms. Lieber") filed a First Amended Class Action Complaint ("FAC," Doc. 18) alleging that Defendant Wells Fargo Bank, N.A. ("Wells Fargo") violated the Real Estate Settlement Procedures Act ("RESPA") by refusing to respond to qualified written requests ("QWRs") because Wells Fargo and its customers were engaged in litigation. The FAC seeks to certify a nationwide class of individuals who sent QWRs to Wells Fargo and received an "active litigation" response, and a subclass of persons who also sent Wells Fargo a notice of error.

Ms. Lieber has identified putative class members, and Wells Fargo has provided Ms. Lieber with documents concerning putative class members. Wells Fargo deposed Ms. Lieber and her attorney Paul Bellamy ("Mr. Bellamy").[1] At this point, there is no circumstance under which class certification is appropriate. Ms. Lieber cannot meet the requirements of Fed. R. Civ. P. 23, and, to the contrary, the determination of the RESPA claims asserted here will require mini-trials on each putative class member's claim. Pursuant to of Fed. R. Civ. P. 23(d)(1)(D), the Court should issue an order amending the FAC to strike all class allegations.

II.  THE CLASS ACTION ALLEGATIONS AND RESPA CLAIM

The FAC seeks a nationwide class of "borrowers" who submitted QWRs to Wells Fargo and to whom Wells Fargo refused to provide information because of "active litigation." FAC, ¶ 39. The FAC identifies a subclass of borrowers who submitted a notice of error. *Id.* at ¶ 40.

A claim under 12 U.S.C. § 2605(e)(1)(B) requires: (1) written correspondence; (2) from a "borrower"; (3) to a servicer; (4) relating to the "servicing"; (5) of a "federally related" loan; (6) that was not exempt; (7) or duplicative; (8) and which asserts an error or seeks information; (9)

---

[1] Mr. Bellamy's deposition ("Bellamy Dep.") was taken on April 26 and June 22, 2017. References are abbreviated as "Bellamy Dep.," and relevant portions are attached as Exhibit 1.

in response to which the servicer did not correct the error or provide the information; (10) causing actual damages. 12 U.S.C. §§ 2601, 2605 and 2506; 12 C.F.R. § 1024.36.

## III. FACTS

### A. MS. LIEBER

In June, 2015, Ms. Lieber retained Mr. Bellamy's firm to represent her in a foreclosure action, and on June 23, 2015, Mr. Bellamy sent two letters ("Letters") to Wells Fargo's designated address[2] seeking the identity of the current owner, master servicer and current servicer for her loan (Bellamy Dep., Ex. 1) and a "transactional" history for the loan, "any and all servicing notes," broker price opinions, the location of the note, the identity of the custodian of the collateral file, escrow analyses and a payoff quote. *Id.*, Ex. 2.

On May 30, 2015 (weeks before the letters) Wells Fargo had already identified itself as the servicer and Federal National Mortgage Association as the owner. Bellamy Dep., 24:17-25:12, and Ex. 7. Prior to sending the Letters, Mr. Bellamy did not review the dockets from Ms. Lieber's current (or prior) foreclosure(s) or contact Ms. Lieber's prior counsel. *Id.*, 21:7-21:21. During foreclosure mediation, Wells Fargo was to have provided a payoff statement, reinstatement quote, and broker's price opinion, but Mr. Bellamy did not try to determine whether that information was provided either. *Id.*, 22:15-23:24:15 and Ex. 6.

Some the information sought by the Letters was for the defense of the foreclosure, not the servicing of the loan. Bellamy Dep., 37:19-38:12, 42:15-43:9. "It is generally easier to use a RFI to solicit the information than it is to draft up discovery." *Id.*, 28:21-28:23.

By letter dated July 9, 2015, Wells Fargo responded that Ms. Lieber was in "active litigation" with Wells Fargo and referred the matter to its litigation counsel. Bellamy Dep., Ex.

---

[2] Responses of Wells Fargo to Plaintiff's First Set of Requests for Admission, No. 2 and Answers of Wells Fargo to Plaintiff's First Set of Interrogatories, No. 8 (attached as Ex. 2).

13. By letter dated July 17, 2015, Mr. Bellamy sent Wells Fargo another letter stating that its response violated RESPA. FAC, Ex. D. By letter dated July 27, 2015, Wells Fargo again referred the matter to its litigation counsel. *Id.*, Ex. E.

Wells Fargo produced the payment history in discovery in the foreclosure. Bellamy Dep., 53:19-54:11. It also provided the escrow analysis and a payoff statement. Deposition of Rachel Lieber, 66:21-67:12 and Ex. 44[3]; Bellamy Dep., 58:12-59:8 and Ex. 19. Upon receipt of these documents, Ms. Lieber took no action, relying on counsel to determine whether she needed the information and for what purpose. Lieber Dep., 67:4-68:6. The damages which she identified were the costs to retain counsel to seek the information. *Id.*, 72:9-78:25.

### B    PUTATIVE CLASS MEMBERS

Ms. Lieber identified Danielle Tasner as a putative class member. Answer to Interrogatory No. 14 (attached as Exhibit 3). When Mr. Bellamy sent out an alleged QWR seeking information, the Court in Ms. Tasner's case had already entered an order precluding further discovery. Bellamy Dep., 62:12-67:7 and Exs. 23 and 24.[4]

Ms. Lieber identified Sharon Sanders as a putative class member. Answer to Interrogatory No. 14. On July 5, 2016, Mr. Bellamy sent an alleged QWR. Bellamy Dep., 80:15-81:17 and Exs. 47a and 47b. By letter dated July 20, 2016, Wells Fargo provided some of the information, stated it could not provide additional information because the remaining requests were too broad, and directed any further inquiries to its counsel. Bellamy Dep., 81:18-83:23 and Ex. 47c. On August 4, 2016, Mr. Bellamy sent a notice of error to Wells Fargo (without copying counsel). Bellamy Dep., 84:5-87:25 and Ex. 47d. On August 11, 2016, Wells Fargo's counsel

---

[3] Mrs. Lieber's deposition was taken on May 3, 2017. References to the deposition are abbreviated as "Lieber Dep.," and relevant portions attached as Exhibit 4.

[4] Mr. Bellamy believed that Ms. Tasner could use a QWR to obtained information from Wells Fargo even after this Court has ordered discovery cutoff. Bellamy Dep., 66: 9-21.

provided Mr. Bellamy with additional information that he had requested. Bellamy Dep., Ex. 47e.

Ms. Lieber identified Jennifer Soltesz as a putative class member. Answer to Interrogatory No. 14. During Ms. Soltesz' bankruptcy, Mr. Bellamy sent an alleged QWR and a notice of error. Bellamy Dep., 100:7-101:1. On May 4, 2016, Wells Fargo's counsel responded, explaining that "[d]uring the litigation in state court, Wells Fargo produced more than 900 pages of records, including many of the documents which you seek." *Id.*, 105:6-107:13, 108:13-109:6 and Bellamy Dep., Ex. 48p.

Ms. Lieber identified Lisa Hull-Pavlovich as a putative class member. Answer to Interrogatory No. 14. Mr. Bellamy sent an alleged QWR and two notices of error. Bellamy Dep., 109:15-113:19 and Exs. 49a-49g. Wells Fargo's litigation counsel responded to both. *Id.*

Ms. Lieber identified Dalia Arteaga as a putative class member. Answer to Interrogatory No. 14. Mr. Bellamy sent alleged QWRs and a notice of error even though Ms. Arteaga was not a "borrower" on the loan. Bellamy Dep., 114:5-124:21 and Exs. 50a-50j. Wells Fargo's counsel responded to the Arteaga letters. Bellamy Dep., 114:5-124:21 and Exs. 50a-50j.

Finally, Mr. Bellamy sent an alleged QWR for Jeffrey Watson, even though Mr. Watson's loan was for an investment property. Bellamy Dep., 61:7-62:10 and Ex. 22.

## IV.    LAW AND ARGUMENT

### A.    MOTIONS TO STRIKE CLASS ALLEGATIONS

Courts may issue orders that "require the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly[.]" Fed. R. Civ. P. 23(d)(1)(D). "Rule 23(d)(1)(D) allows a court to 'purge class allegations from the[] pleadings.'" *Faktor v. Lifestyle Lift*, No. 1:09-cv-511, 2009 U.S. Dist. LEXIS 47978, (N.D. Ohio June 3, 2009) (*quoting* 5-23 Moore's Federal Practice – Civil § 23.145). "Striking deficient class

allegations comports with Rule 23's directive that courts determine whether a class may be certified '[a]t an early practicable time.'" *Colley v. P&G*, No. 1:16-cv-918, 2016 U.S. Dist. LEXIS 137725, * 8 (S.D. Ohio Oct. 4, 2016); *Faktor*, 2009 U.S. Dist. LEXIS 47978, * 3-4.

A court may strike class allegations prior to the close of discovery if it is apparent that class action requirements cannot be met and further discovery will not alter the outcome. *Colley*, 2016 U.S. Dist. LEXIS 137725 at * 9-10, *citing Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 945 (6th Cir. 2011); *Amerine v. Ocwen Loan Servicing LLC*, No. 2:14cv15, 2015 U.S. Dist. LEXIS 178248, * 5 (S.D. Ohio Mar. 31, 2015); *Rikos v. P&G*, No. 1:11cv226, 2012 U.S. Dist. LEXIS 11564, * 4 (S.D. Ohio Jan. 31, 2012)).

  B.  CERTIFICATION UNDER RULE 23(a)

Matters are appropriate for class treatment only if a court finds, after a rigorous analysis, that: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

"Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury. This does not mean merely that they have all suffered a violation of the same provision." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (citations omitted). Rather, commonality requires a showing that the common questions will have a common answer through proof of the plaintiff's claim. *Id*. When the determination of liability is based solely on the conduct of the defendant without regard to individual transactions, commonality may be present. *Pettrey v. Enter. Title Agency, Inc.*, 241 F.R.D. 268, 279 (N.D. Ohio 2006) (Gaughan, J.). If liability requires a transaction-by-transaction

analysis, it is not. *Id.*, distinguishing *Bjustrom v. Trust One Mortg. Corp.*, 322 F.3d 1201 (9th Cir. 2003) and *Heimmermann v. First Union Mortg. Corp.*, 305 F.3d 1257 (11th Cir. 2002).

"Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Sprague v. GMC*, 133 F.3d 388, 399 (6th Cir. 1998) (*citing In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996)). "[T]he typicality requirement is not satisfied when a plaintiff can prove his own claim but [has] not 'necessarily proved anybody's else's.'" *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (quoting *Sprague*, 133 F.3d at 399).

Class representatives and proposed counsel must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *Magalhaes v. Lowe's Home Ctrs., Inc.*, No. 13-10666-DJC, 2014 U.S. Dist. LEXIS 30320, at * 7, 20 (D. Mass. Mar. 10, 2014). When typicality is absent, the representative is inadequate. *Bartelson v. Dean Witter & Co.*, 86 F.R.D. 657 (E.D. Pa. 1980). If the named plaintiff is subject to unique defenses, she is inadequate. *Franze v. Equitable Assur.*, 296 F.3d 1250, 1254 (11th Cir. 2002); *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2nd Cir. 1990).

    C.    CERTIFICATION UNDER RULE 23(b)

Certification also requires satisfaction of one of the subsections of Rule 23(b). Rule 23(b)(1) applies when separate actions by class members creates a risk of "inconsistent or varying adjudications" and "takes in cases where the party is obliged by law to treat the members of the class alike (a utility acting toward customers; a government imposing a tax), or where the party must treat all alike as a matter of practical necessity (a riparian owner using water as against downriver owners)." *Amchem Prods. v. Windsor*, 521 U.S. 591, 614, 117 S. Ct. 2231

- 6 -

(1997). Certification under Rule 23(b)(1) is inappropriate where the suit is for compensatory damages. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1193 (9th Cir. 2001).

Rule 23(b)(3)[5] permits a court to certify a class if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." There must be a showing a class action will "achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Fed. R. Civ. P. 23(b)(3), Advisory Committee's Note.

Predominance is "far more demanding" than the commonality. *Amchem Prods.*, 521 U.S. at 623-24. "In evaluating predominance, 'a district court must formulate some prediction as to how specific issues will play out in order to determine whether common or individual issues predominate in a given case.'" *Magalhaes*, 2014 U.S. Dist. LEXIS 30320, at * 23-24. "[I]t is not sufficient that such questions merely exist; rather, they must represent a significant aspect of the case. Furthermore, they must be capable of resolution for all members in a single adjudication." *Marks*, 31 Ohio St. 3d at 204 (interpreting analogous Ohio rule). "[W]here individual rather than common issues predominate, the economics of time, effort, and expense and the efficiency of class action treatment are lost, and the need for judicial supervision and the risk of confusion are magnified. Under such circumstances, a class action is clearly inappropriate." *Schmidt v. Avco Corp.*, 15 Ohio St. 3d 310, 316, 473 N.E.2d 822 (1984).

"Superiority" requires that class adjudication be "superior to other available methods for the fair and efficient adjudication." Fed. R. Civ. P. 23(a). "[W]here individual rather than

---

[5] Because the FAC makes no mention of injunctive relief, Rule 23(b)(2) does not apply.

common issues predominate, the economics of time, effort, and expense and the efficiency of class action treatment are lost." *Schmidt*, 15 Ohio St. 3d at 316. If the claim the action provides for attorney fees, that weighs against superiority. *Carter v. Welles-Bowen Realty, Inc.*, No. 3:05 CV 7427, 2010 U.S. Dist. LEXIS 22476, * 5-6 (N.D. Ohio Mar. 11, 2010); *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 328 (4th Cir. 2006); *Wilcox v. Commerce Bank of Kansas City*, 474 F.2d 336, 346-49 (10th Cir. 1973); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 748 (5th Cir. 1996); *Bogus v. Am. Speech & Hearing Ass'n*, 582 F.2d 277, 290 (3rd Cir. 1978).

      D.      CLASS CERTIFICATION AND RESPA CLAIMS

RESPA only applies to "federally related" mortgage loans, *i.e.*, 1 to 4 family residential structures where the lender/loan falls into one of the four enumerated categories. 12 C.F.R. § 2602(a)(1) and (2); 12 C.F.R. § 2605(e). RESPA does not apply to business, commercial, or agricultural purposes loans, loans secured by vacant, construction loans, or assumed by someone without the lender's consent. 12 U.S.C. § 2606 and 12 C.F.R. § 1024.5. Whether a particular loan is "federally related" or is subject to one of the exemptions requires an individualized analysis of each transaction. *Carter*, 2010 U.S. Dist. LEXIS 22476 at * 7-8); *Pettrey*, 241 F.R.D. at 284.

"For a borrower inquiry to trigger RESPA's procedural requirements, [the communication] must meet the definition of a 'qualified written request.'" *Martini v. JPMorgan Chase Bank, N.A.*, 634 Fed. Appx. 159, 163 (6th Cir. 2015). To be a QWR, the correspondence must be written (and not on a payment coupon), from a "borrower," sent to the servicer's designated address, relate to "servicing," and include a statement of why the borrower believes the account is in error or request information. 12 U.S.C. § 2605(e)(1)(A) and (B); 12 C.F.R. § 1024.36(b); *McMillen v. Resurgent Capital Servs., L.P.*, No. 2:13-CV-00738, 2015 U.S. Dist.

LEXIS 121379, 2015 WL 5308236, *13-14 (S.D. Ohio Sept. 11, 2015).

"Servicing" of the loan involves only the receipt and application of payments. 12 U.S.C. § 2605(e)(1)(A). This means "that the statutory duty to respond does not arise with respect to *all* inquiries or complaints from borrowers to servicers." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012) (emphasis in original); *Smallwood v. Bank of Am., N.A.*, No. 1:15-cv-336, 2015 U.S. Dist. LEXIS 160926, 2015 WL 7736876 (S.D. Ohio Dec. 1, 2015). A servicer does not need to provide the borrower with the information if the servicer has already provided it. 12 C.F.R. § 1024.36(f)(1)(i); *Hawkins-El v. First Am. Funding*, 891 F. Supp. 2d 402 (E.D.N.Y. 2012); *Bates v. JPMorgan Chase Bank, N.A.*, 768 F.3d 1126 (11th Cir. 2014).

Servicers are permitted to designate addresses for QWRs. 12 C.F.R. § 1024.36. A servicer is permitted to respond to a QWR through counsel. *Deal v. Bank of New York Mellon*, No. 13-2701, 2014 U.S. Dist. LEXIS 95505, * 5 (W.D. La. June 3, 2014); *Craig v. The Bank of New York Mellon Corp.*, No. 10-CV-4438 (SLT) (RML), 2014 U.S. Dist. LEXIS 47102, * 27 (E.D.N.Y. Mar. 31, 2014).

Only "borrowers" have a claim. 12 C.F.R. § 2605(e); *Davis v. Wells Fargo, N.A.*, No. 2:16-cv-00890 (JAM) (AC), 2016 U.S. Dist. LEXIS 168645, * 33 (E.D. Ca. Dec. 2, 2016); *Mitchell v. Mort. Elec. Registration Sys.*, No. 1:11-cv-425, 2012 U.S. Dist. LEXIS 45083, * 4 (W.D. Mich. Mar. 30, 2012); *Santiago v. Bismark Mortg. Co.*, No. 10-00467 SOM/KSC, 2011 U.S. Dist. LEXIS 22693, 2011 WL 839762, * 12-14 (D. Hawaii Mar. 4, 2011). While RESPA permits recovery of actual and statutory damages, "proof of actual damages is mandatory to recover on a § 2605(e) violation, and [] a § 2605(e) claim cannot stand on statutory damages alone." *Selman v. CitiMortgage, Inc*., No. 12-0441-WS-B, 2013 U.S. Dist. LEXIS 37017, * 31 n.10 (S.D. Ala. Mar. 5, 2013). The statute of limitations for the failure to respond to a QWR is

three years. 12 U.S.C. § 2614.

The Consumer Financial Protection Bureau has made clear that the QWR process was not meant to be a substitute for discovery in a court action: "[A]s stated in the proposal, the Bureau does not believe that the information request procedures should replace or supplant civil litigation document requests and should not be used as a forum for pre-litigation discovery." https://www.gpo.gov/fdsys/pkg/FR-2013-02-14/pdf/2013-01248.pdf

The determination of whether a document meets the QWR criteria requires "a document-by-document" review for "each and every member" of a class. *Ploog v. Homeside Lending, Inc.*, No. 00 C 6391, 2001 U.S. Dist. LEXIS 13175, *49 (N.D. Ill. Aug. 27, 2001) (adopted by *Ploog v. Homeside Lending, Inc.*, 2001 U.S. Dist. LEXIS 15697 (Sept. 28, 2001)). "[T]he individualized nature of determining whether a written request is, in fact, a qualified written request ends the discussion on predominance and superiority." *Ploog*, 2001 U.S. Dist. LEXIS 13175 at * 46; *Hyderi v. Wash. Mut. Bank, FA*, 235 F.R.D. 390, 402 (N.D. Ill. 2006) (denying certification under 12 U.S.C. § 2605(g) as the "litigation would likely require substantial individualized proceedings to resolve the class members' claims").Whether claims are barred by the statute of limitations is also an individualized inquiry. *Pettrey*, 241 F.R.D. at 284.

"As to 'superiority,' courts in this District have concluded, because RESPA permits a court to award attorney's fees and costs to a successful plaintiff, the statute provides 'adequate incentive for individual plaintiffs to bring these type of claims,' and, therefore, 'a class action is not the 'best method for trying the suit.'" *Toldy v. Fifth Third Mortg. Co.*, No. 1:09 CV 377, 2011 U.S. Dist. LEXIS 113240, *10-11 (N.D. Ohio May 24, 2011), quoting *Coleman*, 296 F.3d 443, 449 (6th Cir. 2002)), adopted by *Toldy v. Fifth Third Mortg. Co.*, 2011 U.S. Dist. LEXIS 113274 (N.D. Ohio Sept. 30, 2011). *See, also, Carter*, 2010 U.S. Dist. LEXIS 22476 at * 5-6

*quoting Mayer v. Mylod*, 988 F.2d 635 (6th Cir. 1993).

      E.      THE CLASS ALLEGATIONS SHOULD BE STRICKEN FROM THE FAC

      *1. Ms. Lieber cannot establish commonality, typicality, or adequacy.*

Ms. Lieber bears the burden of showing the requirements of Fed. Civ. R. 23. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). She cannot satisfy those requirements.

Ms. Lieber must initially show that both her loan and those of putative class members were "federally related" and not exempt from RESPA by proving her own claim. *Dukes*, 564 U.S. 338, 349-50; *Beattie*, 511 F.3d at 561, quoting *Sprague*, 133 F.3d at 399. But whether a loan is "federally related" or is subject to one of the exemptions requires an individualized inquiry. *Carter*, 2010 U.S. Dist. LEXIS 22476 at * 7-8; *Pettrey*, 241 F.R.D. at 284. Because proof that Ms. Lieber's loan was "federally related" and not subject to an exemption will prove her claim—but no one else's—Ms. Lieber cannot meet the initial threshold for the applicability of RESPA.

Ms. Lieber must also prove she and the class members are "borrowers." 12 C.F.R. § 2605(e); *Davis*, 2016 U.S. Dist. LEXIS 168645 at *33. Ms. Lieber has identified as a class members an individual who was not a "borrower." Bellamy Dep., 114:5-124:21 and Exs. 50a-50j. In any event, examination of the loan documents of each class member will be necessary to confirm that the claimant is an obligor. *Id.*

 Ms. Lieber must also show through common proof that the class members sent a "QWR." Proof that a document is a QWR requires an examination of its contents to see if it meets the statutory definition—that it was sent to the designated address and sought information or to correct an error regarding "servicing." *McMillen,* 2015 U.S. Dist. LEXIS 121379, * 13-14; *Ploog*, 2001 U.S. Dist. LEXIS 13175 at * 46; *Hyderi*, 235 F.R.D. at 402. That requires a document by document review. *Ploog*, 2001 U.S. Dist. LEXIS 13175 at * 46; *Hyderi v. Wash.*

*Mut. Bank, FA*, 235 F.R.D. 390, 402. This again precludes certification. *Id.*

Wells Fargo was not obligated to provide duplicative information. 12 C.F.R. § 1024.36(f)(1)(i); *Hawkins-El*, 891 F. Supp. 2d at 409. Here, letters sent by Ms. Lieber and other putative class members sought information which had already been provided. Bellamy Dep., 105:6-107:13, 108:13-109:6 and Bellamy Dep. Ex. 48p. Each class member's files would likewise have to be reviewed to see if Wells Fargo already provided the information.

Ms. Lieber has identified as class members persons who received responses from Wells Fargo's litigation counsel. Bellamy Dep., 88:9-88:23, 89:8-90:6, 105:6-107:13, 109:15-113:19, 114:5-124:21 and Exs. 13, 48 47e, 47f, 48p, 49a-49g, 50a-50j.  Each class member's file must be reviewed to see whether counsel provided the information.

Proof of actual individual damages is required. *Selman*, 2013 U.S. Dist. LEXIS 37017 at * 31. Ms. Lieber claims that she incurred costs such as postage and attorney's fees as damages (Lieber Dep., 72:9-73:7), but that says nothing about whether individual class members incurred them, much less in what amount. If class members had already received the documents through normal discovery or prior QWRs, any failure to receive them (again) caused no damages. This is another set of individualized inquiries.

The definition of the class and subclass in the FAC contains no time limitation. As a consequence, each file of each class member would have to be reviewed to determine when they sent the alleged QWR, yet another factor precluding certification. *Pettrey*, 241 F.R.D. at 284.

Because the Court will need to analyze the underlying loan documents, the properties which secured the loans, the correspondence sent by the alleged "borrowers" to Wells Fargo, the response which Wells Fargo's litigation counsel provided, the documents or information provided in the underlying litigation, whether the borrowers suffered actual damages and the

timeliness of each claim, Ms. Lieber cannot and will never be able to show commonality or typicality. The class allegations in the FAC should be stricken.

Nor can Ms. Lieber establish adequacy. Ms. Lieber's current counsel sent the Letters and received the responses. They are necessary witnesses and should not be representing Ms. Lieber, much less anyone else. Ohio Rule of Professional Conduct 3.7. Absent class members are entitled to representation by lawyers who will not be taking the witness stand.

Similarly, Congress permitted QWRs to enable borrowers to dispute their account or obtain limited information, not to circumvent the rules of discovery by sending letters to a represented party to seek information during litigation regarding the subject of that litigation, much less seek information in violation of a court order. https://www.gpo.gov/fdsys/pkg/FR-2013-02-14/pdf/2013-01248.pdf; *see, also, Turoff v. May Co.*, 531 F.2d 1357, 1360 (6th Cir. 1976) (the public is not served by "manufactured litigation"). Ms. Lieber's counsel admitted sending letters to bypass discovery procedures. Her motives—and those of her counsel—will again be subject to attacks that a truly aggrieved class member would not. In these circumstances, the class action allegations of the FAC should be stricken.

*2. Ms. Lieber cannot establish the requirements of Rule 23(b).*

Ms. Lieber must also show that certification is appropriate under one of the subsections of Fed. Civ. R. 23(b). She cannot and will never be able to make that showing.

Fed. Civ. R. 23(b)(1) permits a class to be certified if there is a risk of inconsistent adjudications, or if the adjudication of one class member would, as a practical matter, dispose of the interests of the others, and a class cannot be certified under Fed. Civ. R. 23(b)(1) when the suit is one for compensatory damages. *Zinser*, 253 F.3d at 1193. Here, the FAC seeks damages, precluding certification under Fed. Civ. R. 23(b)(1). *Id.* Moreover, the risk of "inconsistent"

adjudication is because putative class members are situated "dissimilarly": they are (or are not) a "borrower" for what is (or is not) a "federally related loan" that is (or is not) exempt, they did (or did not) send a communication that met the requirements to be a QWR, they did (or did not) receive documents through Wells Fargo, its litigation counsel or the litigation processes, and they did (or did not) seek to violate court orders on discovery. Rule 23(b)(1) does not apply.

Fed. Civ. R. 23(b)(3) requires, among other things, a showing that common issues "predominate." Here, the Court must examine each loan file to determine whether the putative class member was a "borrower" for a "federally related" loan that was not otherwise exempt from RESPA. The Court would then need to review each letter to see if it was sent to Wells Fargo's designated address and related to "servicing." *McMillen*, 2015 U.S. Dist. LEXIS 121379 at * 13-14. *Ploog* decided this very issue, noting the "court would not be looking over standard forms with checked boxes; rather, it would be parsing hand or typewritten documents" to determine if they constitute QWRs. *Ploog*, 2001 U.S. Dist. LEXIS 13175 at * 45.

The Court would then need to examine whether the individual "borrowers" had already received the documents through the litigation processes, through litigation counsel, or through prior QWRs. Because RESPA restricts statutory awards to only cases in which they are actual damages, damages would also have to be established on an individual basis. *Selman*, 2013 U.S. Dist. LEXIS 37017, * 31 n.10. There is no uniformity and expenses incurred by class members, and, because they may have already received the documents requested, there may not be any damages that all. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016). Any trial of this matter would consist of a series of individual "mini–trials," the antithesis of predominance.

It would also be unmanageable. Far from simply presenting Ms. Lieber and her

documents as proof of the class, the claims of each class member would have to be proven, on one-by-one, transaction-by-transaction, page-by-page basis.

Nor can Ms. Lieber show superiority. If putative class members filed RESPA claims individually, they could recover costs and attorney's fees; individual (and not class) treatment is superior. *Toldy*, 2011 U.S. Dist. LEXIS 113240 at *10-11; *Carter*, 2010 U.S. Dist. LEXIS 22476 at * 5-6. In any event, without the predominance of common issues, individual trials are preferable. *Ploog*, 2001 U.S. Dist. LEXIS 13175 at * 46. Ms. Lieber cannot meet the requirements of Fed. Civ. R. 23(b)(3). The class allegations should be stricken.

## V. CONCLUSION

Ms. Lieber cannot establish the claims of the class by proof of her own claim, and proceeding with this matter on a class-wide basis would result in a series of individual mini-trials to determine the individualized issues necessary to decide the applicability of RESPA to each putative class member's communications and the amount of damages. A trial on a class-wide basis in this case would be unmanageable, and class treatment is not superior, especially in light of the fact that each individual class member could file his or her own claim and see recovery of costs and attorney's fees if successful. The class allegations should be stricken from the FAC.

Respectfully submitted,

/s/ Scott A. King
Scott A. King (#0037582) Trial Attorney
Richard A. Freshwater (#0080762)
Jessica E. Salisbury-Copper (#0085038)
THOMPSON HINE LLP
127 Public Square 3900 Key Center
Cleveland OH 44114
Phone: 216.566.5500/Fax: 216.566.5800
Scott.King@ThompsonHine.com
Richard.Freshwater@Thompsonhine.com
Jessica.Salisbury-Copper@ThompsonHine.com
*Attorneys for Defendant Wells Fargo Bank, N.A.*

- 16 -

## **CERTIFICATE OF SERVICE**

      I certify that on July 27, 2017, I electronically filed this *Motion of Defendant Wells Fargo Bank, N.A. to Strike Class Allegations* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following: notices@dannlaw.com; tom@attorneyzim.com.

                                              /s/Scott A. King  
                                              Scott A. King

978935.1