# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **RACHEL LIEBER,** individually, and on behalf of all others similarly situated, | ) ) ) | CASE NO. 16-cv-02868-PAG |
| Plaintiff, | ) ) | Judge Patricia A. Gaughan |
| vs. | ) ) ) ) ) ) ) ) | **PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS AND TO EXTEND THE NON-EXPERT DISCOVERY DEADLINE** |
| **WELLS FARGO BANK, NA,** | ) | |
| Defendant. | ) | |

NOW COMES Plaintiff Rachel Lieber ("Plaintiff"), by and through counsel, and for her *Reply in Support of Plaintiff's Motion to Compel Defendant's Responses to Plaintiff's Discovery Requests and to Extend the Non-Expert Discovery Deadline* ("Reply"), states as follows:

## I. INTRODUCTION.

Throughout discovery, Defendant Wells Fargo Bank, NA ("Defendant") has consistently maintained that since it believes that class certification is inappropriate in this case, it has no obligation to provide appropriate class discovery. That reasoning transforms Defendant's unilateral opinion relative to class certification into a self-fulfilling prophecy because, without

proper class discovery, Plaintiff will be unable to prove that this case satisfies the criteria of Fed. R. Civ. P. 23 ("Rule 23"). *E.g.*, *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996); *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 504 (6th Cir. 2015) (noting the "rigorous analysis" this Court will have to perform relative to the Rule 23 factors).

Despite Defendant's contention, Plaintiff has a right to seek class certification in this case, and "should be afforded an opportunity to present evidence on the maintainability of the class action." *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974); *In re Am. Med. Sys.*, 75 F.3d at 1086; *see also*, *Yaffe v. Powers*, 454 F.2d 1362, 1366 (1st Cir. 1972) ("To pronounce finally, prior to allowing any discovery, the non-existence of a class or set of subclasses, when their existence may depend on information wholly within defendants' ken, seems precipitate and contrary to the pragmatic spirit of Rule 23."). Indeed, rather than preliminarily rejecting class certification, "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action [is] maintainable." *E.g.*, *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977); *Algee v. Nordstrom, Inc.*, 2012 WL 1575314, at *2 (N.D. Cal. 2012)

To present evidence relative to class certification, "the necessary antecedent…is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *E.g.*, *Doninger*, 564 F.2d at 1313; *Algee*, 2012 WL 1575314 at *2. Accordingly, "discovery is likely warranted where it will resolve factual issues necessary for the determination of whether the action may be maintained as a class action, such as whether a class or set of subclasses exist." *Algee*, 2012 WL 1575314 at *2 (citing *Kamm v.*

*California City Dev. Co.,* 509 F.2d 205, 210 (9th Cir.1975)).[1] In fact, "it is unfair to allow the party against whom certification is sought to have the exclusive use, benefit and control of the proof that demonstrates whether the common issues of fact or law truly predominate or whether the class as a whole is cohesive." *Moore v. Radian Group, Inc.*, 2002 WL 31738795, at *3 (E.D. Tex. 2002).

In this case, Plaintiff has attempted to obtain the class discovery to which she is entitled—and which is exclusively within Defendant's custody and control. However, Defendant's numerous objections with a questionable basis have prevented her from obtaining the discovery necessary to adequately present the issue of class certification to the Court. Defendant's response ("Response") to Plaintiff's *Motion to Compel Defendant's Responses to Plaintiff's Discovery Requests and to Extend the Non-Expert Discovery Deadline* ("Motion"), and its concurrently filed *Motion to Strike Class Allegations* ("Motion to Strike"), are the most recent examples of Defendant's attempts to hamper Plaintiff's right to seek class certification in this case.[2]

As set forth below, Plaintiff is entitled to adequate responses to her outstanding discovery requests, and should be permitted to seek follow-up class discovery. Accordingly, Defendant should be compelled to provide the responses sought by the Motion, and the Court should extend the deadline for non-expert fact discovery by 90 days.

---

[1] Additionally, "to deny discovery where it is necessary to determine the existence of a class or set of subclasses would be an abuse of discretion." *Algee*, 2012 WL 1575314 at *2 (citing *Doninger*, 564 F.2d at 1313, and *Kamm*, 509 F.2d at 210).

[2] Plaintiff will more fully address Defendant's arguments in the Motion to Strike in a subsequent responsive pleading to that motion. However, for purposes of this Reply, as Defendant concedes in its Response, the merits of class certification are "beside the point." *See*, Response, p. 11.

## II. ARGUMENT.

### A. Defendant's Responses to Plaintiff's Requests for Production Nos. 12 Through 15 Are Inadequate.

As set forth in Plaintiff's First Amended Complaint ("Complaint"), Class members are borrowers who sent "qualified written requests"[3] ("QWRs")—as defined by 12 U.S.C. § 2605(e)(1)(B)—to Defendant, and to whom Defendant failed to adequately respond, citing the pendency of "active litigation." *See*, Complaint, Dkt. # 18, ¶¶ 39-40. For purposes of class certification, Plaintiff will be required to prove that the Class satisfies the four Rule 23(a) prerequisites, and "that it falls within at least one of the subcategories of Rule 23(b)." *In re Am. Med. Sys., Inc.*, 75 F.3d at 1079 (emphasis omitted).

Defendant argues that the documents produced in response to Plaintiff's Requests for Production Nos. 12 through 15 were properly redacted, and were therefore adequate. However, Defendant's justifications for those redactions are improper.

First, Defendant argues that its redactions of Class members' personal information were required by the Gramm–Leach–Bliley Act ("GLBA")—codified as 15 U.S.C. §§ 6801, *et seq*. *See*, Response, p. 8. However, the GLBA permits financial institutions to disclose nonpublic personal information "to respond to judicial process." 15 U.S.C. § 6802(e)(8). Based on that provision, many courts have held that the GLBA "permits a financial institution to disclose the non-public personal financial information of its customers to comply with a discovery request." *E.g.*, *Marks v. Glob. Mortgage Group, Inc.*, 218 F.R.D. 492, 496 (S.D. W.Va. 2003); *MAS, Inc.*

---

[3] These QWRs took the form of Requests for Information ("RFIs")—as defined by 12 CFR § 1024.36(a)—or Notices of Error ("NOEs")—as defined by 12 CFR § 1024.35(a).

*v. Nocheck, LLC*, 2011 WL 1135367, at *4 (E.D. Mich. 2011) ("This exception covers discovery requests in civil litigation."); *Powell v. Huntington Nat. Bank*, 2:13-CV-32179, 2014 WL 5500729, at *8 (S.D. W.Va. 2014) ("Under the judicial process exception…the defendant may disclose its customers' nonpublic personal information in response to the plaintiffs' discovery request."); *Midwest Feeders, Inc. v. Bank of Franklin*, 5:14CV78-DCB-MTP, 2015 WL 11117899, at *2 (S.D. Miss. 2015) (" It appears that the information at issue falls squarely within these statutory exceptions, and [the defendant] has offered no authority to the Court demonstrating otherwise.").

Moreover, the GLBA does not impose any heightened requirement, beyond those of Fed. R. Civ. P. 26(b)(1), upon Plaintiff to demonstrate that the redacted information is discoverable. *Marks*, 218 F.R.D. at 496-97 (rejecting the argument that the GLBA "prohibited any discovery absent a showing of actual need, rather than mere relevance," and holding that "the Federal Rules of Civil Procedure govern the disclosure of information protected by the [GLBA]"); *see also*, *Laxalt v. McClatchy*, 809 F.2d 885, 888 (D.C. Cir. 1987) (holding that a similar statute "does not create a qualified discovery privilege as that concept is generally understood" and does not "create any other kind of privilege or bar that requires a party to show actual need as a prerequisite to invoking discovery"). This is especially true where, as is the case here (Dkt. # 20), the court has entered a protective order that will protect the privacy of the disclosed nonpublic personal information. *Marks*, 218 F.R.D. at 497 (citing *Laxalt*, 809 F.2d at 889, and *Freeman v. Seligson,* 405 F.2d 1326, 1348 (D.C. Cir. 1968)). In light of the GLBA's inapplicability, and the Protective Order in this case, there is no need for the present redactions.

Second, as set forth in the Motion, Plaintiff has demonstrated the relevance of these unredacted documents to class certification. As such, they are discoverable.

Although "identifying information of potential class members" is not discoverable "when such information is sought merely for the purpose of identifying such individuals for notice of a class action," it is discoverable when it is sought "for reasons of discovering information 'relevant to the subject matter involved in the pending action.'" *Drossin v. Nat'l Action Fin. Services, Inc.*, 2008 WL 5381815, at *3 (S.D. Fla. 2008) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351-53 (1978)). It is well-settled that courts should not deprive a plaintiff "from engaging in merits discovery when facts and issues are inextricably intertwined, or to otherwise address requirements which are essential prerequisites to class determination under Federal Rule of Civil Procedure 23(a)." *In re Semgroup Energy Partners, L.P., Sec. Litig.*, 2010 WL 5376262, at *2 (N.D. Okla. 2010) (quoting *In re Hamilton Bancorp, Inc. Securities Litigation,* 2002 WL 463314, *1 (S.D. Fla. 2002)) (internal quotations omitted). Indeed, such a scenario is expressly discussed in the 2003 Advisory Committee Notes to Rule 23, which state:

> Although an evaluation of the probable outcome on the merits is not properly part of the certification decision, discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial. In this sense it is appropriate to conduct controlled discovery into the "merits," limited to those aspects relevant to making the certification decision on an informed basis. Active judicial supervision may be required to achieve the most effective balance that expedites an informed certification determination without forcing an artificial and ultimately wasteful division between "certification discovery" and "merits discovery."

Fed. R. Civ. P. 23, Advisory Committee Notes, 2003 Amendment.

Here, the unredacted information sought by Plaintiff's Requests for Production Nos. 12 through 15 may identify *some* potential Class members—since it is only a sample—but it is also relevant to the propriety of class certification, and therefore, is within the permissible scope of

discovery. As set forth in the Motion, the documents requested by Plaintiff's Requests for Production Nos. 12 through 15 were an initial step in the process of determining the size and scope of the Class, and Plaintiff intended to perform follow-up discovery (some, but not all of which would come from Defendant) with respect to other issues concerning class certification—such as whether a particular loan was a "federally related mortgage loan," or whether Defendant acted as a "servicer" with regard to a particular loan. *See*, Motion, pp. 8-9, 22, 26. Although that information may touch on the merits of a potential Class member's claim, it will also, in aggregate, demonstrate the suitability of class certification.

For example, the requested follow-up discovery would reveal the percentage of Class members that had "federally related mortgage loans"—as defined by 12 U.S.C. § 2605(e)(1)(A) and 12 CFR § 1024.2(b). This would be important because approximately 93% of mortgage loan debt in the United States is held by institutions that would render those mortgages "federally related mortgage loans." *See*, Board of Governors of the Federal Reserve System, *Mortgage Debt Outstanding (Release Date: June 2017)*, *https://www.federalreserve.gov/econresdata/releases/mortoutstand/current.htm* (last accessed August 3, 2017). If a similar percentage of potential Class members' loans were "federally related mortgage loans," the requested discovery would certainly help establish that the Rule 23 factors of commonality, typicality, predominance, and superiority are satisfied.[4] Therefore, the

---

[4] Furthermore, this example demonstrates that, even if other courts have determined that establishing whether a loan is a "federally related mortgage loan" weighs against class certification, the requested discovery may uncover the type of "'unique facts' of this case" that differentiate it from those decided by other courts. *Landsman & Funk PC v. Skinder-Strauss Associates*, 640 F.3d 72, 94 (3rd Cir. 2011) (*opinion reinstated* 2012 WL 2052685 (3rd Cir. 2012)) (noting that "the unique facts of each case generally will determine whether certification is proper" and differences that prevented certification in other cases "may be defeated by common proof developed in discovery").

unredacted information sought by Plaintiff's Requests for Production Nos. 12 through 15 is discoverable.

Finally, even though Defendant claims that it "only redacted personal information," Plaintiff has no way to verify that this assertion is correct, and believes that other important information has been redacted as well. For example, the *first* page of Defendant's document production in response to Plaintiff's Requests for Production Nos. 12 through 15 is a facsimile cover sheet for correspondence sent from a borrower's attorney to Defendant, but the information in the "Re:" field —referencing what the underlying facsimile concerns—is redacted.[5] *Re*, Merriam-Webster Online, *https://www.merriam-webster.com/dictionary/re* (last accessed August 3, 2017). This entire issue can be avoided if the unredacted documents are produced, which is warranted because there is no countervailing reason to permit these redactions.

**B.      Defendant's Responses to Plaintiff's Request for Admission No. 13 Is Inadequate.**

As set forth in the Motion, the information necessary to respond to Plaintiff's Request for Admission No. 13 is readily available to Defendant, and it should not be permitted to refuse to answer it solely because that information is not within its exclusive custody. *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981); *Evenson v. Palisades Collection, LLC*, 2014 WL 5439791, at *6 (S.D. Ohio 2014)

 (citing Fed. R. Civ. P. 36(a)(4)). As such, Defendant's response to Plaintiff's Request for

---

[5] Because the documents produced in response to Plaintiff's Requests for Production Nos. 12 through 15 are marked "confidential" and the Protective Order entered in this case "does not authorize filing under seal," Plaintiff is not attaching the referenced document as an exhibit to this Reply. *See*, Dkt # 20, ¶ 3. Upon request, Plaintiff can produce this document to the Court for an *in camera* review.

8

Admission No. 13 is inadequate, and if not deemed admitted, Plaintiff will seek attorneys' fees and costs once that fact is proven to be true. Fed. R. Civ. P. 37(c)(2).

      **C.**      **Defendant's Objections to Plaintiff's Interrogatory No. 19 Are Inadequate.**

As noted in the Motion, Plaintiff, for clarity, divided each item requested by Plaintiff in her RFIs and NOEs to Defendant into a subpart of Interrogatory No. 19. *See*, Motion, p. 24. Nevertheless, these divisions were part of the same question, and the entirety of Plaintiff's Interrogatory No. 19 is considered to be single Interrogatory for purposes of Fed. R. Civ. P. 33(a)(1). *Wilkinson v. Greater Dayton Reg'l Transit Auth.*, 2012 WL 3527871, at *2-3 (S.D. Ohio 2012). As such, Defendant's objection on that point is improper.[6]

Defendant's objection as to relevance is similarly insufficient. Interrogatory No. 19 is relevant to Defendant's policies and procedures in responding to correspondence from borrowers. For example, Defendant's response to Interrogatory No. 19 may indicate that it treats questions related to servicing similarly to those unrelated to servicing. This would weigh upon the Rule 23 factors of commonality, typicality, predominance, and superiority because it would indicate that Defendant uniformly responds to inquiries from borrowers by asserting the "active litigation" exception at issue, without performing an individualized analysis of whether a particular correspondence constitutes as QWR—thus triggering its obligations under RESPA and Regulation X.

Conversely, if Defendant treats questions related to servicing differently than those unrelated to servicing, Defendant's responses to those inquiries could provide an important

---

[6] To the extent that the Court determines that the subparts of Plaintiff's Interrogatory No. 19 constitute separate Interrogatories, Plaintiff requests leave to serve those subparts as additional Interrogatories.

distinction between which inquiries it determined to be related to servicing, and which it did not. To demonstrate, Defendant's own prior actions would support a finding that a particular borrower's inquiry related to servicing—and Defendant may be estopped from arguing otherwise. As such, Defendant's response to Interrogatory No. 19 may indicate that there is common evidence that can be used to show which borrowers are Class members. Therefore, Interrogatory No. 19 seeks relevant information.

**D.     The Court Should Extend the Deadline for Non-Expert Fact Discovery by 90 Days.**

As set forth in the Motion and the Response, the parties have been able to resolve several discovery disputes that have arisen during the course of this litigation. However, those compromises have led to delays in Defendant's production of documents to Plaintiff, and have precluded Plaintiff from engaging in follow-up discovery.

For example, Plaintiff sought QWRs sent from potential Class members to Defendant, and Defendant's responses thereto, in her *First Set of Requests For Admission, Written Interrogatories, and Requests For Production of Documents* which were served on February 16, 2017. For purposes of efficiency, Plaintiff chose to request those documents first, and then intended to engage in subsequent discovery based on the documents produced. Indeed, it would clearly have been unduly burdensome to request individualized information for approximately

24,033,000 accounts,[7] rather than waiting to determine which of those borrowers sent QWRs, and requesting a much more limited set of documents.

After much back and forth between the parties, and multiple attempts to compromise, Plaintiff finally received a heavily redacted sample of the requested documents on June 9, 2017—nearly four (4) months later. Plaintiff diligently attempted to review that sample—and the other documents Defendant produced, which constituted nearly 9,000 pages—but was only able to complete her review shortly before the non-expert fact discovery deadline.

In light of Plaintiff's compromises with Defendant, Defendant's delay in producing the requested documents, and the time it took Plaintiff to review those documents, Plaintiff believed that an extension of the non-expert fact discovery deadline was warranted. However, Defendant disagreed. As such, Plaintiff did not have time to make further compromises with Defendant, and was forced to send out deposition notices and subsequent discovery requests based upon the limited information she had available.

A modest extension of the non-expert fact discovery deadline would permit Plaintiff to engage in more targeted follow-up discovery, and adequately prepare for the currently scheduled deposition. In addition, additional time would allow the parties to address any subsequent issues with Plaintiff's currently outstanding discovery requests, avoiding further Court intervention into any disputes that may arise. Therefore, the Court should extend the deadline for non-expert fact discovery by 90 days.

---

[7] This number is calculated based on the fact that Defendant held approximately thirty percent (30%) of the market share for mortgages in the United States (*See*, Complaint, ¶ 41) and the fact that there are 80.11 million mortgage accounts in the United States (*See*, Federal Reserve Bank of New York, Center for Microeconomic Data, *Quarterly Report on Household Debt and Credit (Q1:2017)*, *https://www.newyorkfed.org/microeconomics/databank.html* (last accessed August 3, 2017)).

**III. CONCLUSION.**

In order for Plaintiff to be able to support her anticipated Renewed Motion for Class Certification, additional discovery is necessary. As such, the Court should allow Plaintiff to engage in further discovery by compelling Defendant's responses to the discovery requests at issue in this Motion, and extending the deadline for non-expert fact discovery by 90 days.

WHEREFORE, Plaintiff prays that the Court grant Plaintiff's Motion to Compel, order Defendant to respond to Plaintiff's discovery requests as set forth herein within 14 days, extend the deadline for the completion of fact discovery by 90 days, and for any other relief the Court deems just and appropriate.

Respectfully submitted,

/s/Marc E. Dann, Esq.
Marc E. Dann (0039425)
Brian D. Flick (0081605)
THE DANN LAW FIRM CO., L.P.A.
P.O. Box 6031040
Cleveland, OH 44103
(513) 645-3488
(216) 373-0536 e-fax
notices@dannlaw.com
*Co-Counsel for Plaintiff*

Thomas A. Zimmerman, Jr.
(admitted *pro hac vice*)
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
tom@attorneyzim.com
*Attorneys for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 4, 2017, the above and foregoing *Reply in Support of Plaintiff's Motion to Compel Defendant's Responses to Plaintiff's Discovery Requests and to Extend the Non-Expert Discovery Deadline* was be served upon counsel of record in this case via the U.S. District Court CM/ECF System:

                                      /s/ Marc E. Dann
                                      Marc E. Dann
                                      The Dann Law Firm
                                      *Attorneys for Plaintiff and the Class*