# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **RACHEL LIEBER,** individually, and on behalf of all others similarly situated, | CASE NO. 16-cv-02868-PAG |
| Plaintiff, | Judge Patricia A. Gaughan |
| vs. | **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS** |
| **WELLS FARGO BANK, NA,** | |
| Defendant. | |

NOW COMES Plaintiff Rachel Lieber ("Plaintiff"), by and through counsel, and for her *Response to Defendant's Motion to Strike Class Allegations* ("Response"), states as follows:

## I. INTRODUCTION.

On July 27, 2017, Defendant Wells Fargo Bank, NA ("Defendant") filed its *Motion to Strike Class Allegations* ("Motion to Strike"). (Dkt. # 27). In the Motion to Strike, Defendant preemptively raises its arguments as to why it believes that a Class cannot be certified in this case. However, *before* the Motion to Strike was fully briefed, the parties completed Class discovery and Plaintiff served her *Renewed Motion for Class Certification* ("Motion for Class Certification") on Defendant's counsel.[1] As such, the Motion to Strike should be denied as moot.

## II. ARGUMENT.

"The purpose of a motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case." *Nwanguma*

---

[1] As of this Response, Plaintiff had not yet filed her Motion for Class Certification, as the Court had yet to grant her leave to file it under seal.

*v. Trump*, 2017 WL 1234152, at *9 (W.D. Ky. 2017) (internal quotations omitted). However, "because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

To that end, motions to strike class allegations are proper "where it is facially apparent from the pleadings that class claims cannot satisfy one or more of Rule 23's requirements," such that "it may be proper to decide the issue prior to the allowance of discovery." *Legrand v. Intellicorp Records, Inc.*, 2016 WL 1161817, at *2 (N.D. Ohio 2016). However, in this case, Class discovery has already been completed, and the issue of Class certification is will be fully before the Court relative to Plaintiff's Motion for Class Certification, once it is filed under seal.

Since there is no more Class discovery to be completed, the Motion to Strike would not grant Defendant any meaningful relief, and would not serve the purposes of justice. Similarly, all issues raised relative to whether the putative Class in this case should be certified are addressed in Plaintiff's Motion for Class Certification.

Indeed, the Motion to Strike "does not free the District Court from the duty of engaging in a rigorous analysis of the question" of Class certification. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011); *Legrand*, 2016 WL 1161817 at *2 ("A motion to strike class allegations is not a substitute for class determination and should not be used in the same way."). As such, the Court is required to perform the same analysis relative to the Motion to Strike as it must relative to the Motion for Class Certification. Therefore, consideration of the Motion to Strike would be a waste of this Court's resources.

**III.    CONCLUSION.**

Since Class discovery has already been completed in this case, the Motion to Strike would not grant Defendant any other relief than denying Class certification in this case. However, a determination of that issue will be decided based on the outcome of Plaintiff's Motion for Class Certification.  As such, the Court should deny the Motion to Strike as moot.

WHEREFORE, Plaintiff prays that the Court deny the Motion to Strike, and grant any other relief the Court deems just and appropriate.


Plaintiff RACHEL LIEBER, individually, and on behalf of all other persons and entities similarly situated,


By: /s/ Thomas A. Zimmerman, Jr.
    Marc E. Dann
    Brian D. Flick
    The Dann Law Firm
    P.O. Box. 6031040
    Cleveland, Ohio 44103
    notices@dannlaw.com

    Thomas A. Zimmerman, Jr.
    (admitted *pro hac vice*)
    Zimmerman Law Offices, P.C.
    77 W. Washington Street, Suite 1220
    Chicago, Illinois 60602
    tom@attorneyzim.com

*Attorneys for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 2, 2017, the above and foregoing *Response to Defendant's Motion to Strike Class Allegations* was served upon counsel of record in this case via the U.S. District Court CM/ECF System:

      /s/ Thomas A. Zimmerman, Jr.
      Thomas A. Zimmerman, Jr.
      (admitted *pro hac vice*)
      Zimmerman Law Offices, P.C.

      *Counsel for Plaintiff and the Class*