# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RACHEL LIEBER, individually, and on behalf of all others similarly situated, | ) <br> ) CASE NO. 16-cv-02868-PAG <br> ) |
| Plaintiff, | ) Judge Patricia A. Gaughan <br> ) |
| vs. | ) **PLAINTIFF'S UNOPPOSED MOTION** <br> ) **FOR AN EXTENSION OF TIME TO** |
| WELLS FARGO BANK, NA, | ) **FILE HER REPLY IN SUPPORT OF** <br> ) **HER RENEWED MOTION FOR CLASS** |
| Defendant. | ) **CERTIFICATION** |

NOW COMES Plaintiff Rachel Lieber ("Plaintiff"), by and through counsel, and for her *Unopposed Motion for an Extension of Time to File Her Reply in Support of Her Renewed Motion for Class Certification* ("Motion"), states as follows:

On October 3, 2017, Plaintiff filed her *Renewed Motion for Class Certification* ("Motion for Class Certification"). (Dkt. # 49). Defendant filed its response in opposition to the Motion for Class Certification ("Response") on October 16, 2017. (Dkt. # 52).

Pursuant to Local Rule 7.1(e), Plaintiff's reply in support of her Motion for Class Certification ("Reply") is to be filed on or before October 23, 2017. For the reasons set forth below, Plaintiff seeks a seven day extension of that October 23, 2017 deadline, such that the Reply would be due on or before October 30, 2017.

Pursuant to Rule 6, the Court may grant the requested extension for "good cause." Fed. R. Civ. P. 6(b)(1). "Under Rule 6, 'good cause' is not a high standard." *McCann v. Cullinan*, 2015 WL 4254226, at *7 (N.D. Ill. 2015) (citing *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)).

Here, there is good cause for the requested extension of time. As demonstrated below, Plaintiff's counsel will be required to appear on several emergency matters that were unknown to Plaintiff's counsel at the time the Motion for Class Certification was filed.

For example, Plaintiff's counsel will be required to appear at a hearing on a motion for a temporary restraining order ("TRO Hearing") in the United States District Court for the District of New Jersey in the matter *Kendall v. Equifax Information Services, LLC*, Case No. 17-cv-06922 (D. N.J.) *("Kendall")*. Originally, that TRO Hearing was scheduled for November 6, 2017, pursuant to the *Kendall* court's September 29, 2017 order. *See*, printout of *Kendall* docket, attached hereto as <u>Exhibit A</u>. However, on October 11, 2017, the *Kendall* court rescheduled the TRO Hearing for October 16, 2017. *See*, <u>Exhibit A</u>. Then, on October 12, 2017, the *Kendall* court rescheduled the TRO Hearing for October 19, 2017. *See*, <u>Exhibit A</u>.

Plaintiff's counsel will also be required to attend a hearing for an order of replevin ("Replevin Hearing")—brought pursuant to 735 ILCS 5/19-101, *et seq.*—in the Circuit Court of Cook County, Illinois on October 20, 2017, in the matter *At World Properties, LLC v. Mark Ink Graphics, Inc. et al.*, Case No. 17 L 050795 (Cook County, IL) ("Replevin Case"). That Replevin Hearing was originally scheduled for October 3, 2017, but was continued to October 20, 2017. *See*, October 3, 2017 order in Replevin Case, attached hereto as <u>Exhibit B</u>.

In addition, Plaintiff's counsel will be required to attend an informal disciplinary conference[1] on October 19, 2017, before the Illinois Department of Financial and Professional Regulation ("Illinois Department") in the administrative matter *Illinois Department of Financial and Professional Regulation v. Tejas Pravinchandra Patel, et al.*, Case No. 2016-8226 ("Illinois Department Matter"). *See*, Notice of Informal Disciplinary Conference for Illinois Department

---

[1] An informal disciplinary conference before the Illinois Department is similar to a settlement conference.

Matter, attached hereto as Exhibit C. Plaintiff's counsel was only recently retained in that matter—as demonstrated by Plaintiff's counsels' appearance filed in the Illinois Department Matter on October 11, 2017, which is attached hereto as Exhibit D—and was unable to reschedule that informal disciplinary conference.

The TRO Hearing, Replevin Hearing, and Illinois Department Matter all involve complex issues of law, and will require significant preparation of evidence, witnesses, and counsel on relatively short notice. Moreover, all of those matters must be timely addressed, and are unable to be rescheduled.[2]

Taken in conjunction with the fact that the Response raises new issues relative to the purported existence of a "fail-safe" Class, and references over 1,000 pages of exhibits, Plaintiff's counsel will be unable to adequately complete the Reply by the October 23, 2017 deadline. Therefore, Rule 6's good cause standard is satisfied.

In addition, if a request for an extension of time is made before the applicable deadline, as is the case here, it is evaluated under a "more lenient standard." *Ammons-Lewis v. Metro. Water Reclamation Dist. of Greater Chicago*, 2012 WL 6019013, at *1 (N.D. Ill. 2012). "Consequently, requests for extensions of time made before the applicable deadline has passed should normally…be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian*, 624 F.3d at 1259 (9th Cir. 2010) (internal quotations omitted). These factors also weigh in favor of granting the requested extension.

---

[2] Indeed, the TRO Hearing and Replevin Hearing involve preliminary remedies designed to immediately preserve the status quo during the pendency of those respective cases. *See*, *Reid v. Hood*, 2011 WL 251437, at *2 (N.D. Ohio Jan. 2011) ("The Sixth Circuit has explained that the purpose of a TRO…is to preserve the status quo so that a reasoned resolution of a dispute may be had.") (internal quotations omitted); 735 ILCS 5/19-107 (noting that an order of replevin shall be issued "if the plaintiff establishes a prima facie case to…possession…and…demonstrates to the court the probability that the plaintiff will ultimately prevail on the underlying claim to possession").

First, the extension will not prejudice Defendant, and **Defendant does not oppose this Motion**. Second, this matter is set for a settlement conference to be held on October 25, 2017. (Dkt. # 44). Plaintiff believes that this matter can be resolved during that settlement conference, which may obviate the need for Plaintiff to file her Reply. As such, the requested extension would serve to avoid unnecessary briefing on Plaintiff's Motion for Class Certification, and conserve the resources of the parties and the Court. Therefore, this Motion should be granted.

WHEREFORE, Plaintiff prays that the Court reset the deadline for Plaintiff to file her Reply, such that the Reply is to be filed on or before October 30, 2017, and for any other relief the Court deems just and appropriate.

Plaintiff RACHEL LIEBER, individually, and on behalf of all other persons and entities similarly situated,

By: /s/ Thomas A. Zimmerman, Jr.
Marc E. Dann
Brian D. Flick
The Dann Law Firm
P.O. Box. 6031040
Cleveland, Ohio 44103
notices@dannlaw.com

Thomas A. Zimmerman, Jr.
(admitted *pro hac vice*)
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
tom@attorneyzim.com

*Attorneys for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

       I hereby certify that on October 18, 2017, the above and foregoing *Unopposed Motion for an Extension of Time to File Her Reply in Support of Her Renewed Motion for Class Certification* was served upon counsel of record in this case via the U.S. District Court CM/ECF System:

       /s/ Thomas A. Zimmerman, Jr.
       Thomas A. Zimmerman, Jr.
       (admitted *pro hac vice*)
       Zimmerman Law Offices, P.C.

       *Counsel for Plaintiff and the Class*