# <u>SETTLEMENT AGREEMENT AND RELEASE</u>

 This Settlement Agreement and Release ("Agreement") is entered into as of this 20th day of November, 2017, by and between the named Plaintiff, Rachel Lieber ("Plaintiff"), individually and as representative of the Class, on the one hand, and Wells Fargo Bank, N.A ("Wells Fargo") on the other hand (collectively, Plaintiff and Wells Fargo are referred to as the "Parties"). This Agreement, together with its Exhibits, is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the claims released through the settlement set forth herein.

I. <u>Recitals</u>. The following recitals are material terms of this Agreement. This Agreement is made with reference to, and in contemplation of, the following facts and circumstances:

 a. On November 15, 2016, Plaintiff filed an action against Wells Fargo in the Court of Common Pleas for Cuyahoga County, Ohio.

 b. On November 25, 2016, Wells Fargo filed a Notice of Removal, removing the Action to the United States District Court for the Northern District of Ohio. On March 17, 2017, Plaintiff filed a First Amended Class Action Complaint.

 c. Plaintiff alleges that Wells Fargo violated the Real Estate Settlement Procedures Act ("RESPA") and sought damages, on behalf of herself and others similarly situated, for Wells Fargo's alleged failure to properly respond to qualified written requests, requests for information, and/or notices of error because of active litigation, active mediation, or active bankruptcy.

 d. Wells Fargo vigorously denies all claims asserted against it in the Action, denies all allegations of wrongdoing and liability, and has asserted numerous defenses as to both liability and damages. Moreover, Wells Fargo claims that Plaintiff cannot certify a class in this Action.

 e. The Parties have engaged in discovery regarding the claims asserted. Following extensive arm's length negotiations and with the assistance of United States Magistrate Judge Jonathan Greenberg in a 2-day mediation, the Parties reached this settlement.

 f. The Parties understand, acknowledge, and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims. This Agreement is inadmissible as evidence against Wells Fargo except to enforce the terms of the settlement and is not an admission of wrongdoing or liability on the part of any of the Parties. It is the Parties' desire and intention to effect a full, complete, and final settlement and resolution of all existing disputes and claims as set forth herein.

 g. Wells Fargo represents that its current corporate policy is to comply with all of the provisions of RESPA related to responding to qualified written requests, requests for information, and notices of error, including in situations where its Borrower is in active litigation, active mediation, or active bankruptcy, and that when there is active litigation,

**EXHIBIT A**

active mediation, or active bankruptcy, it coordinates its responses to qualified written requests, requests for information, and notices of error with its litigation counsel.

II. <u>Definitions</u>. As used in this Agreement, capitalized terms have the meanings specified below:

a. "Action" means and refers to the matter entitled *Rachel Lieber v. Wells Fargo Bank, N.A.*, Case No. 1:16-cv-02868-PAG, pending in the United States District Court for the Northern District of Ohio.

b. "Administrator" shall mean Epiq Systems, Inc., or such other administrator to which the parties shall agree.

c. "Borrower" means any Person who is personally liable to make payments on a Federally Related Mortgage Loan. Borrower does not include a Person who signs only a mortgage or deed of trust, but not a promissory note or other document evidencing a payment obligation.

d. "Claimant" means all Potentially Eligible Claimants: (i) whose qualifications as a Class Member are not disputed; or (ii) whose qualifications as a Class Member are not timely disputed; or (iii) whose qualifications as a Class Member are disputed but who is determined by the Court to be a Class Member.

e. "Claim Form" means a form to be completed by Class Members to apply for a cash payment under this Agreement, the Parties' proposed form of which is attached hereto as Exhibit 1.

f. "Claim Period" means the period of time in which those individuals on the Notice List may submit a Claim Form to be eligible to receive a payment as part of the settlement. The last day of the Claim Period will be no later than forty-five (45) days after the date set for the Final Approval Hearing.

g. "Class" means those Persons who qualify as Class Members and who do not opt out.

h. "Class Counsel" means Marc E. Dann and Brian D. Flick, The Dann Law Firm, P.O. Box 6031040, Cleveland, Ohio 44103, and Thomas A. Zimmerman, Jr., Zimmerman Law Offices, P.C., 77 W. Washington Street, Suite 1220, Chicago, Illinois 60602.

i. "Class Member" means a Person who: (i) is on the Notice List; (ii) was a Borrower on a Federally Related Mortgage Loan during the Class Period; (iii) sent a writing (that was not a payment coupon) to Wells Fargo at the Designated Address requesting information about or asserting an error concerning that Federally Related Mortgage Loan; and (iv) to whom neither Wells Fargo nor its counsel provided all of the requested information or corrected the error within the time provided by 12 U.S.C. 2605(e).

j. "Class Notice" means the written "Notice of Pendency of Class Action and Proposed Settlement," the Parties' proposed form of which is attached hereto as Exhibit 2, that will be mailed to each person identified on the Notice List, along with a Claim Form.

k.  "Class Period" means November 15, 2013 to February 1, 2017.

l.  "Court" means the United States District Court for the Northern District of Ohio.

m.  "Designated Address" means PO Box 10335, Des Moines, IA 50306.

n.  "Distribution Date" means the date that the Administrator sends the settlement payments to Claimants.

o.  "Effective Date" means the date fourteen (14) days after the last of the following conditions have occurred: (a) this Agreement has been signed by the named Plaintiff, Class Counsel, Wells Fargo, and Wells Fargo's counsel; (b) orders have been journalized by the Court conditionally certifying the Settlement Class, granting preliminary approval of the settlement, and approving the Class Notice; (c) the Court-approved Class Notice has been duly provided as ordered by the Court; (d) Wells Fargo has not elected to withdraw from or terminate the settlement in accordance with the terms of this Agreement; (e) the Court has journalized a final order approving the settlement; (f) the Court has journalized a final order with respect to any attorneys' fees and expenses to be awarded to Class Counsel and that order is Final and non-appealable; (g) the Court has journalized a final order with respect to the incentive payment to be awarded to Plaintiff and that Order is Final and non-appealable; (h) the Court has journalized a final Judgment dismissing the Action with prejudice and that final Judgment has become Final; and (i) the Court has journalized a Judgment dismissing the Action with prejudice, and thirty-five (35) days have expired without any appeal and/or petition for review being timely filed, or, if an appeal and/or petition for review is taken and the settlement is affirmed, the time period during which further petition for hearing, appeal or writ of certiorari can be taken has expired. If the Judgment is set aside, materially modified or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, the Judgment shall not become "final."

p.  "Federally Related Mortgage Loan" means a loan of money secured by a lien on a Person's Residence and which is: (a) made, insured, guaranteed, supplemented, or assisted by a lender that is insured or regulated by the Federal Government; or (b) is intended to be sold to Fannie Mae, Ginnie Mae, or Freddie Mac; or (c) is made by a creditor (that is not an agency or instrumentality of any State) that invests in residential real estate loans aggregating more than $1,000,000 per year. Federally Related Mortgage Loan does not include transactions that are primarily for business, commercial, or agricultural purposes, or that are to the government or government agencies or instrumentalities.

q.  "Final Approval" means that this Agreement has been finally approved by the Court and the Judgment has been journalized with the Clerk of Courts in accordance with this Agreement.

r.  "Final Approval Hearing" means the hearing at or after which the Court will make a final decision whether to approve the settlement set forth in this Agreement as fair, reasonable, and adequate.

s. "Final Approval Order" means the order to be journalized by the Court after the Final Approval Hearing, the Parties' proposed form of which is attached hereto as Exhibit 3.

t. "Judgment" means the final judgment and order that is journalized, and that grants Final Approval of the settlement, the Parties' proposed form of which is attached hereto as Exhibit 4, after it becomes Final. The Judgment shall be deemed "Final": (a) thirty-five (35) days after the Final Approval Order and Judgment are journalized if no document is filed within that time seeking appeal, review, rehearing, reconsideration, or any other action regarding the Final Approval Order and/or Judgment; or (b) if any such document is filed, then fourteen (14) days after the date upon which all appellate and/or other proceedings resulting from the document have been finally terminated in such a manner as to permit no further judicial action and that the settlement is affirmed; if the Judgment is set aside, materially modified or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, the Judgment shall not become "final."

u. "Notice List" means the list of persons identified by Wells Fargo as customers who contacted Wells Fargo during the Class Period at a time when there was a code on Wells Fargo's records showing that there was active litigation, active mediation, or active bankruptcy, and who received a letter from Wells Fargo referencing active litigation, active mediation, or active bankruptcy.

v. "Parties" means, Plaintiff and Wells Fargo, collectively.

w. "Person" means an individual.

x. "Plaintiff" means Rachel Lieber.

y. "Potentially Eligible Claimants" means those persons on the Notice List who timely submitted a completed Claim Form representing that they are a Class Member.

z. "Preliminary Approval Motion" means the motion to be submitted to the Court in connection with the preliminary approval hearing on the settlement provided by this Agreement.

aa. "Preliminary Approval Order" means the order to be submitted to the Court in connection with the preliminary approval hearing on the settlement provided by this Agreement, the Parties' proposed form of which is attached hereto as Exhibit 5.

bb. "Released Claims" means all actions, claims, debts, demands, causes of action and rights and liabilities whatsoever, at law or in equity, matured or unmatured, foreseen or unforeseen, known or unknown, suspected or unsuspected, contingent or non-contingent, whether class or individual in nature, against the Released Parties, belonging to Plaintiff and/or any or all Class Members and/or their respective heirs, assigns, beneficiaries, and successors, and any other Person claiming through or on behalf of them (collectively, the "Releasing Parties"), arising under federal state, local, statutory, or common law, or any other law, rule, or regulation, based upon, arising out of, or relating to, in any way, any request for information, qualified written request or notice of error submitted to Wells

Fargo during the Class Period, including all claims which were or which could have been brought in the Action arising out of Wells Fargo's alleged failure to properly respond to qualified written requests, requests for information, and/or notices of error because of active litigation, active mediation, or active bankruptcy. Released Claims include Unknown Claims, but do not include claims to enforce any of the terms of this Agreement.

cc. "Released Parties" means and includes: Wells Fargo (as herein defined), and its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, predecessors-in-interest, and/or any financial institutions, corporations, trusts, or other entities that serviced or may hold or have held any interest in any retail installment contract that was or is the subject of a Released Claim, and all of their respective past, present, or future officers, directors, employees, attorneys, shareholders, agents, vendors (including processing facilities), and assigns, as well as the holder, owner, or third-party servicer of any contract which is the subject of this Agreement.

dd. "Residence" means property where a Person lives and which is designed principally for the occupancy of from one to four families.

ee. "Settlement Costs" means and includes: (i) any incentive award to Plaintiff; (ii) Class Notice costs (including Class Notice, the printing and mailing of Class Notice, and any additional notice ordered by the Court); (iii) administration costs; and (iv) payments to Class Members.

ff. "Settlement Fund" means the sum of Two Hundred Fifteen Thousand Dollars and Zero Cents ($215,000.00) that Wells Fargo has agreed to pay in complete and final settlement of the Action.

gg. "Unknown Claims" means any and all claims that a releasing party does not know or suspect to exist in his, her, or its favor as of the Effective Date, and includes claims which, if known by the releasing party, might have affected his, her, or its decision(s) with respect to this Agreement. The Parties stipulate and agree that, upon the Effective Date, any Party releasing claims pursuant to this Agreement, and any party on behalf of whom claims are being released, including Class Members, expressly waives the provisions, rights and benefits of Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR

and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542. If any subsequently discovered facts are different from those which a releasing party now knows or believes to be true with respect to the

subject matter of a claim being released by this Agreement, the party releasing his, her, or its claim, including Class Members on whose behalf claims are being released, nevertheless fully, finally, and forever settle the claims being released by this Agreement, whether or not the subsequently discovered facts were concealed or hidden. The Parties acknowledge, and Class Members shall be deemed to have acknowledged, that the settlement of Unknown Claims was separately bargained for and was a key element of this Agreement.

hh. "Wells Fargo" means Wells Fargo Bank, N.A. and the Released Parties.

III. <u>The Benefits of Settlement</u>. In reaching the settlement set forth herein, Plaintiff and Class Counsel have taken into account the expense and length of trial on the claims alleged, the possible appeals, and the uncertain outcome of and risks presented by those claims and by collateral legal issues. Class Counsel is mindful of and recognizes the potential problems of proof and alleged defenses to the claims asserted. Plaintiff and Class Counsel believe that the settlement set forth in this Agreement confers substantial benefits upon the Class Members. Based upon their evaluation and investigation, including the discovery taken, Plaintiff and Class Counsel have determined that the settlement is fair, reasonable, and in the best interests of Plaintiff and the Class Members. Meanwhile, Wells Fargo desires to settle the Action on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing these proceedings.

IV. <u>Terms of Settlement</u>.

    a. <u>Conditional Certification of the Class</u>.

        i. Solely for the purposes of settlement, providing Class Notice, and implementing this Agreement, the Parties agree to conditional certification of the Class.

        ii. If the Court does not approve the settlement, certification of the Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in the Action. The Parties will be returned to their positions *status quo ante* with respect to the Action as if the settlement had not been entered into.

        iii. The Parties agree that the total amount of money that Wells Fargo agrees to pay in this settlement, inclusive of all payments for statutory attorneys' fees, payments to the Class Members, and all Settlement Costs, is Four Hundred Twenty Five Thousand Dollars and Zero Cents ($425,000.00) as set forth herein.

    b. <u>Settlement Fund</u>.

        i. <u>Payments to Settlement Fund</u>. In complete and final settlement of the Action, Wells Fargo has agreed to pay the Settlement Fund. Payments to the Settlement Fund shall be made in the manner set forth below.

1. Within twenty-one (21) days after Class Notice is disseminated by the Administrator, Wells Fargo shall pay to the Settlement Fund the costs of sending the Class Notice and Claim Form to persons on the Notice List as provided below.

2. Wells Fargo shall pay the balance of the Settlement Fund fourteen (14) days after the Effective Date.

ii. <u>Payments</u>. In complete and final settlement of the Action, Wells Fargo has agreed to pay the Settlement Fund, plus a separate payment of statutory attorneys' fees and costs in the amount of Two Hundred Ten Thousand Dollars and Zero Cents ($210,000.00). Payments shall be made in the manner set forth below.

1. The Administrator shall pay the costs of sending the Class Notice and Claim Form to persons on the Notice List and other costs of administration out of the initial payment from Wells Fargo.

2. After deducting notice costs, costs of administration, and the incentive payment, the Administrator shall create a settlement pool for the Claimants ("Settlement Pool"). Each Claimant will receive from the Settlement Pool the maximum amount of Three Thousand Five Hundred Dollars and Zero Cents ($3,500.00, "Maximum Claimant Payment"). If, due to the number of Claimants, the Settlement Pool is insufficient for each Claimant to receive the Maximum Claimant Payment, each Claimant's monetary relief will be reduced pro rata, so that the total value of the amounts paid to Claimants equals the amount remaining in the Settlement Pool. If, however, the amount of money remaining in the Settlement Pool is greater than the amount required to satisfy the Maximum Claimant Payment, the remainder shall be paid *cy pres* to the Legal Aid Society of Cleveland.

3. No interest will accrue on payments made available through this Agreement.

4. Only one payment will be made for each loan. If more than one Borrower on a loan qualifies for a payment, the Administrator shall make a pro-rata payment of the share of the Settlement Pool for each loan.

5. Wells Fargo shall separately pay the attorneys' fees and costs to Class Counsel in the amounts and at the times provided below.

c. <u>Conditional Certification</u>. Upon full execution of this Agreement, the Parties shall take all necessary steps to file a Preliminary Approval Motion to obtain a Preliminary Approval Order, in the form attached as Exhibit 5, granting conditional certification of the Class, granting preliminary approval of this Agreement, and approving the form and method of notice to the Class set forth herein.

d. <u>Notice List</u>. Within fourteen (14) days of the Court entering the Preliminary Approval Order, Wells Fargo will provide the Notice List to the Administrator.

e. <u>Preliminary Approval and Class Notice</u>.

    i.  <u>Preliminary Approval Motion</u>. As soon as practical after execution of this Agreement, and in accordance with the procedures and time schedules below, counsel for all Parties shall prepare and file all appropriate notices, motions, and proposed order forms, as reasonably necessary to obtain both preliminary and final approval of this Agreement from the Court. The Parties shall cooperate, and as appropriate, shall join with their respective Counsel in seeking to accomplish the following:

        1.  As soon as practical after execution of this Agreement by the Parties, counsel for the Parties shall either submit or file this Agreement in a manner consistent with the Court's procedures, along with any and all attachments, requesting preliminary approval from the Court which shall include a request that the Court approve the mailing of the Class Notice to the persons on the Notice List. All Parties shall join in that request, and shall support any order approving this Agreement through any appeal, if necessary; and

        2.  The Preliminary Approval Order shall require and the Class Notice shall set forth that any objections to this Agreement must be made in writing, filed with the Court, and served upon Class Counsel as more fully described in paragraph IV.f.vi, below. The Notice shall further provide that any objection that is not received within the time set by the Court is deemed waived. The Administrator shall maintain a telephone number that may be called by Class Members who may have questions regarding this Agreement; and,

        3.  Within ten (10) days after the filing of the Preliminary Approval Motion with the Court, Wells Fargo shall serve upon the appropriate state official of each state in which a member of the Notice List resides and the appropriate federal official a notice of the proposed Settlement, in accordance with the requirements of 28 U.S.C. § 1715, the Class Action Fairness Act ("CAFA") (the "CAFA Notice"); and,

        4.  The Parties shall jointly request a date for the Final Approval Hearing, which shall be no less than 90 days after the CAFA Notice is served.

    ii.  <u>The Preliminary Approval Order</u>. The Preliminary Approval Order entered by the Court shall be substantially in the same form as Exhibit 5 attached hereto, but as a condition of this Agreement shall at a minimum contain the following provisions:

        1.  Preliminary certification of the Class and approval of this Agreement, and subject to any objections that may be presented to the Court prior to the Final Approval Hearing, a finding that the settlement contained within this Agreement is fair, adequate, reasonable, and in the best interests of the Class; and

        2.  Approval of the form of a Class Notice that includes the general terms of the settlement set forth in this Agreement (substantially in the form of Exhibit 2 attached hereto) and the procedures for objections described below, and directing

the Administrator to cause to be mailed by first class mail the Class Notice to all persons on the Notice List at their respective addresses within forty-five (45) days from the date of entry of the Preliminary Approval Order; and

    3. A finding that the mailing of the Class Notice by regular first class mail to the Class constitutes valid, due and sufficient notice to the Class, and constitutes the best notice practicable under the circumstances, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law.

iii. <u>Timing and Form of Class Notice</u>. The Administrator will provide Notice to the Class Members by regular first class mail, substantially in the form attached hereto as Exhibit 2, which shall also include a Claim Form. Class Notice shall be accomplished within forty-five (45) days following the date of entry of the Preliminary Approval Order by the Court. Within fourteen (14) days of the deadline to object or opt-out of the settlement, the Administrator shall provide an affidavit to counsel for the Parties attesting to the manner of giving notice and the details regarding the mailings.

iv. <u>Procedure and Format of Class Notice</u>. Each person listed on the Notice List shall be mailed a Class Notice and Claim Form. The Class Notice and Claim Form must be sent by First Class Mail through the United States Postal Service. Before addressing and mailing the envelopes containing the Class Notice and Claim Form, the Administrator will update the addresses by means of the National Change of Address databank (NCOA) maintained by the U.S. Postal Service. In the event the Class Notice is returned undeliverable, the Administrator will attempt locate an updated address for re-mailing using databases such as Accurint, LexisNexis, or a comparable service. If the amount of money to be paid to each Claimant is $600.00 or more, the Administrator shall obtain the tax identification number of each Claimant, and any other necessary tax information and forms, prior to sending a settlement check to that Claimant.

v. <u>Review of Notice</u>. Class Counsel and Wells Fargo shall be provided copies of any and all form notices and other communications to be sent by the Administrator, as well as all enclosures to review and approve in advance of mailing.

vi. <u>Costs of Notice</u>. The costs of notice shall be paid from the Settlement Fund.

f. <u>Claims Administration</u>.

i. <u>Claims Processing, Administrative Oversight, and Denied Claims</u>.

    1. To be eligible to receive a payment from the Settlement Fund, a Class Member must submit a completed Claim Form within the Claim Period to the address specified on the Notice.

    2. Any Class Member who fails to submit a Claim Form during the Claim Period shall be forever barred from receiving any payment pursuant to this Agreement

(unless, by order of the Court, a later submitted Claim Form by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Agreement and the settlement including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

3.  The Administrator shall review the Claim Forms to insure that they have been completed properly, and may provide a Class Member the opportunity to cure any facially defective Claim Form, provided that any defect must be cured prior to the end of the Claim Period.

4.  A Claim Form shall be deemed invalid and shall not be eligible for compensation under this Agreement if the Claimant does not appear on the Notice List.

5.  Each Class Member must fully complete all portions of the Claim Form designated as "required" and must sign the Claim Form. Any Claim Form that is materially false or incomplete with regard to "required" fields shall be deemed invalid and shall not be eligible for compensation under this Agreement.

6.  Each Claim Form must state the proper party to receive the payment from the Settlement Fund. The Administrator will have no obligation to honor any Claim Form received with a postmark dated after the end of the Claim Period, even if such claim otherwise would be valid.

7.  To be eligible to receive a payment from the Settlement Fund, the Claim Form must be submitted by a person who (i) is a Class Member; (ii) has not opted-out of the settlement; (iii) is not be deemed ineligible under any other provision of this Agreement; and (iv) meets other criteria as set forth in this Agreement.

8.  Within thirty (30) days following the expiration of the Claim Period, the Administrator shall provide Wells Fargo with a list of Potentially Eligible Claimants ("Potentially Eligible Claimants Report").

9.  Within fourteen (14) days of receiving the Potentially Eligible Claimants Report, counsel for Wells Fargo will provide the Administrator and Class Counsel with a report ("Denied Claims Report") of those Claim Forms which Wells Fargo asserts are invalid, along with a reason for the denial and any supporting documents. Class Counsel will have fourteen (14) days after receiving the Denied Claims Report to dispute any such denied claims ("Disputed Claims Report"). Claims that are not timely disputed by Class Counsel will be deemed to be rejected, and the Potentially Eligible Claimants to whom those claims relate will not be entitled to payment from the Settlement Fund.

10. The parties will attempt in good faith to resolve any Claim on the Disputed Claim Report and, should they fail to resolve any such dispute, either party may submit the Disputed Claim to the Court for summary and non-appealable resolution within thirty (30) days of the Disputed Claims Report. All Disputed Claims

timely submitted to the Court for resolution and determined by the Court to be valid shall be deemed eligible for a payment from the Settlement Pool.

11. Class Members who are eligible for a payment from the Settlement Fund shall receive a check from the Administrator. Each check mailed shall bear a conspicuous legend indicating that it will be void if not cashed within six (6) months after issuance. In the event a check becomes void or is returned, absent error on the part of the Administrator, the Claimant shall forfeit his/her right to payment, but this Agreement shall in all other respects be fully enforceable against the Claimant. In the event a check is returned as undeliverable, absent error on the part of the Administrator, the Administrator shall have no further obligation to re-mail the check. Void or returned payments shall be paid *cy pres* to the Legal Aid Society of Cleveland. Additionally, if the amount of money to be paid to each Claimant is $600.00 or more, the money for any Claimants who do not provide the Administrator with the necessary tax identification information, or any other necessary tax information and forms, shall be paid *cy pres* to the Legal Aid Society of Cleveland.

ii. <u>Payments from Settlement Fund</u>. If this Agreement is preliminarily approved by the Court, the Administrator shall make an estimate of the cost for postage, and the costs of administration prior to the Final Approval Hearing, and provide an invoice to Wells Fargo for that amount, along with a valid (form revised in 2017), fully-executed and dated I.R.S. form W-9. Wells Fargo will make the payments into the Settlement Fund as set forth in this Agreement.

iii. <u>Calculation of Payments to Claimants</u>. Within fourteen (14) days after resolution of the Disputed Claims by the Court, if any, counsel for Wells Fargo and Class Counsel shall submit to the Administrator a list of Claimants. The list of Claimants shall be kept confidential by the Administrator and shall not be shared with any third party. After deducting the incentive award to Plaintiff, payments for the provision of notice, and payments for administration, the Administrator shall make a determination of the amounts available for payment to the Claimants. Within fourteen (14) days after receiving the list of Claimants, the Administrator will then certify and submit an affidavit to counsel for the Parties of those individuals who are Claimants and the proposed amount of payment ("Payment List"). Counsel for the parties shall have fourteen (14) days to object to the calculations reflected in the Payment List. The Administrator will resolve any objections. Within seventy-five (75) days after receiving any such objections to the calculations in the Payment List, the Administrator shall distribute the payment checks ("Distribution Date").

iv. <u>Payment Report.</u> Within seven (7) months after the Distribution Date, the Administrator will provide to Class Counsel and Wells Fargo a report ("Payment Report") detailing what payments were made and what checks were not cashed.

v. <u>Opt-Out Right</u>.

1. Persons in the Class shall be given the opportunity to opt out of the settlement. Each Person in the Class who wishes to opt out shall do so by serving, via first class mail, postage pre-paid, a written request for exclusion which must be postmarked to the address specified in the Class Notice within forty-five (45) days after the date that the Class Notice is mailed to the Persons on the Notice List.

2. Opt-out requests must: (i) be signed by the Person(s) requesting exclusion; (ii) include the full name and address of the Person(s) requesting exclusion; (iii) be timely postmarked and mailed to the address designated in the Class Notice; and (iv) include the following statement: "I/we request to be excluded from the proposed class settlement in *Rachel Lieber v. Wells Fargo Bank, N.A.* Case No. 1:16-cv-02868-PAG (United States District Court for the Northern District of Ohio)." No request for exclusion will be valid unless all of the information described above is included and it is timely postmarked. The Administrator will retain a copy of all requests for exclusion and will, within fourteen (14) days of the deadline to object or opt-out of the settlement, provide a copy of any such requests to Class Counsel and provide an affidavit verifying the number of opt-out requests received. Class Counsel will keep any such opt-out information confidential and will use it only for purposes of determining whether a person has properly opted out.

3. All Persons in the Class who do not opt-out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action.

4. All Persons in the Class who exclude themselves will not be bound by any further orders or judgments entered for or against the Class and will preserve their ability to independently pursue any claims they may have against Wells Fargo by filing their own lawsuit at their own expense.

vi. Objections to the Settlement.

1. Those persons in the Class who do not opt out have the right to object to the proposed settlement by filing an objection with the Court in writing within forty-five (45) days after the date that Class Notice is mailed to the Persons on the Notice List. The objection must also be mailed to each of the following, postmarked by the last day to file the objection: (i) Class Counsel: Marc E. Dann, The Dann Law Firm, P.O. Box 6031040, Cleveland, Ohio 44103, and Thomas A. Zimmerman, Jr., Zimmerman Law offices, P.C., 77 W. Washington Street, Suite 1220, Chicago, Illinois 60602; (ii) counsel for Wells Fargo: Scott A. King, Thompson Hine LLP, Austin Landing I, 10050 Innovation Drive, Suite 400, Dayton, Ohio 45342-4934.

2. A written objection must include: (i) the Person's name and current address; (ii) a statement that he/she is/was a Borrower on a Federally Related Mortgage Loan (the Borrower will also be required to provide the loan number upon request); (iii) the address of the Residence that was the subject of that Federally Related Mortgage Loan; (iv) the identification of the writing the Person sent to Wells

Fargo at the Designated Address requesting information about or asserting an error concerning that Federally Related Mortgage Loan; (v) a statement that neither Wells Fargo nor its counsel provided all of the requested information or corrected the error within the time period provided by 12 U.S.C. 2605(e); (vi) the specific grounds for the objection and the reasons why such individual desires to appear and be heard; and (vii) all documents or writings that such individual desires the Court to consider.

3. All Borrowers on a loan must sign the objection for such objection to be valid.

4. In addition to submitting a written objection, any Class Member who objects and who wishes to appear in person at the Final Approval Hearing must, along with the required written objection to be filed with the Court and served on Class Counsel and counsel for Wells Fargo, also provide a written notice stating her/his intention to appear.

5. Any Class Member who fails to object in accordance with the foregoing shall be deemed to have waived his or her objections and be forever barred from making any objections in the Action. The Court will not consider and will not hear objections that are not timely and in compliance with these requirements.

vii. <u>Attorneys' Fees and Incentive Award to Plaintiff</u>.

1. <u>Attorneys' Fees and Costs</u>. Pursuant to 12 U.S.C. 2605(f)(3), Plaintiff's attorneys' fees and costs may be assessed against and recovered from Wells Fargo in addition to and separate and apart from any actual and statutory damages that may be awarded to Plaintiff and Class Members under 12 U.S.C. 2605(f)(1) and (2). Wells Fargo agrees not to oppose an application by Class Counsel for attorneys' fees and costs in an amount not to exceed Two Hundred Ten Thousand Dollars ($210,000.00), and to pay to Class Counsel any attorney's fees and costs awarded by the Court. Any attorneys' fees and costs awarded by the Court will be paid separate and apart from the Settlement Fund pursuant to 12 U.S.C. 2605(f)(3), and will be paid by Wells Fargo directly to Class Counsel within fourteen (14) days after the Effective Date. Class Counsel agrees to accept as final any such lesser amount as awarded by the Court for fees and costs, and the amount of any such reduction shall be paid *cy pres* to the Legal Aid Society of Cleveland. In addition, no interest will accrue on such amounts at any time. Class Counsel must submit a fee petition no later than fourteen (14) days prior to the deadline to object or opt-out of the settlement. Class Counsel shall provide a valid (form revised in 2017), fully-executed and dated I.R.S. form W-9 to counsel for Wells Fargo.

2. <u>Incentive Award</u>. Plaintiff shall apply to the Court for an award in an amount not to exceed Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00), in lieu of any other distribution, payment, or benefit under the settlement, and shall provide a valid (form revised in 2017), fully-executed and dated I.R.S. form W-9 to the Administrator. Wells Fargo agrees not to oppose such an application. Plaintiff shall not submit a Claim Form and shall not be entitled to any other

payment. No interest will accrue on such amount at any time. Class Counsel must submit any motion to approve or pay the incentive award no later than fourteen (14) days prior to the deadline to object or opt-out of the settlement. The Administrator shall pay the incentive award to Plaintiff within fourteen (14) days of receiving the balance of the Settlement Fund from Wells Fargo.

g. <u>Release of Claims</u>.

    i. This Agreement seeks the termination of the Action. Plaintiff and Wells Fargo expressly understand and acknowledge that it is possible that unknown losses or claims exist or that present losses may have been underestimated in amount or severity. Plaintiff and Wells Fargo explicitly took that possibility into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between Plaintiff and Wells Fargo with the knowledge of the possibility of such losses or claims, was given in exchange for a full accord and satisfaction, and discharge of all such losses or claims.

    ii. Upon Final Approval, Plaintiff, and each Class Member, on behalf of themselves and each of the Releasing Parties shall be deemed to have fully released and forever discharged the Released Parties from the Released Claims and any Unknown Claims, which they ever had, now have or may have in the future.

    iii. Nothing in this Agreement shall operate or be construed to release any claims or rights Wells Fargo has to recover any past, present, or future amounts that may be owed by Plaintiff, Class Members, or Class Counsel on his/her accounts, loans, or any other debts owed to or served by Wells Fargo, pursuant to the terms and conditions of such accounts, loans, or any other debts.

    iv. The releases contained in this Agreement shall apply to and bind all Class Members who have not opted out, including, but not limited to, those Class Members whose Class Notices are returned undeliverable, those who do not negotiate checks sent to them, and/or those for whom no current address can be found. Upon final court approval of this Agreement, all Class Members shall be bound by this Agreement and all of their claims shall be dismissed with prejudice and released even if they never received personal notice of the Action or the settlement. The effectiveness of this Agreement shall not be conditioned upon approval of the payment or the amount of payment either to Plaintiff or to Class Counsel.

    v. The releases provided in this Agreement shall become effective immediately upon the occurrence of the Effective Date without the need for any further action, notice, condition, or event.

h. <u>Final Approval and Judgment</u>.

    i. The Parties agree that at the Final Approval Hearing that they will request the Court to enter the Final Approval Order. The Final Approval Hearing shall take place as soon as practicable following the expiration of the opt-out deadline and the deadline

for Class Members to file objections. The Final Approval Order will, *inter alia*: (a) approve this Agreement as presented and without modification (except insofar as the Parties have agreed to such modification, which may only be done in writing); (b) find that the settlement and this Agreement is fair, just, equitable, reasonable, adequate, and in the best interests of the Class; and (c) direct the Parties to consummate the Agreement in accordance with its terms. Entry of the Final Approval Order shall not be conditioned or delayed by the Court's failure to approve the attorneys' fees payment to Class Counsel.

    ii. The Parties agree that they will request the Court to enter, after the Final Approval Hearing, the Judgment. The Judgment will, *inter alia*:

        1. dismiss with prejudice all claims against Wells Fargo in the Action, without fees or costs except as provided in this Agreement;

        2. declare that the Class Notice fully complies with the requirements of due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all Persons entitled to notice of the settlement in this Action;

        3. declare that Plaintiff and the Class Members who have not opted out are bound by this Agreement, including the release of claims set forth above;

        4. permanently enjoin Plaintiff and the Class Members who have not opted out from prosecuting any Released Claims against the Released Parties; and reserve continuing jurisdiction over the construction, interpretation, implementation, and enforcement of this Agreement and over the administration and distribution of the settlement payments.

i. <u>Effect of Settlement</u>. Neither this Agreement nor any act performed or document executed to or in furtherance of the settlement: (1) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (2) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, arbitration, or other tribunal. The Released Parties may file the Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

j. <u>Wells Fargo's Right to Withdraw/Terminate</u>.

    i. <u>Effect of Opt-Outs</u>. If the number of Persons who would otherwise be Class Members who opt out exceeds seventy-five (75) in total, or exceeds seven (7) for those Class Members whose Residence at issue in this Action was located in the State of Ohio, then Wells Fargo, in its sole discretion, will have the right to terminate the settlement set forth in this Agreement. Wells Fargo shall have twenty (20) days after the

deadline for opt-outs within which to exercise its right to terminate, by filing written notice of the same with the Court. If Wells Fargo terminates the settlement, certification of the Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in the Action.

ii. <u>Failure of Conditions</u>. If, for any reason, all of the conditions regarding the Effective Date are not met and this settlement fails to become effective, or the Judgment is not journalized, any and all orders, judgments, and/or dismissals journalized or to be journalized pursuant to this Agreement shall be vacated.

iii. <u>Effect of Termination</u>. In the event the settlement is terminated in accordance with this Agreement, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Parties shall be deemed to have reverted to their respective status in the Action as of November 2, 2017, and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered, and any portion of the Settlement Fund previously paid by or on behalf of Wells Fargo, together with any interest earned thereon, less any taxes due, if any, with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Fund shall be returned to Wells Fargo within ten (10) days from the date of the event causing such termination.

k. <u>Evidentiary Preclusion</u>. In the event that the settlement set forth in this Agreement is not approved as presented, or Wells Fargo withdraws from the settlement as set forth above, the Parties agree that neither the settlement terms nor any publicly disseminated information regarding the settlement, including, without limitation, the Class Notice, court filings, orders, and public statements, may be used as evidence for any purpose whatsoever. In addition, neither the fact of, nor any documents relating to, Wells Fargo's withdrawal from the settlement, any failure of the Court to approve the settlement, and/or any objections or interventions may be used as evidence for any purpose whatsoever.

l. <u>Stay/Bar of Other Proceedings</u>. All proceedings in the Action will be stayed following Preliminary Approval of the settlement, except as may be necessary to implement the terms or comply with the terms of the settlement set forth in this Agreement. Pending determination of whether the settlement should be granted final approval, the Parties agree not to pursue in the Action any claims or defenses otherwise available to them in the Action. Upon Final Approval, no Person in the Class, either directly, on a representative basis, or in any other capacity, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.

m. <u>Communications with Media and Publicity</u>. The Parties will not issue any statement, whether oral or written, to the media. If any journalist, blogger, or other member of the media contacts Plaintiff, Wells Fargo, or their respective counsel with respect to this Action or this Agreement, each Party agrees to limit their comment to "the matter has been resolved" with no further elaboration. Any oral communications regarding this matter or its settlement to the media shall be consistent with this Agreement, and the

Court's Orders. The Parties and their counsel agree not to disparage, in any way, the other relative to the claims raised in this Action or the defenses thereto.

n.  Confidentiality. This Agreement and any and all drafts of it and other settlement documents will remain confidential and will not be disclosed or duplicated except as necessary to obtain preliminary approval and/or final court approval. It is agreed that, within thirty-five (35) days after the Effective Date, the originals and all copies of all documents produced in discovery as confidential documents, and/or information subject to all confidentiality agreements and any protective order in the Action shall be returned to the designating party or destroyed.

o.  Tax issues.

    a.  Plaintiff and the Class Members are solely responsible for determining and satisfying any tax liability resulting from any payments made pursuant to this Agreement.

    b.  Wells Fargo has made no representations, or offered any advice or opinion, concerning the tax consequences of the Parties' settlement or payments made under this Agreement.

    c.  The Administrator will be responsible for the issuance of 1099 Forms, if any, resulting from payments from the Settlement Fund.

p.  General Provisions.

    i.  This Agreement constitutes the entire agreement between and among the Parties with respect to the settlement of the Action. This Agreement supersedes all prior negotiations and agreements and may not be modified or amended except by a writing signed by or on behalf of Plaintiff, the Class, Wells Fargo, and their respective attorneys. Such a writing may be executed in counterparts.

    ii.  Unless otherwise ordered by the Court, the Parties may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement.

    iii.  The Parties hereto shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Agreement.

    iv.  This Agreement may be signed in one or more counterparts.

    v.  No Party to this Agreement has assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement. In the event Plaintiff has assigned all or any portion of her claim to any assignee, lien-holder, or statutory or other subrogee, and any assignee, lien-holder, or statutory or other subrogee asserts any claims against the Released Parties relating in any way to the Released Claims, Plaintiff agrees to indemnify, defend, and hold the Released Parties harmless from such claims.

vi. The terms of this Agreement are contractual and are the result of negotiation among the Parties. Each Party, in consultation with her/its attorneys, has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same shall not be construed against any Party. In addition, no Party may seek to rescind this Agreement on the grounds of mistake either of fact or law.

vii. This Agreement has been carefully read by each of the Parties, or their responsible officers thereof, and its contents are known and understood by each of the Parties. This Agreement is signed freely by each Party executing it.

viii. This Agreement may be amended or modified only by a written instrument signed by the Parties' counsel and approved by the Court.

ix. The individual(s) executing this Agreement on behalf of any Party represent that he or she is fully authorized to execute this Agreement on such Party's behalf.

x. Each Party to this Agreement warrants that she or it is acting upon her or its independent judgment and upon the advice of her or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Agreement.

xi. Each and every Exhibit to this Agreement is incorporated herein by this reference as though fully set forth herein and are material and integral parts hereof.

xii. The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver, by that Party or by any other Party, of any other prior or subsequent breach of this Agreement.

xiii. This Agreement shall be construed, enforced, and administered in accordance with the laws of the State of Ohio.

xiv. As used in this Agreement, the masculine, feminine or neutral gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

xv. The warranties and representations of this Agreement are deemed to survive the date of execution hereof.

xvi. In the event any one or more of the provisions contained in this Agreement shall for any reason be held by a court of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, such invalid, illegal, or unenforceable provision shall be ineffective but shall not in any way invalidate or otherwise affect any other provision.

xvii. Before filing any motion with the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

xviii. The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

q. <u>Timetable of Significant Events</u>.

| Task/Event | Description | Time Period | Planned Dates |
|---|---|---|---|
| ***<u>Preliminary Approval Motion</u>*** | The Parties will request that the Court enter the Preliminary Approval Order. | Within 15 days of execution of the Agreement | 12/04/2017 |
| ***<u>Transfer of Initial Payment</u>*** | Deadline for Wells Fargo to transfer the initial payment to the Administrator | Within 21 days after Notice is Disseminated to the Class | 02/08/2018 |
| ***<u>Notice Deadline</u>*** | Deadline by which the Administrator will disseminate the Notice to Class Members. | Within 45 days of entry of the Preliminary Approval Order | 01/18/2018 |
| ***<u>Exclusion, Objection, Notice of Intent to Appear Deadline</u>*** | Deadline for Class Members to: (a) opt out of the Agreement by serving written opt-out request, (b) object to proposed settlement by filing written objection, and/or (c) file written notice of intention to appear at Final Approval Hearing | 45 days following the date that Class Notice is mailed to the Persons on the Notice List | 03/04/2018 |
| ***<u>Termination of Settlement Deadline</u>*** | If the number of Class Member who opt out of the Agreement exceeds the designated thresholds, Wells Fargo may elect to terminate the Agreement | Within 20 days after the exclusion deadline | 03/24/2018 |
| ***<u>Deadline for Attorney Fee Petition, Motion to Approve Incentive Award</u>*** | Class Counsel must submit fee petition and motion to approve incentive award | 14 days prior to the exclusion and objection deadline | 02/18/2018 |
| ***<u>Final Approval</u>*** | At the conclusion of the Final Approval Hearing, the Parties | As soon as practicable following expiration of | 04/25/2018 |

| | | | |
|---|---|---|---|
| *__Hearing__* | will request the Court to enter the Final Approval Order and Judgment | the exclusion and objection deadline | |
| *__Final Judgment__* | Date the final Judgment and order granting final approval of settlement becomes Final. | (a) 35 days after Final Approval Order and Judgment are journaled if no appeal, review, rehearing, reconsideration, or similar action; or<br><br>(b) if appeal, review, rehearing, reconsideration, or similar action, then 14 days after appellate and/or other proceedings are finally terminated. | 05/30/2018 |
| *__Deadline to File Claims__* | Deadline to submit Claim Forms | 45 days after Final Approval Hearing | 06/09/2018 |
| *__Effective Date__* | All necessary pre-conditions have occurred to effectuate the Agreement. | Upon 14 days after the latest of the following:<br><br>(a) Agreement fully signed;<br><br>(b) orders journaled for conditional certification, preliminary approval, and approval of Class Notice;<br><br>(c) Class Notice provided;<br><br>(d) no withdrawal or termination of Agreement;<br><br>(e) Final Approval Order journaled;<br><br>(f) final order journaled with respect to attorneys' fees and expenses; | 06/13/2018 |

| | | | |
|---|---|---|---|
| | (g) final order journalized with respect to incentive payment;<br><br>(h) final Judgment dismissing Action journalized and the appeal period had passed. | | |
| ***Transfer of Remaining Balance to Settlement Fund*** | Deadline for Wells Fargo to transfer the remaining balance of the Settlement Fund to the Administrator | 14 days after the Effective Date | 06/27/2018 |
| ***Deadline for Return or Destruction of Discovery and/or Confidential Documents*** | All originals and copies of documents produced in discovery or subject to a confidentiality agreement or protective order shall be returned or destroyed | Within 35 days after the Effective Date | 07/18/2018 |
| ***Payment of Attorneys' Fees and Costs*** | The amount awarded by the Court for attorneys' fees and costs | Within 14 days after the Effective Date | 06/27/2018 |
| ***Payment List*** | Administrator's report of payments to Settlement Class Refund Members | After disputes are resolved regarding Potentially Eligible Claimants | 10/03/2018 |
| ***Payment List Dispute Deadline*** | Period of time in parties may dispute Payment List | 14 days after receiving the Payment List | 10/17/2018 |
| ***Distribution Date*** | Date for payments to Claimants | Later of date after resolution of disputes regarding Payment List or 75 days after Objections to Payment List | 12/31/2018 |
| ***Payment Report*** | The Administrator will determine the total amount of claims actually paid out on negotiated checks and parties in writing | Within 7 months of Distribution Date | 08/01/2019 |

WHEREFORE, INTENDING TO BE BOUND, THE PARTIES, INDIVIDUALLY OR BY THEIR DULY AUTHORIZED AGENTS AND UNDERSIGNED COUNSEL, HAVE SET THEIR HAND AND SEAL AND EXECUTED THIS AGREEMENT AND RELEASE, EFFECTIVE THE LAST DAY SIGNED BY ALL PARTIES HERETO:


Dated: __11/29__, 2017  PLAINTIFF RACHEL LIEBER

           Rachel Lieber


Dated: _____, 2017  DEFENDANT WELLS FARGO BANK, N.A.


       By: _____

       Its: _____

WHEREFORE, INTENDING TO BE BOUND, THE PARTIES, INDIVIDUALLY OR BY THEIR DULY AUTHORIZED AGENTS AND UNDERSIGNED COUNSEL, HAVE SET THEIR HAND AND SEAL AND EXECUTED THIS AGREEMENT AND RELEASE, EFFECTIVE THE LAST DAY SIGNED BY ALL PARTIES HERETO:


Dated: _____, 2017     PLAINTIFF RACHEL LIEBER


_____
Rachel Lieber


Dated: __11\28\17__, 2017     DEFENDANT WELLS FARGO BANK, N.A.


By: _____
     Mary Coffin

Its: _EVP, Head of Customer Excellence_____

<u>AGREED AS TO FORM:</u>

Attorneys for Plaintiff:

Dated: _____ 11/28 _____, 2017

THE DANN LAW FIRM

By: _____
Marc Dann

Dated: _____ 11/28 _____, 2017

ZIMMERMAN LAW OFFICES, P.C.

By: _____
Thomas A. Zimmerman, Jr.

Attorneys for Defendants:

Dated: _____, 2017

THOMPSON HINE LLP

By: _____
Scott A. King

AGREED AS TO FORM:

Attorneys for Plaintiff:

Dated: _____, 2017          THE DANN LAW FIRM

By: _____
        Marc Dann

Dated: _____, 2017          ZIMMERMAN LAW OFFICES, P.C.

By: _____
        Thomas A. Zimmerman, Jr.

Attorneys for Defendants:

Dated: _11/28_, 2017                  THOMPSON HINE LLP

By: _____
        Scott A. King

*EXHIBIT 1 — Claim Form*

# CLAIM FORM

*Lieber v. Wells Fargo Bank, N.A.*
No.: 1:16-cv-02868-PAG

### *Information designated with an asterisk (*) is REQUIRED.*
### *Failure to include this information will result in a rejection of your claim.*

First Name*: _____     Last Name*: _____

Street Address 1*: _____     Street Address 2*: _____

City*: _____     State*: _____

Postal Code/Zip Code*: _____     Current Phone Number: _____

Wells Fargo Loan Number <u>or</u> Address of Mortgaged Property at Issue*: _____

_____

## CERTIFICATION

By submitting this Claim Form, I certify to the best of my knowledge that I am a Borrower on a Federally Related Mortgage Loan, and between November 15, 2013 and February 1, 2017: (i) I communicated in writing with Wells Fargo at PO Box 10335, Des Moines, IA 50306, regarding that Federally Related Mortgage Loan; and (ii) neither Wells Fargo nor its counsel fully responded to my written communication, citing the existence of active litigation, active mediation, and/or active bankruptcy.

_____
Signature

### Mail Your Completed Claim Form To:

Wells Fargo _____ Settlement Administrator
P.O. Box XXXXX
City, State Zip

**YOUR CLAIM FORM MUST BE POSTMARKED ON OR BEFORE _____, 2018**

*EXHIBIT 2 — Class Notice*

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT

**IF FROM NOVEMBER 15, 2013 TO FEBRUARY 1, 2017, YOU COMMUNICATED IN WRITING WITH WELLS FARGO REGARDING YOUR LOAN, AND WELLS FARGO DID NOT FULLY RESPOND BECAUSE OF ACTIVE LITIGATION, ACTIVE MEDIATION, OR ACTIVE BANKRUPTCY, YOU MAY BE ENTITLED TO PAYMENT FROM A CLASS ACTION SETTLEMENT.**

This Notice of Pendency of Class Action and Proposed Settlement ("Notice") was authorized by the United States District Court for the Northern District of Ohio.[1] It is not a lawyer solicitation.

Plaintiff Rachel Lieber brought a lawsuit against Wells Fargo Bank, N.A. ("Wells Fargo") claiming that Wells Fargo violated the Real Estate Settlement Procedures Act ("RESPA") by failing to properly respond to borrowers' qualified written requests, requests for information, and/or notices of error due to active litigation, active mediation, or active bankruptcy. Wells Fargo denies all the claims in the lawsuit and that it has done anything wrong. Plaintiff and Wells Fargo have reached a proposed settlement of the lawsuit for a total of $425,000.00. You are receiving this notice because you may be a member of the class that will be the subject of the settlement.

### A Summary of Your Rights and Choices:

*Your legal rights are affected whether you act or don't act. Please read this notice carefully. Your rights and options – and the deadlines to exercise them – are explained in this Notice.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
| --- | --- |
| **STAY IN THE LAWSUIT AND RECEIVE A CASH AWARD** | To receive payment, you may submit a claim, with a deadline of _____.  If you stay in the Class, you give up the right to sue Wells Fargo separately and will be bound by the terms of the Agreement. |
| **DO NOTHING** | If you do not submit a claim, but do not take the steps necessary to exclude yourself from the Class, you will not be entitled to payment, but will remain a member of the Class.  You will, therefore, give up the right to sue Wells Fargo separately and will be bound by the terms of the Agreement. |
| **EXCLUDE YOURSELF** | Get out of the lawsuit. Get no settlement benefits. |

---

[1] All capitalized terms used, but not defined herein, have the same meaning as the terms defined in the class action Settlement Agreement dated November ___, 2017 ("Agreement").

| **OBJECT** | Stay in the lawsuit, but write to the Court about why you do not like the settlement. |
|---|---|

The Court still has to decide whether to approve the settlement. If the Court does not approve the settlement, Plaintiff will need to prove the claims against Wells Fargo at trial.

## 1.     WHY SHOULD I READ THIS NOTICE?

This Notice is provided pursuant to an order issued by the United States District Court for the Northern District of Ohio, Eastern Division ("Court"). This Notice serves to inform you of the proposed settlement and to notify you of the hearing ("Final Approval Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement, as set forth in the Agreement. This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. This Notice is not an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the lawsuit.

## 2.     WHAT IS THIS LAWSUIT ABOUT?

### A.     The Allegations

Plaintiff alleges that, in servicing mortgage loans, Wells Fargo violated RESPA by failing to properly respond to qualified written requests, requests for information, and/or notices of error due to active litigation, active mediation, or active bankruptcy. Wells Fargo contends that its current corporate policy is to comply with all of the provisions of RESPA, and that it properly coordinates its responses to qualified written requests, requests for information, and notices of error with its litigation counsel. Wells Fargo denies all the claims in the lawsuit and that it has done anything wrong.

The Court has not ruled in favor of Plaintiff or Wells Fargo. This Notice is not intended to be an expression of any opinion by the Court with respect to the truth of the allegations in this lawsuit or the merits of the claims or defenses asserted. This Notice is solely to advise you of the pendency of the Action and the proposed settlement and your rights in connection with that settlement.

### B.     Status of the Case

On March 17, 2017, Plaintiff filed an amended complaint alleging that Wells Fargo violated RESPA in failing to properly respond to qualified written requests, requests for information, and notices of error because of active litigation, active mediation, or active bankruptcy. The Action has been heavily litigated. The parties have engaged in extensive written discovery, exchanged thousands of pages of documents and taken numerous depositions.

On July 27, 2017, Wells Fargo filed a Motion to Strike Class Allegations. On October 2, 2017, Plaintiff filed a Renewed Motion for Class Certification seeking to certify a class and a subclass. The Court has not ruled upon either Motion.

On October 25, 2017 and November 2, 2017, the parties mediated their dispute with Magistrate Judge Jonathan D. Greenberg, U.S. District Court for the Northern District of Ohio, and had multiple follow-up communications in between. On November 2, 2017, the Parties reached an agreement to settle the Action on the terms set forth in the Agreement.

On _____, 2017, the Court entered an order preliminarily approving the settlement, certifying the Class for settlement purposes only, authorizing this Notice to be sent to potential members of the Class, and scheduling the Final Approval Hearing to consider, among other things, whether to grant final approval of the settlement.

## 3. WHAT IS A CLASS ACTION AND WHO IS INVOLVED?

In a class action, one or more persons called class representatives sue on behalf of other persons with similar claims. In this case, the class representative is Plaintiff Rachel Lieber.

The class representative and the persons on whose behalf she has sued together constitute the "Class" or "Class Members." Their attorneys are called "Class Counsel." The persons that have been sued are called Defendants.

In a class action lawsuit, one court resolves the issues for everyone in the class, except for those class members who "opt out" or exclude themselves from the class. The Court, by order dated _____, 2017, certified a Class for purposes of settlement in this case.

## 4. HOW DO I KNOW IF I AM A CLASS MEMBER?

If this notice was addressed to you, and you were a "Borrower" on a "Federally Related Mortgage Loan" that was serviced by Wells Fargo, and during the period of November 15, 2013 to February 1, 2017, you sent Wells Fargo a qualified written request, request for information, and/or notice of error to which Wells Fargo did not fully respond due to active litigation, active mediation, or active bankruptcy, you are a Class Member.

A "Borrower" is a Person who is personally liable to make payments on a loan, and does not include a Person who signs only a mortgage or deed of trust but not the promissory note or other document evidencing a payment obligation. A Federally Related Mortgage Loan is a loan of money secured by a lien on a Person's Residence and which is: (a) made, insured, guaranteed, supplemented, or assisted by a lender that is insured or regulated by the Federal Government; or (b) is intended to be sold to Fannie Mae, Ginnie Mae, or Freddie Mac; or (c) is made by a creditor (that is not an agency or instrumentality of any State) that invests in residential real estate loans aggregating more than $1,000,000 per year. Federally Related Mortgage Loan does not include transactions that are primarily for business, commercial, or agricultural purposes, or that are to the government or government agencies or instrumentalities.

Excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to this Notice.

## 5. WHAT ARE THE REASONS FOR SETTLEMENT?

The Court has not reached any decisions in connection with Plaintiff's claims against Wells Fargo. Instead, Plaintiff and Wells Fargo have agreed to this settlement. In reaching the settlement, they have avoided the cost, delay, and uncertainty of further litigation.

As in any litigation, Plaintiff and the proposed Class would face an uncertain outcome if they did not agree to the proposed settlement. The Parties expected that the case could continue for a lengthy period of time and that regardless of who succeeded, the other party would file appeals that would postpone final resolution of the case. Continuation of the case against Wells Fargo could result in a judgment greater than this settlement. Conversely, continuing the case could result in no recovery at all or a recovery that is less than the amount of the settlement.

Plaintiff and Class Counsel believe that this settlement is fair and reasonable to the Class Members. They have reached this conclusion for several reasons. If the settlement is approved, the Class will receive monetary recovery. Additionally, Class Counsel believes that the significant and immediate benefits of the proposed settlement are an excellent result of the Class – especially given the risks and uncertainties of continued litigation.

Wells Fargo denies any wrongdoing and its agreement to settle this Action shall in no event be construed or deemed to be evidence or an admission or concession on the part of Wells Fargo with respect to any claim or of any fault, liability, wrongdoing, or damage.

## 6.   WHAT IS THE MONETARY VALUE OF THE PROPOSED SETTLEMENT?

The settlement, if approved, will result in the payment of $215,000.00 ("Settlement Fund"), which will be used to pay any incentive award to Plaintiff, Class Notice costs (including Class Notice, the printing and mailing of Class Notice, and any additional notice ordered by the Court), administration costs, and payments to Class Members.

## 7.   HOW MUCH WILL MY PAYMENT BE?

After deducting notice costs, costs of administration, and Plaintiff's incentive award, the Administrator will create a settlement pool ("Settlement Pool") for Claimants whose claim for recovery has been allowed pursuant to the terms of the Agreement ("Claimants").

Each Claimant will receive the maximum amount of $3,500.00. If, due to the number of Claimants, the Settlement Pool is insufficient for each Claimant to receive $3,500.00, each Claimant's monetary relief will be reduced pro rata, so that the total value of the amounts paid to Claimants equals the amount remaining in the Settlement Pool. If, however, the amount of money remaining in the Settlement Pool is greater than the amount required to pay each Claimant $3,500.00, the remainder shall be paid to the Legal Aid Society of Cleveland.

Distributions will be mailed to Claimants after all claims have been processed and after the Court has finally approved the settlement ("Distribution Date"). Checks issued to Claimants will remain valid for a period of 6 months after issuance, but will be cancelled as stale after such period. If there is any balance remaining in the Settlement Pool, by reason of un-cashed checks or otherwise, 7 months after the Distribution Date, the remaining amounts shall be paid to the Legal Aid Society of Cleveland.

Plaintiff, Wells Fargo, their respective counsel, and all other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Settlement Pool, or any portion thereof, the distribution or payment of any Claim or non-performance of the Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

## 8. HOW CAN I GET A PAYMENT?

Class Members who wish to receive payment must timely complete a Claim Form. This can be done using the Claim Form included with this Notice. Read the instructions carefully, fill out the Claim Form, sign it, and submit it by U.S. Mail to the following address:

[INSERT CLAIMS ADMINISTRATOR INFORMATION HERE]

All Claim Forms must be postmarked by _____, 2017.

If you do not submit a Claim Form, you will not receive a payment from the Settlement Pool; however, unless you expressly exclude yourself from the settlement as described below, you will still be bound in all other respects by the settlement, the Judgment, and the release contained therein.

## 9. WHEN WOULD I GET MY PAYMENT?

The Court will hold a hearing on _____, 2017 at ___ a.m./p.m. to decide whether to approve the settlement. If the Court approves the settlement, there may be appeals. It is always uncertain whether those appeals can be resolved favorably, and resolving them can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. If there are no appeals and depending on the number of Claim Forms submitted, the Administrator could distribute the Settlement Fund as early as 6 months after the Final Approval Hearing. Please be patient.

## 10. WHAT AM I GIVING UP TO GET A PAYMENT?

If the settlement is approved by the Court, the Court will enter a Final Judgment. Upon the Effective Date, Plaintiff and all Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, final, and forever waived, released, relinquished, and discharged all Released Claims against the Released Parties, regardless of whether such Class Member ultimately cashes an award check or executes and delivers a Claim Form. The terms:

- "Released Claims" means all actions, claims, debts, demands, causes of action and rights and liabilities whatsoever, at law or in equity, matured or unmatured, foreseen or unforeseen, known or unknown, suspected or unsuspected, contingent or non-contingent, whether class or individual in nature, against the Released Parties, belonging to Plaintiff and/or any or all Class Members and/or their respective heirs, assigns, beneficiaries, and successors, and any other Person claiming through or on behalf of them (collectively, the "Releasing Parties"), arising under federal state, local, statutory, or common law, or any other law, rule, or regulation, based upon, arising out of, or relating to, in any way, any request for information, qualified written

request or notice of error submitted to Wells Fargo during the Class Period, including all claims which were or which could have been brought in the Action arising out of Wells Fargo's alleged failure to properly respond to qualified written requests, requests for information, and/or notices of error because of active litigation, active mediation, or active bankruptcy. Released Claims include Unknown Claims, but do not include claims to enforce any of the terms of the Agreement.

- "Released Parties" means and includes: Wells Fargo (as herein defined), and its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, predecessors-in-interest, and/or any financial institutions, corporations, trusts, or other entities that serviced or may hold or have held any interest in any retail installment contract that was or is the subject of a Released Claim, and all of their respective past, present, or future officers, directors, employees, attorneys, shareholders, agents, vendors (including processing facilities), and assigns, as well as the holder, owner, or third-party servicer of any contract which is the subject of the Agreement.

The above description of the proposed settlement is only a summary. The complete terms, including the definitions of the Effective Date and Unknown Claims, are set forth in the Agreement (including its exhibits), which you may obtain by contacting Class Counsel or the Administrator listed on Page __, below.

## 11. DO I NEED TO CONTACT CLASS COUNSEL IN ORDER TO RECEIVE A PAYMENT?

No. If you have received this Notice and timely submit your Claim Form as set forth in this Notice, you do not need to contact Class Counsel.

## 12. THERE WILL BE NO PAYMENTS IF THE AGREEMENT IS TERMINATED.

The Agreement may be terminated under several circumstances outlined in it. If the Agreement is terminated, the Action will proceed as if the Agreement has not been entered into.

## 13. WHO REPRESENTS THE CLASS?

The following attorneys are Class Counsel:

Marc E. Dann                                      Thomas A. Zimmerman, Jr.
Brian D. Flick                                    Zimmerman Law Offices, P.C.
The Dann Law Firm                                 77 W. Washington Street, Suite 1200
P.O. Box 6031040                                  Chicago, Illinois 60602
Cleveland, Ohio 44103

If you have any questions, you are entitled to consult with Class Counsel by contacting counsel at the addresses listed above.

You may obtain a copy of the Agreement by contacting the Administrator at:

## 14.  HOW WILL THE LAWYERS BE PAID?

Class Counsel will file a motion for an award of attorneys' fees and expenses that will be considered at the Final Approval Hearing. Class Counsel will limit their application for an award of attorneys' fees to not more than $210,000.00. In addition, Plaintiff may seek an incentive award in an amount not to exceed $7,500.00 for the time and effort she expended in representing the Class. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Class Counsel for their efforts in achieving the settlement and for their risk in undertaking this representation. They will receive no payment from the Settlement Pool. Pursuant to 12 U.S.C. 2605(f)(3), Class Counsel's attorneys' fees and costs may be assessed against and recovered from Wells Fargo in addition to and separate and apart from any actual and statutory damages that may be awarded to Class Members. **Any award of attorneys' fees and expenses will not reduce or affect the amount of money in the Settlement Pool to pay Claimants.**

Class Counsel have committed significant time and expenses in litigating this case for the benefit of the Class. To date, Class Counsel has not been paid for their services in conducting this Action on behalf of Plaintiff and the Class, or for their expenses. The fees requested will compensate Class Counsel for their work in achieving the settlement. The Court will decide what a reasonable fee award is and may award less than the amount requested by Class Counsel.

## 15.  CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?

If you do not want to receive a payment from this settlement, and you want to keep the right to sue or continue to sue Wells Fargo on your own (and at your own expense) about the legal issues in this case, then you must take steps to get out of the Class. This is called excluding yourself from, or "opting out" of, the Class.

To exclude yourself from the Class, you must send a letter by mail including the following statement: "I/we request to be excluded from the proposed class settlement in *Rachel Lieber v. Wells Fargo Bank, N.A.*, Case No. 1:16-cv-02868-PAG (United States District Court for the Northern District of Ohio)." The letter must also contain the full name, address, and signature of each Person requesting exclusion. Your exclusion request must be postmarked no later than _____, 2017 and sent to the Administrator at:

[INSERT ADDRESS AND INFORMATION FOR ADMINISTRATOR HERE]

You cannot exclude yourself by phone or by e-mail. If you make a proper request for exclusion, you will not receive a settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

## 16.  IF I EXCLUDE MYSELF, CAN I STILL GET MONEY FROM THE SETTLEMENT?

No. If you exclude yourself, you will no longer be a member of the Class and, as such, will not be entitled to recover any money. However, you may sue, continue to sue, or be part of a different lawsuit against Wells Fargo about the legal issues in this case.

**17.    CAN I OBJECT TO THE PROPOSED SETTLEMENT, THE REQUESTED ATTORNEYS' FEES, THE REQUESTED REIMBURSEMENT OF COSTS AND EXPENSES, AND/OR THE AMOUNT EACH CLAIMANT WILL RECEIVE FROM THE SETTLEMENT POOL?**

Yes. If you are a Class Member, you can object to the settlement if you do not like any part of it. You can give reasons why you think the Court should not approve the settlement or parts of it. You may object to the requested attorneys' fees, costs, and expenses, Plaintiff's request for an incentive award, and/or the payment you are expected to receive from the Settlement Pool. The Court will consider your views.

To object, you must send a written statement saying you object to the settlement in *Lieber v. Wells Fargo Bank, N.A.*, Case No. 1:16-cv-02868-PAG (N.D. Ohio). The written statement must include: (i) your name and current address; (ii) a statement that you are/were a Borrower on a Federally Related Mortgage Loan (you will also be required to provide a loan number upon request); (iii) the address of the Residence that was the subject of that Federally Related Mortgage Loan; (iv) the identification of the writing the Person sent to Wells Fargo at the Designated Address requesting information about or asserting an error concerning that Federally Related Mortgage Loan; (v) a statement that neither Wells Fargo nor its counsel provided all of the requested information or corrected the error within the time period provided by 12 U.S.C. 2605(e); (vi) the specific grounds for the objection and the reasons why such you desire to appear and be heard; and (vii) all documents or writings that you desire the Court to consider.

Any objections must be received on or before _____, 2018, by each of the following:

**Court:**

Clerk of Court
United States District Court, Northern District of Ohio, Eastern Division
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue
Cleveland, Ohio 44113

**Class Counsel:**

Marc E. Dann
The Dann Law Firm
P.O. Box 6031040
Cleveland, Ohio 44103

Thomas A. Zimmerman, Jr.
Zimmerman Law Offices, P.C.

77 W. Washington Street, Suite 1220
Chicago, Illinois 60602

**Wells Fargo's Counsel**

Scott A. King
Thompson Hine LLP
Austin Landing I
10050 Innovation Drive, Suite 400
Dayton, Ohio 45342-4934

Attendance at the Final Approval Hearing is not necessary to object; however, persons wishing to be heard at the Final Approval Hearing are required to indicate in their written objection their intention to appear at the hearing and the identity of any witnesses they may call to testify and exhibits, if any, they intend to introduce into evidence.

Unless otherwise directed by the Court, any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived all objections to this settlement and shall be foreclosed from raising (in this proceeding or on any appeal) any objection to the settlement. Any untimely objection shall be barred.

## 18. WHAT IS THE DIFFERENCE BETWEEN OBJECTING TO, OR EXCLUDING YOURSELF FROM, THE SETTLEMENT?

Objecting is simply telling the Court that you do not like the settlement. You can only object if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## 19. WHAT ARE MY RIGHTS AND OBLIGATIONS UNDER THE SETTLEMENT?

If you are a Class Member and you do not exclude yourself from the settlement, you may receive the benefit of, and you will be bound by, the terms of the proposed settlement described in this Notice and set forth more fully in the Agreement, upon approval by the Court.

## 20. THE FINAL APPROVAL HEARING

The Final Approval Hearing will be held on _____ , 2018, at _:_0 _.m., before the Honorable Patricia A. Gaughan, at the United States District Court, Northern District of Ohio, Eastern Division, Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Courtroom 19B, Cleveland, Ohio 44113-1847, for the purpose of determining whether: (1) the proposed settlement of the Action should be approved by the Court as fair, reasonable, and adequate; (2) the Final Judgment as provided under the Agreement should be entered, dismissing the First Amended Class Action Complaint filed in the Action on the merits and with prejudice; (3) the release by the Class of the Released Claims, as set forth in the Agreement, should be provided to the Released Parties; (4) to award Class Counsel attorneys' fees and expenses; (5) to grant Plaintiff's request for an incentive award for the time and effort she

expended in prosecuting this action on behalf of the Class out of the Settlement Fund; and (6) the payments to the Class should be approved by the Court. The Court may adjourn or continue the Final Approval Hearing without further written notice.

## 21.    MAY I SPEAK AT THE FINAL APPROVAL HEARING?

Yes, however, you must first inform the Court of your intention to speak at the Final Approval Hearing.  To do so, you must send a letter stating that it is your "Notice of Intention to Appear in *Lieber v. Wells Fargo Bank, N.A.,* Case No. 1:16-cv-02868-PAG (N.D. Ohio)." Be sure to include your name, address, telephone number and signature.  Your Notice of Intention to Appear must be postmarked no later than  _____ , 201__ and be sent to the Clerk of Court, Class Counsel, and Wells Fargo's counsel at the addresses listed above in Question 17.  You cannot speak at the hearing if you exclude yourself, or "opt out" of the Class.

## 22.    DO I HAVE TO COME TO THE HEARING?

No.  Class Counsel will answer any questions which the Court may have, but you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

## 23.    INJUNCTION

The Court has issued an order enjoining Plaintiff and all Class Members, and anyone who acts or purports to act on their behalf, from instituting, commencing, maintaining or prosecuting any action in any court or tribunal that asserts Released Claims against any Released Party, pending final determination by the Court of whether the Settlement should be approved.

## 24.    WHAT HAPPENS IF I DO NOTHING?

If you do nothing and fail to timely complete a Claim Form as set forth above, you will get no money from this Settlement.  Unless you exclude yourself, you will not be able to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against Wells Fargo concerning legal issues falling within the scope of the release in the Agreement.

## 25.    HOW DO I OBTAIN ADDITIONAL INFORMATION?

This Notice contains only a summary of the terms of the proposed settlement.  The records in this litigation may be examined and copied at any time during regular office hours, and subject to customary copying fees, at the office of the Clerk of Court, United States District Court, Northern District of Ohio, Eastern Division, United States Courthouse, 801 West Superior Avenue, Courtroom 19B, Cleveland, Ohio 44113-1847.  In addition, settlement documents, including a Claim Form and the Agreement, may be obtained by contacting the Claims Administrator at:

[INSERT CLAIMS ADMINISTRATOR INFORMATION HERE]

**DO NOT WRITE TO OR TELEPHONE THE COURT FOR INFORMATION.**

Dated: _____, 2017    _____
                                       HONORABLE PATRICIA A. GAUGHAN
                                       UNITED STATES DISTRICT COURT JUDGE
                                       NORTHERN DISTRICT OF OHIO,
                                       EASTERN DIVISION

*EXHIBIT 3 — [Proposed] Final Approval Order*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **RACHEL LIEBER, individually, and on behalf of all others similarly situated,** | ) ) | **Case No. 1:16-cv-02868** |
| | ) | **Judge Patricia A. Gaughan** |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | |
| **WELLS FARGO BANK, N.A.,** | ) ) | |
| | ) | **[PROPOSED] FINAL APPROVAL** |
| **Defendant.** | ) | **ORDER** |

The case is before the Court on the Motion for Final Approval of the Class Action

Settlement ("Motion"). The Court finds that Settlement Agreement and Release dated November

20, 2017, including its exhibits ("Agreement"), should be finally approved, and that all claims in

and this action ("Action") should be dismissed.

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

1.      The Agreement, including its definitions, are incorporated by reference in this

Order.

2.      On _____, 2017, the Court entered an Order Preliminarily Approving Settlement

and Providing for Notice ("Preliminary Approval Order"). The terms of the Preliminary

Approval Order are also incorporated by reference in this Order.

3.      This Court has jurisdiction over the subject matter of the Action and over the

Parties, including all members of the following Class certified for settlement purposes in the

Preliminary Approval Order:

> Persons who: (i) are on the Notice List; (ii) were Borrowers on a Federally
> Related Mortgage Loan during the Class Period; (iii) sent a writing (that was not a
> payment coupon) to Wells Fargo at the Designated Address requesting
> information about or asserting an error concerning that Federally Related

Mortgage Loan; and (iv) to whom neither Wells Fargo nor its counsel provided all of the requested information or corrected the error within the time provided by 12 U.S.C. § 2605(e).

4.     The Court finds that the Agreement is the product of arms'-length settlement negotiations between Plaintiff, Class Counsel, and Wells Fargo. The settlement was facilitated by the Honorable Magistrate Judge Jonathan D. Greenberg, U.S. District Court for the Southern District of Ohio, a very experienced Magistrate Judge and mediator. The Court does not find any evidence of collusion.

5.     On April __, 2018, the Court held a Final Approval Hearing on the Motion. Notice of the Final Approval Hearing was given in accordance with the Court's Preliminary Approval Order. At the Final Approval Hearing, the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Agreement.

6.     The Court finds that all persons listed in Exhibit A to this Order have properly excluded themselves from this settlement and are therefore not Class Members for purposes of this Order.

7.     The Court has read and considered the papers filed in support of the Motion, including the Agreement and its exhibits, memoranda and arguments submitted on behalf of the Class and Wells Fargo. The Court finally approves the Agreement and the settlement contemplated therein, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to the Agreement's terms and conditions. Each Class Member is bound by the Agreement.

8.     The Court finds that the Class Members have been fairly and adequately represented by Plaintiff and Class Counsel.  The preliminary appointment of Rachel Lieber as

the representative of the Class, and Marc Dann and Brian Flick of The Dann Law Firm Co., LPA, and Thomas A. Zimmerman, Jr. of Zimmerman Law Offices, P.C., as Co-Lead Class Counsel, are hereby confirmed.  The Class Representative has fairly and adequately represented the interests of the Class.  Class Counsel is experienced in complex class litigation and have fairly and adequately represented the interests of the Class.

9.    The Court finally approves the Agreement as presented and without any modification. The Agreement may only be modified in writing after agreement by the Parties.

10.    Plaintiff and all Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims. Additionally, any rights of Plaintiff and each Class Member to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

11.    The Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with the Agreement, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, regulation, or principle of common law or equity, of any liability or wrongdoing, by Wells Fargo, or of the truth of any of the claims asserted by Plaintiff in the Action, and evidence relating to the Agreement shall not be used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms of the Agreement, the Preliminary Approval Order, and/or this Order.

12.    If for any reason the settlement terminates, then certification of the Class shall be deemed vacated. In such an event, the certification of the Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of

the Parties to assert any right or position that could have been asserted if the settlement had never been reached or proposed to the Court.

13.     If any provision of the settlement or this Order is asserted by Wells Fargo as a defense in whole or in part (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Class Member or any person acting or purported acting on behalf of a Class Member, that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or inconvenient forum. These provisions are necessary to protect the Agreement, this Order, and this Court's authority to effectuate the settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

14.     The Court approves payment to the Class Members from the Settlement Fund as set forth in the Agreement.

15.     The Court approves payment of attorneys' fees and expenses to Class Counsel in the amount of $_____. This amount shall be paid in accordance with the terms of the Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the settlement and their request for attorneys' fees, costs, and expenses finds the award of attorneys' fees, costs, and expenses appropriate and reasonable for the following reasons: First, the Court finds that the settlement provides substantial benefits to the Class. Second, the Court finds that the attorney's fees and expenses are fair and reasonable in light of

the work performed by Class Counsel; it reflects a "negative multiplier" as it is less than the time and expenses that Class Counsel actually spent working on this case; and, pursuant to 12 U.S.C. 2605(f)(3), it is paid in addition to and separate and apart from any actual and statutory damages that are awarded to the Class Members. Third, The Court concludes that the settlement was negotiated at arms' length and without collusion.

16. The Court further approves an incentive award in the amount of $_____ for Plaintiff and specifically finds such amount to be reasonable in light of the services performed by Plaintiff on behalf of the Class. Plaintiff participated in written discovery and gave a deposition in this case. Plaintiff also personally appeared and participated in both mediation sessions with Magistrate Judge Greenberg. The incentive award shall be paid in accordance with the terms of the Agreement.

17. The Court approves the procedure for handling uncashed/unclaimed checks as set forth in the Agreement, including the payment to the *cy pres* recipient, the Legal Aid Society of Cleveland.

18. The Court approves the payment of administration costs and expenses from the Settlement Fund as set forth in the Agreement.

19. The Court will enter a judgment dismissing all claims of the Class Members through separate entry.

IT IS SO ORDERED this \_\_\_ day of _____, 2018.


_____
HONORABLE PATRICIA A. GAUGHAN
UNITED STATES DISTRICT COURT JUDGE
NORTHERN DISTRICT OF OHIO,
EASTERN DIVISION

*EXHIBIT 4 — [Proposed] Judgment*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **RACHEL LIEBER, individually, and on behalf of all others similarly situated,** | ) ) ) | **Case No. 1:16-cv-02868** |
| | ) | **Judge Patricia A. Gaughan** |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | |
| **WELLS FARGO BANK, N.A.,** | ) ) | |
| | ) | **[PROPOSED] JUDGMENT** |
| **Defendant.** | ) | |

On _____, 2018, the Court issued the Final Approval Order pursuant to which the Court finally approved the class action Settlement Agreement and Release ("Agreement"), found that the Agreement was fair, just, equitable, reasonable, adequate, and in the best interests of the Class, and directed the parties to consummate the Agreement in accordance with its terms.

The case is before the Court to enter a judgment ("Judgment"). Accordingly, it is

**ORDERED, ADJUDGED, AND DECREED** as follows:

1.     The Agreement, including its definitions, are incorporated by reference in this Order.

2.     This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Class certified for settlement purposes in the Final Approval Order:

> Persons who: (i) are on the Notice List; (ii) were Borrowers on a Federally Related Mortgage Loan during the Class Period; (iii) sent a writing (that was not a payment coupon) to Wells Fargo at the Designated Address requesting information about or asserting an error concerning that Federally Related Mortgage Loan; and (iv) to whom neither Wells Fargo nor its counsel provided all of the requested information or corrected the error within the time provided by 12 U.S.C. § 2605(e).

3.     The Court finds and concludes that the Class Notice and claims submission procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Class as contemplated in the Agreement and this Order.

4.     The Court finds that all persons who did not properly exclude themselves are bound by the Agreement and this Judgment.

5.     The Court dismisses the Action and the claims of the Class Members with prejudice and without costs to any party, except as expressly provided for in the Agreement.

6.     Class Members and any person acting or purportedly acting on behalf of any Class Member are permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class, or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Order, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

7.     The Clerk of the Court is directed to enter final judgment pursuant to Rule 58.

8.     The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuate, and enforcement of the Agreement.

IT IS SO ORDERED this ___ day of _____, 2018.


_____
HONORABLE PATRICIA A. GAUGHAN

UNITED STATES DISTRICT COURT JUDGE
NORTHERN DISTRICT OF OHIO,
EASTERN DIVISION

*EXHIBIT 5 — [Proposed] Preliminary Approval Order*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **RACHEL LIEBER, individually, and on behalf of all others similarly situated,** | ) | **Case No. 1:16-cv-02868** |
| | ) | |
| | ) | **Judge Patricia A. Gaughan** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WELLS FARGO BANK, N.A.,** | ) | |
| | ) | **[PROPOSED] ORDER** |
| **Defendant.** | ) | **PRELIMINARILY APPROVING** |
| | ) | **SETTLEMENT AND PROVIDING FOR** |
| | ) | **NOTICE** |

On November 20, 2017, Plaintiff Rachel Lieber on behalf of herself and the Class (as defined below), and Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, "the Parties") entered into a class action Settlement Agreement and Release ("Agreement") which is subject to review by this Court. The Agreement sets forth the proposed terms and conditions for the settlement of this Action. The Parties have consented to the entry of this Order.

The Court has considered the Agreement and the accompanying documents and it is hereby preliminarily approved. All capitalized terms used having the meanings defined in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED, this __ day of December, 2017 that:

1.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the settlement only, the Court finds that the class ("Class") is composed of each Person who: (i) is on the Notice List; (ii) was a Borrower on a Federally Related Mortgage Loan during the Class Period; (iii) sent a writing (that was not a payment coupon) to Wells Fargo at the Designated Address requesting information about or asserting an error concerning that Federally

Related Mortgage Loan; and (iv) to whom neither Wells Fargo nor its counsel provided all of the requested information or corrected the error within the time provided by 12 U.S.C. 2605(e). Excluded from the Class are those Persons who timely and validly request exclusion from the Class, the judge to whom this case is assigned and the judge's immediate family members. The Court finds that this definition satisfactorily defines the Class and approves this definition.

2.     The Court preliminarily finds that: (i) the members of the Class are so numerous that joinder of all Class Members in the Action would be impracticable, as there are several hundred or more potential Class Members; (ii) there are questions of law and fact common to the Class that predominate over individual questions, such as whether Wells Fargo had a uniform policy of failing to provide requested information to Borrowers who were in active litigation in violation of RESPA; (iii) the claim of Plaintiff is typical of the claims of the Class, as Wells Fargo did not provide requested information to Plaintiff in response to Plaintiff's request for information, and asserted that she was in an active foreclosure proceeding; (iv) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Class, as Plaintiff has participated in this case, including giving a deposition, and Class Counsel competently prosecuted this matter; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering the interests of the Class Members in individually controlling the prosecution of separate actions, the extent and nature of any litigation concerning the controversy already commenced by Class Members, the desirability or undesirability of continuing the litigation of these claims in this particular forum, and the difficulties likely to be encountered in the management of a class action.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, solely for purposes of effectuating the settlement and for no other purpose, Plaintiff

Rachel Lieber as the representative of the Class, and appoints Marc Dann and Brian Flick of The

Dann Law Firm Co., LPA, and Thomas A. Zimmerman, Jr. of  Zimmerman Law Offices, P.C.,

as Co-Lead Class Counsel, with the Court finding that Plaintiff and Class Counsel have fairly

and adequately represented the Class.

4.     The Court preliminarily finds that:

a.     the proposed settlement resulted from informed, extensive arms'-length

negotiations, including two days of mediation under the direction of a very experienced

mediator, the Honorable Magistrate Judge Jonathan D. Greenberg, U.S. District Court for the

Southern District of Ohio;

b.     Class Counsel has concluded that the proposed settlement is fair,

reasonable, and adequate; and

c.     the proposed settlement is sufficiently fair, reasonable, and adequate to

warrant sending notice of the settlement to the Class.

5.     A hearing ("Final Approval Hearing") is scheduled to be held before the Court on

_____, __, 201_, at ___:___ a.m./p.m. at the United States District Court for the

Northern District of Ohio, Eastern Division, Carl B. Stokes United States Courthouse, 801 West

Superior Avenue, Courtroom 19B, Cleveland, Ohio 44113-1847, for the following purposes:

a.     to make a final determination as to whether the proposed settlement is fair,

reasonable, and adequate, and should be approved by the Court;

b.     to make a final determination as to whether the Judgment as provided

under the Agreement should be entered, dismissing the First Amended Class Action Complaint

filed in the Action on the merits and with prejudice;

c.    to make a final determination as to whether the proposed distribution of the proceeds of the settlement is fair and reasonable, and should be approved by the Court;

d.    to consider Class Counsels' application for an award of attorneys' fees and expenses;

e.    to consider Plaintiff's request for an incentive award for the time and effort expended in prosecuting the Action on behalf of the Class;

f.    to determine whether an order should be entered permanently barring and enjoining Plaintiff and all Class Members from instituting, commencing, maintaining, or prosecuting, either directly, indirectly, or in a representative capacity, any action in any court or tribunal asserting any Released Claims against any of the Released Parties; and

g.    to rule upon such other matters as the Court may deem appropriate.

6.    The Court reserves the right to approve the settlement with or without modification and with or without further notice to the Class and may adjourn the Final Approval Hearing without further notice to the Class.

7.    The Court approves the appointment of Epiq Systems, Inc. as the Settlement Administrator ("Administrator").

8.    The Court approves the form, substance, and requirements of the Claim Form and the Notice of Pendency of Class Action and Proposed Settlement ("Class Notice"), attached to the Agreement as Exhibits 1 and 2, respectively.

a.    The Administrator shall cause the Claim Form and Class Notice, substantially in the forms attached to the Agreement as Exhibits 1 and 2, respectively, to be mailed, by first class mail, postage prepaid, within forty-five (45) days of this Order, to all Class Members.

b.     The form and content of the Class Notice and Claim Form, and the method set forth herein for notifying the Class Members of the settlement and its terms and conditions, meet the requirements of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

c.     Within twenty-one (21) days after the Class Notice is disseminated by the Administrator, Wells Fargo shall pay to Epiq as the Administrator the costs of sending the Class Notice and Claim Form to persons on the Notice List as provided in the Agreement, and the estimated costs of administration through the Final Approval Hearing.

9.     To be entitled to participate in the distribution of the Settlement Pool, Class Members will be required to submit a Claim Form. Class Members shall take the following actions and be subject to the following conditions:

a.     A properly completed and executed Claim Form must be submitted to the Administrator, at the Post Office box indicated in the Notice and Claim Form, not later than May ___, 2018. Any Class Member who does not timely submit a Claim Form shall be barred from sharing in the distribution of the proceeds of the Settlement Pool, unless otherwise ordered by the Court, but shall nevertheless be bound by any Judgment entered by the Court.

b.     Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Class Notice.

c.      Each Claim Form must be submitted by a person who: (i) is a Class Member; (ii) has not opted-out of the settlement; (iii) is not deemed ineligible under any other provision of the Agreement; and (iv) meets other criteria as set forth in the Agreement.

d.      The Claim Form submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraphs; (ii) each Class Member must fully complete all portions of the Claim Form designated as "required" and must sign the Claim Form; and (iii) each Claim Form must state the proper party to receive the payment from the Settlement Pool.

10.     Class Members shall be bound by the Agreement and all determinations and judgments in this Action concerning the settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall, no later than forty-five (45) days after the Class Notice is mailed to the Persons on the Notice List, mail a request for exclusion in written form by first class mail postmarked to the address designated in the Class Notice. Such request for exclusion shall: (i) be signed by the Person(s) requesting exclusion; (ii) include the full name and address of the Person(s) requesting exclusion; (iii) be timely postmarked and mailed to the address designated in the Class Notice; and (iv) include the following statement: "I/we request to be excluded from the proposed class settlement in *Rachel Lieber v. Wells Fargo Bank, N.A.*, Case No. 1:16-cv-02868-PAG (United States District Court for the Northern District of Ohio)." The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Members

requesting exclusion from the Class shall not be entitled to receive any payment out of the Settlement Pool as described in the Agreement and Class Notice.

11.     The Court will consider comments and/or objections to the settlement, the plan of distribution of the Settlement Pool, Plaintiff's request for an incentive award, and/or the award of attorneys' fees and reimbursement of expenses to Class Counsel only if such comments or objections and any supporting papers are filed in writing with the Clerk of Court, United States District Court, Northern District of Ohio, Eastern Division, Carl B. Stokes U.S. Courthouse, 801 West Superior Avenue, Cleveland, Ohio 44113, within forty-five (45) days after the date the Class Notice is mailed to the Persons on the Notice List. The objection must also be mailed to each of the following, postmarked by the last day to file the objection: (i) Class Counsel: Marc E. Dann, The Dann Law Firm, P.O. Box 6031040, Cleveland, Ohio 44103, and Thomas A. Zimmerman, Jr., Zimmerman Law Offices, P.C., 77 W. Washington Street, Suite 1220, Chicago, Illinois 60602; and (ii) counsel for Wells Fargo: Scott A. King, Thompson Hine LLP, Austin Landing I, 10050 Innovation Drive, Suite 400, Dayton, Ohio 45342-4934. An objection must  be signed and must include: (i) the Person's name and current address; (ii) a statement that he/she is/was a Borrower on a Federally Related Mortgage Loan (the Borrower will also be required to provide the loan number upon request); (iii) the address of the Residence that was the subject of that Federally Related Mortgage Loan; (iv) the identification of the writing the Person sent to Wells Fargo at the Designated Address requesting information about or asserting an error concerning that Federally Related Mortgage Loan; (v) a statement that neither Wells Fargo nor its counsel provided all of the requested information or corrected the error within the time period provided by 12 U.S.C. 2605(e); (vi) the specific grounds for the objection and the reasons why such individual desires to appear and be heard; and (vii) all documents or writings that such

individual desires the Court to consider. Any Class Member who objects and who wishes to appear in person at the Final Approval Hearing must, along with the required written objection to be filed with the Court and served on Class Counsel and counsel for Wells Fargo, also provide a written notice stating her/his intention to appear. Any Class Member who fails to object in accordance with the foregoing shall be deemed to have waived his or her objections and be forever barred from making any objections in the Action. The Court will not consider and will not hear objections that are not timely and in compliance with these requirements.

12.     An application by Class Counsel for attorneys' fees and expenses and the request of Plaintiff for an incentive award shall be filed no later than fourteen (14) days prior to the deadline to object or opt-out of the settlement.

13.     All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the Agreement. Pending final determination of whether the settlement should be approved. Plaintiff, all Class Members, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain, or prosecute, and are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting, any action in any court or tribunal that asserts Released Claims against any Released Parties.

14.     If any specified condition to the settlement set forth in the Agreement is not satisfied and Class Counsel or Wells Fargo elect to terminate the Agreement, or if the settlement is not finally approved or otherwise fails to become effective for any reason, then, in any such event, the Agreement, including any amendment(s) thereto, and this Order Preliminarily Approving Settlement and Providing for Notice, shall be null and void, of no further force and effect, and without prejudice to any party, and may not be introduced as evidence or referred to

in any action or proceedings by any person or entity for any purpose, and each party shall be deemed to have reverted to their respective status in the Action as of November 2, 2017, and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if the Agreement and any related orders had not been entered, and any portion of the Settlement Fund previously paid by or on behalf of Wells Fargo, less costs of administration and notice actually incurred and paid or payable from the Settlement Fund shall be returned to Wells Fargo within ten (10) days from the date of the event causing such termination.

15.    The Court may adjourn or continue the Final Approval Hearing without further written notice.

16.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the settlement.

Dated: _____, 2017    _____
HONORABLE PATRICIA A. GAUGHAN
UNITED STATES DISTRICT COURT JUDGE
NORTHERN DISTRICT OF OHIO,
EASTERN DIVISION