**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **RACHEL LIEBER, individually, and on behalf of all others similarly situated,** | ) | **Case No. 1:16-cv-02868** |
| | ) | |
| | ) | **Judge Patricia A. Gaughan** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WELLS FARGO BANK, N.A.,** | ) | |
| | ) | **ORDER PRELIMINARILY** |
| **Defendant.** | ) | **APPROVING SETTLEMENT AND** |
| | ) | **PROVIDING FOR NOTICE** |
| | ) | |

On November 20, 2017, Plaintiff Rachel Lieber on behalf of herself and the Class (as defined below), and Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, "the Parties") entered into a class action Settlement Agreement and Release ("Agreement") which is subject to review by this Court. The Agreement sets forth the proposed terms and conditions for the settlement of this Action. The Parties have consented to the entry of this Order.

The Court has considered the Agreement and the accompanying documents and it is hereby preliminarily approved. All capitalized terms used having the meanings defined in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED, this _5th_ day of December, 2017 that:

1.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the settlement only, the Court finds that the class ("Class") is composed of each Person who: (i) is on the Notice List; (ii) was a Borrower on a Federally Related Mortgage Loan during the Class Period; (iii) sent a writing (that was not a payment coupon) to Wells Fargo at the

Designated Address requesting information about or asserting an error concerning that Federally Related Mortgage Loan; and (iv) to whom neither Wells Fargo nor its counsel provided all of the requested information or corrected the error within the time provided by 12 U.S.C. 2605(e). Excluded from the Class are those Persons who timely and validly request exclusion from the Class, the judge to whom this case is assigned and the judge's immediate family members. The Court finds that this definition satisfactorily defines the Class and approves this definition.

2.      The Court preliminarily finds that: (i) the members of the Class are so numerous that joinder of all Class Members in the Action would be impracticable, as there are several hundred or more potential Class Members; (ii) there are questions of law and fact common to the Class that predominate over individual questions, such as whether Wells Fargo had a uniform policy of failing to provide requested information to Borrowers who were in active litigation in violation of RESPA; (iii) the claim of Plaintiff is typical of the claims of the Class, as Wells Fargo did not provide requested information to Plaintiff in response to Plaintiff's request for information, and asserted that she was in an active foreclosure proceeding; (iv) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Class, as Plaintiff has participated in this case, including giving a deposition, and Class Counsel competently prosecuted this matter; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering the interests of the Class Members in individually controlling the prosecution of separate actions, the extent and nature of any litigation concerning the controversy already commenced by Class Members, the desirability or undesirability of continuing the litigation of these claims in this particular forum, and the difficulties likely to be encountered in the management of a class action.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, solely for purposes of effectuating the settlement and for no other purpose, Plaintiff Rachel Lieber as the representative of the Class, and appoints Marc Dann and Brian Flick of The Dann Law Firm Co., LPA, and Thomas A. Zimmerman, Jr. of  Zimmerman Law Offices, P.C., as Co-Lead Class Counsel, with the Court finding that Plaintiff and Class Counsel have fairly and adequately represented the Class.

4.      The Court preliminarily finds that:

a.      the proposed settlement resulted from informed, extensive arms'-length negotiations, including two days of mediation under the direction of a very experienced mediator, the Honorable Magistrate Judge Jonathan D. Greenberg, U.S. District Court for the Southern District of Ohio;

b.      Class Counsel has concluded that the proposed settlement is fair, reasonable, and adequate; and

c.      the proposed settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the settlement to the Class.

5.      A hearing ("Final Approval Hearing") is scheduled to be held before the Court on _____April_____, __26, 2018, at __9__:_00 a.m. at the United States District Court for the Northern District of Ohio, Eastern Division, Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Courtroom 19B, Cleveland, Ohio 44113-1847, for the following purposes:      a.      to make a final determination as to whether the proposed settlement is fair, reasonable, and adequate, and should be approved by the Court;

3

        b.      to make a final determination as to whether the Judgment as provided under the Agreement should be entered, dismissing the First Amended Class Action Complaint filed in the Action on the merits and with prejudice;

        c.      to make a final determination as to whether the proposed distribution of the proceeds of the settlement is fair and reasonable, and should be approved by the Court;

        d.      to consider Class Counsels' application for an award of attorneys' fees and expenses;

        e.      to consider Plaintiff's request for an incentive award for the time and effort expended in prosecuting the Action on behalf of the Class;

        f.      to determine whether an order should be entered permanently barring and enjoining Plaintiff and all Class Members from instituting, commencing, maintaining, or prosecuting, either directly, indirectly, or in a representative capacity, any action in any court or tribunal asserting any Released Claims against any of the Released Parties; and

        g.      to rule upon such other matters as the Court may deem appropriate.

6.      The Court reserves the right to approve the settlement with or without modification and with or without further notice to the Class and may adjourn the Final Approval Hearing without further notice to the Class.

7.      The Court approves the appointment of Epiq Systems, Inc. as the Settlement Administrator ("Administrator").

8.      The Court approves the form, substance, and requirements of the Claim Form and the Notice of Pendency of Class Action and Proposed Settlement ("Class Notice"), attached to the Agreement as Exhibits 1 and 2, respectively.

a.      The Administrator shall cause the Claim Form and Class Notice, substantially in the forms attached to the Agreement as Exhibits 1 and 2, respectively, to be mailed, by first class mail, postage prepaid, within forty-five (45) days of this Order, to all Class Members.

b.      The form and content of the Class Notice and Claim Form, and the method set forth herein for notifying the Class Members of the settlement and its terms and conditions, meet the requirements of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

c.      Within twenty-one (21) days after the Class Notice is disseminated by the Administrator, Wells Fargo shall pay to Epiq as the Administrator the costs of sending the Class Notice and Claim Form to persons on the Notice List as provided in the Agreement, and the estimated costs of administration through the Final Approval Hearing.

9.      To be entitled to participate in the distribution of the Settlement Pool, Class Members will be required to submit a Claim Form. Class Members shall take the following actions and be subject to the following conditions:

a.      A properly completed and executed Claim Form must be submitted to the Administrator, at the Post Office box indicated in the Notice and Claim Form, not later than June _10_ , 2018. Any Class Member who does not timely submit a Claim Form shall be barred from sharing in the distribution of the proceeds of the Settlement Pool, unless otherwise ordered by the Court, but shall nevertheless be bound by any Judgment entered by the Court.

b.      Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid). Any Claim

Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Class Notice.

c.      Each Claim Form must be submitted by a person who: (i) is a Class Member; (ii) has not opted-out of the settlement; (iii) is not deemed ineligible under any other provision of the Agreement; and (iv) meets other criteria as set forth in the Agreement.

d.      The Claim Form submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraphs; (ii) each Class Member must fully complete all portions of the Claim Form designated as "required" and must sign the Claim Form; and (iii) each Claim Form must state the proper party to receive the payment from the Settlement Pool.

10.      Class Members shall be bound by the Agreement and all determinations and judgments in this Action concerning the settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall, no later than forty-five (45) days after the Class Notice is mailed to the Persons on the Notice List, mail a request for exclusion in written form by first class mail postmarked to the address designated in the Class Notice. Such request for exclusion shall: (i) be signed by the Person(s) requesting exclusion; (ii) include the full name and address of the Person(s) requesting exclusion; (iii) be timely postmarked and mailed to the address designated in the Class Notice; and (iv) include the following statement: "I/we request to be excluded from the proposed class settlement in *Rachel Lieber v. Wells Fargo Bank, N.A.*, Case No. 1:16-cv-02868-PAG (United States District Court for the Northern District of Ohio)." The request for

6

exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Settlement Pool as described in the Agreement and Class Notice.

11.     The Court will consider comments and/or objections to the settlement, the plan of distribution of the Settlement Pool, Plaintiff's request for an incentive award, and/or the award of attorneys' fees and reimbursement of expenses to Class Counsel only if such comments or objections and any supporting papers are filed in writing with the Clerk of Court, United States District Court, Northern District of Ohio, Eastern Division, Carl B. Stokes U.S. Courthouse, 801 West Superior Avenue, Cleveland, Ohio 44113, within forty-five (45) days after the date the Class Notice is mailed to the Persons on the Notice List. The objection must also be mailed to each of the following, postmarked by the last day to file the objection: (i) Class Counsel: Marc E. Dann, The Dann Law Firm, P.O. Box 6031040, Cleveland, Ohio 44103, and Thomas A. Zimmerman, Jr., Zimmerman Law Offices, P.C., 77 W. Washington Street, Suite 1220, Chicago, Illinois 60602; and (ii) counsel for Wells Fargo: Scott A. King, Thompson Hine LLP, Austin Landing I, 10050 Innovation Drive, Suite 400, Dayton, Ohio 45342-4934. An objection must  be signed and must include: (i) the Person's name and current address; (ii) a statement that he/she is/was a Borrower on a Federally Related Mortgage Loan (the Borrower will also be required to provide the loan number upon request); (iii) the address of the Residence that was the subject of that Federally Related Mortgage Loan; (iv) the identification of the writing the Person sent to Wells Fargo at the Designated Address requesting information about or asserting an error concerning that Federally Related Mortgage Loan; (v) a statement that neither Wells Fargo nor its counsel provided all of the requested information or corrected the error within the time period

provided by 12 U.S.C. 2605(e); (vi) the specific grounds for the objection and the reasons why such individual desires to appear and be heard; and (vii) all documents or writings that such individual desires the Court to consider. Any Class Member who objects and who wishes to appear in person at the Final Approval Hearing must, along with the required written objection to be filed with the Court and served on Class Counsel and counsel for Wells Fargo, also provide a written notice stating her/his intention to appear. Any Class Member who fails to object in accordance with the foregoing shall be deemed to have waived his or her objections and be forever barred from making any objections in the Action. The Court will not consider and will not hear objections that are not timely and in compliance with these requirements.

12.     An application by Class Counsel for attorneys' fees and expenses and the request of Plaintiff for an incentive award shall be filed no later than fourteen (14) days prior to the deadline to object or opt-out of the settlement.

13.     All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the Agreement. Pending final determination of whether the settlement should be approved. Plaintiff, all Class Members, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain, or prosecute, and are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting, any action in any court or tribunal that asserts Released Claims against any Released Parties.

14.     If any specified condition to the settlement set forth in the Agreement is not satisfied and Class Counsel or Wells Fargo elect to terminate the Agreement, or if the settlement is not finally approved or otherwise fails to become effective for any reason, then, in any such event, the Agreement, including any amendment(s) thereto, and this Order Preliminarily

8

Approving Settlement and Providing for Notice, shall be null and void, of no further force and effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity for any purpose, and each party shall be deemed to have reverted to their respective status in the Action as of November 2, 2017, and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if the Agreement and any related orders had not been entered, and any portion of the Settlement Fund previously paid by or on behalf of Wells Fargo, less costs of administration and notice actually incurred and paid or payable from the Settlement Fund shall be returned to Wells Fargo within ten (10) days from the date of the event causing such termination.

15.     The Court may adjourn or continue the Final Approval Hearing without further written notice.

16.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the settlement.

Dated:  _____December 5_____, 2017      /s/ Patricia A. Gaughan_____
                                                                    HONORABLE PATRICIA A. GAUGHAN
                                                                    UNITED STATES DISTRICT COURT JUDGE
                                                                    NORTHERN DISTRICT OF OHIO,
                                                                    EASTERN DIVISION