# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **RACHEL LIEBER, individually, and on behalf of all others similarly situated,** | Case No. 1:16-cv-02868 |
| **Plaintiff,** | Judge Patricia A. Gaughan |
| v. | |
| **WELLS FARGO BANK, N.A.,** | **FINAL APPROVAL ORDER** |
| **Defendant.** | |

The case is before the Court on Plaintiff's Motion for Final Approval of the Class Action Settlement ("Motion"). The Court finds that Settlement Agreement and Release dated November 20, 2017, including its exhibits ("Agreement"), should be finally approved, and that all claims in and this action ("Action") should be dismissed.

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

1. The Agreement, including its definitions, are incorporated by reference in this Order.

2. On December 5, 2017, the Court entered an Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order"). The terms of the Preliminary Approval Order are also incorporated by reference in this Order.

3. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Class certified for settlement purposes in the Preliminary Approval Order:

> Persons who: (i) are on the Notice List; (ii) were Borrowers on a Federally Related Mortgage Loan during the Class Period; (iii) sent a writing (that was not a payment coupon) to Wells Fargo at the Designated Address requesting information about or asserting an error concerning that Federally Related Mortgage Loan; and (iv) to whom neither Wells Fargo nor its counsel provided all of the requested information or corrected the error within the time provided by 12 U.S.C. § 2605(e).

4. The Court finds that the Agreement is the product of arms'-length settlement negotiations between Plaintiff, Class Counsel, and Wells Fargo. The settlement was facilitated by the Honorable Magistrate Judge Jonathan D. Greenberg, U.S. District Court for the Southern District of Ohio, a very experienced Magistrate Judge and mediator. The Court does not find any evidence of collusion.

5. On April 25, 2018, the Court held a Final Approval Hearing on the Motion. Notice of the Final Approval Hearing was given in accordance with the Court's Preliminary Approval Order. At the Final Approval Hearing, the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Agreement.

6. The Court finds that all persons listed in <u>Exhibit A</u> to this Order have properly excluded themselves from this settlement and are therefore not Class Members for purposes of this Order.

7. The Court has read and considered the papers filed in support of the Motion, including the Agreement and its exhibits, memoranda and arguments submitted on behalf of the Class and Wells Fargo. The Court has also read and considered the two objections to the settlement, and the papers filed in response to the objections. The Court finally approves the Agreement and the settlement contemplated therein, and overrules the two objections, with the Court finding that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and the Court directs consummation of the settlement pursuant to the Agreement's terms and conditions.  Each Class Member is bound by the Agreement.

8. The Court finds that the Class Members have been fairly and adequately represented by Plaintiff and Class Counsel.  The preliminary appointment of Rachel Lieber as the representative of the Class, and Marc Dann and Brian Flick of The Dann Law Firm Co., LPA, and Thomas A.

Zimmerman, Jr. of Zimmerman Law Offices, P.C., as Co-Lead Class Counsel, are hereby confirmed. The Class Representative has fairly and adequately represented the interests of the Class. Class Counsel is experienced in complex class litigation and have fairly and adequately represented the interests of the Class.

9. The Court finally approves the Agreement as presented and without any modification. The Agreement may only be modified in writing after agreement by the Parties.

10. Plaintiff and all Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims. Additionally, any rights of Plaintiff and each Class Member to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

11. The Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with the Agreement, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, regulation, or principle of common law or equity, of any liability or wrongdoing, by Wells Fargo, or of the truth of any of the claims asserted by Plaintiff in the Action, and evidence relating to the Agreement shall not be used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms of the Agreement, the Preliminary Approval Order, and/or this Order.

12. If for any reason the settlement terminates, then certification of the Class shall be deemed vacated. In such an event, the certification of the Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the settlement had never been reached or proposed to the Court.

13. If any provision of the settlement or this Order is asserted by Wells Fargo as a defense in whole or in part (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Class Member or any person acting or purported acting on behalf of a Class Member, that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or inconvenient forum. These provisions are necessary to protect the Agreement, this Order, and this Court's authority to effectuate the settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

14. The Court approves payment to the Class Members from the Settlement Fund as set forth in the Agreement.

15. The Court approves payment of attorneys' fees and expenses to Class Counsel in the amount of $210,000. This amount shall be paid in accordance with the terms of the Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the settlement and their request for attorneys' fees, costs, and expenses finds the award of attorneys' fees, costs, and expenses appropriate and reasonable for the following reasons: First, the Court finds that the settlement provides substantial benefits to the Class. Second, the Court finds that the attorney's fees and expenses are fair and reasonable in light of the work performed by Class Counsel; it reflects a "negative multiplier" as it is less than the time and expenses that Class Counsel actually spent working on this case; and, pursuant to 12 U.S.C. 2605(f)(3), it is paid in addition to and separate and apart from any actual and statutory damages that are awarded to the Class Members. Third, The Court concludes that the settlement was negotiated at arms' length and without collusion.

16. The Court further approves an incentive award in the amount of $7,500 for Plaintiff and specifically finds such amount to be reasonable in light of the services performed by Plaintiff on behalf of the Class. Plaintiff participated in written discovery and gave a deposition in this case. Plaintiff also personally appeared and participated in both mediation sessions with Magistrate Judge Greenberg. The incentive award shall be paid in accordance with the terms of the Agreement.

17. The Court approves the procedure for handling uncashed/unclaimed checks as set forth in the Agreement, including the payment to the *cy pres* recipient, the Legal Aid Society of Cleveland.

18. The Court approves the payment of administration costs and expenses from the Settlement Fund as set forth in the Agreement.

IT IS SO ORDERED this 25th day of April, 2018.

/s/ Patricia A. Gaughan
HONORABLE PATRICIA A. GAUGHAN
UNITED STATES DISTRICT COURT JUDGE
NORTHERN DISTRICT OF OHIO,
EASTERN DIVISION